Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

*Attorneys for Movant Ozlem Yetim*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JACOB W. CRAVEN, Individually on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION, PETER FARICY, GUTHRIE DUNDAS, and ELIZABETH EBY,<br><br>Defendants. | Case No. 3:23-cv-05544-RFL<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT OZLEM YETIM AS LEAD PLAINTIFF, AND APPROVE HIS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: Tuesday, January 30, 2024<br>Time: 10:00 a.m.<br>Courtroom: 15, 18th Floor<br>Judge:  Rita F. Lin<br><br>**ORAL ARGUMENT REQUESTED** |
| MATTHEW SIMPSON, Individually on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION, PETER FARICY, GUTHRIE DUNDAS, and ELIZABETH EBY,<br><br>Defendants. | Case No. 3:23-cv-06302-RFL |

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 3:23-cv-05544-RFL
011213-11/2410346 V1

## NOTICE OF MOTION AND MOTION

**TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995, codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2013), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), Ozlem Yetim ("Mr. Yetim" or "Movant") will and hereby does move the Honorable Judge Rita F. Lin, United States District Court, Northern District of California, San Francisco Division, Courtroom 15, 18th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, on Tuesday, January 30th, at 10:00 a.m., or as soon thereafter as the matter may be heard, for an order to consolidate these related cases ("Related Actions"), appoint him as Lead Plaintiff in the above-referenced action, and approve his selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel.

Mr. Yetim's motion is based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declaration of Lucas E. Gilmore in support of this motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

The portion of this motion to consolidate is made on the grounds that the Related Actions arise from the same operative facts, name identical defendants, and are appropriate for consolidation. Movant's motion for appointment as Lead Plaintiff is made on the grounds that Mr. Yetim believes that he is the most "adequate plaintiff" as defined in the Private Securities Litigation Reform Act of 1995 ("PSLRA") because he has the largest known financial interest in the relief sought by the Class and has incurred substantial losses as a result of his purchase and/or acquisition of shares of SunPower Corporation ("SunPower" or the "Company"). Further, Mr. Yetim satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

## RELIEF REQUESTED

As set forth above, Mr. Yetim requests that the Court appoint him as Lead Plaintiff in the Related Actions, and approve his selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel.

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the Related Actions, which involve common questions of law and fact, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.    Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.    Whether the Court should approve Movant's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the proposed class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### II.    PRELIMINARY STATEMENT

The Related Actions allege that senior executives of SunPower made false and misleading statements to investors who purchased or otherwise acquired the Company's securities in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by misrepresenting and omitting material facts concerning SunPower's internal control over financial reporting and the Company's reported cost of revenue and inventory metrics. Following disclosure of the senior executives' fraud, including through the Company's announcement that its previous financial statements could not be relied upon, the price of the Company's securities fell sharply, damaging Mr. Yetim and other investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Mr. Yetim, a New York-based investor who owns and operates a commercial real estate business, (*see* Declaration of Lucas E. Gilmore ("Gilmore Decl.") in Support of Motion to Consolidate Related Actions, Appoint Ozlem Yetim as Lead Plaintiff, and Approve His Selection of Lead Counsel, Exhibit ("Ex.") E at ¶2 (Movant's Declaration) filed concurrently herewith), incurred losses of $162,319.76 in connection with Class Period purchases of SunPower securities between March 9, 2023 and October 24, 2023, inclusive

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 3:23-cv-05544-RFL
011213-11/2410346 V1

(the "Class Period"), and therefore believes that he has the largest financial interest in the relief sought in this action. *See* Gilmore Decl., Exs. A at 2 and B.

Beyond his significant financial interest, Mr. Yetim also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Mr. Yetim has the ability and resources to manage the litigation and vigorously fulfill the Lead Plaintiff's duties and obligations to the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the consolidated litigation on behalf of the Class, Mr. Yetim has selected Hagens Berman as Lead Counsel for the Class. Hagens Berman is a nationally recognized class action firm with an established track record of obtaining class wide recoveries on behalf of defrauded investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in the consolidated litigation.

Accordingly, based on his significant financial interest and commitment to overseeing this litigation, Mr. Yetim respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selection of Hagens Berman as Lead Counsel.

### III.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Rule 42(a) affords the Court broad discretion to consolidate cases in this district. *Inv'r Res. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989) (noting that district court has broad discretion to consolidate cases pending in the same district). Consolidation is appropriate, where the actions involve common questions of law and fact, and consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

- 3 -

Fed. R. Civ. P. 42(a); *see also* Manual for Complex Litigation (Third), § 20.123 (1995); *Russo v. Finisar Corp. (Finisar)*, No. 5:11-cv-01252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues … should be consolidated"). Courts recognize that class action shareholder suits are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *Miami Police Relief & Pension Fund v. Fusion-io, Inc. (Fusion-io)*, No. 5:13-cv-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014); *see also City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. 3:04-cv-04362-MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources").

Here, the Related Actions present virtually identical factual and legal issues. Each action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, names the same Defendants, and stems from the same underlying operative facts and circumstances. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).

**B.    Movant Should Be Appointed Lead Plaintiff**

Under the PSLRA, the district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members … in accordance with this sub–paragraph." 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the plaintiff who: (1) has filed the complaint or timely brought the motion for appointment of lead counsel in response to the publication of notice; (2) has the "largest financial interest" in the relief sought by the class; and (3) otherwise satisfies the requirements of FRCP 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa)-(cc). The above presumption may be rebutted only upon proof that the

- 4 -

presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa)-(bb).

The PSLRA establishes a three-step inquiry for appointing a lead plaintiff. First, a plaintiff files the action and posts notice, allowing other Lead Plaintiff candidates to file motions. Second, the district court considers which of those plaintiffs has the largest financial interest in the action and whether that plaintiff meets the requirements of FRCP 23. Third, other candidates have the opportunity to rebut the presumption that the putative Lead Plaintiff can adequately represent the class. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 834-35 (N.D. Cal. 2019) (discussing three-step process for appointment of lead plaintiff).

### 1. Movant's motion meets the PSLRA's procedural requirements.

The action was filed on October 27, 2023. The timely notice of the pendency of the action was published on *Globe Newswire* on the same day, advising putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as Lead Plaintiff in the lawsuit. *See* Gilmore Decl., Ex. C. Thus, Movant satisfies the procedural requirements of the PSLRA by having timely filed this motion for appointment as lead plaintiff with the Court within sixty days of publication of the notice (*i.e.* on or before December 26, 2023) and submitting a PSLRA certification. *See* Gilmore Decl. Ex. A.

### 2. Movant has the largest financial interest in the relief sought by the Class and is therefore presumptively the most adequate plaintiff.

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Mr. Yetim suffered losses of $162,319.76 on his purchases of the Company's securities during the Class Period. *See* Gilmore Decl., Ex. B. Movant, therefore, has the largest known financial interest in this class action. *Thant v. Rain Oncology Inc.*, 2023 WL 7195802, at *2 (N.D. Cal. Nov. 1, 2023) (appointing movant with greatest financial loss as lead plaintiff); *Kim v. Advanced Micro Devices, Inc.*, 2018 WL 2866666, at *2 (N.D. Cal. June 11, 2018) (same).

- 5 -

**3.   Movant satisfies the requirements of Federal Rule of Civil Procedure 23.**

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act, as amended by the PSLRA, provide that the Lead Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23(a). At this stage of the litigation, courts focus only on the typicality and adequacy requirements of Rule 23. *In re Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.").

Here, the claims asserted by Movant are typical of the claims of the other members of the proposed class because Movant asserts that he: (1) purchased the Company's securities during the Class Period in reliance upon the Defendants' purported false and misleading statements; (2) was harmed by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result. Thus, Movant meets the typicality requirement of Rule 23 because his claims are the same as the claims of the other Class members. *See Advanced Micro Devices, Inc.*, 2018 WL 2866666, at *2 (holding that movants made the preliminary showing of typicality and adequacy since "Movants represent that their claims are typical of the members of the class and their interests are aligned with the proposed class.").

In addition, Movant will adequately represent the Class. Movant's interest is clearly aligned with the members of the Class because his claim is identical to the claims of the Class who made investments in the Company's securities. There is no evidence of antagonism between Movant's interest and those of proposed Class members. Furthermore, Movant has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. These motivations clearly show that Movant will adequately and vigorously pursue the interests of the Class. *See* Gilmore Decl., Ex. E. In addition, Movant has selected Hagens Berman as proposed Lead Counsel, a firm highly experienced in prosecuting securities class actions, to represent himself and the Class in this action. Hagens Berman has undertaken high-stakes complex securities, antitrust, and consumer litigation matters for several decades and pursues active litigation in federal courts. Gilmore Decl., Ex. D at 31-32.

- 6 -

In sum, because of Movant's common interest with Class members, his motivation and ability to pursue vigorously this action, and his selection of highly competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met. Furthermore, Movant meets the typicality and requirements of Rule 23(a), and has sustained the largest losses at the hands of the Defendants. Movant is, therefore, the most adequate plaintiff to lead this action in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Xu v. FibroGen, Inc.*, 2021 WL 3861454, at *9 (N.D. Cal. Aug. 30, 2021) (appointing lead plaintiff movant who sustained largest losses and satisfies the typicality and adequacy requirements).

## C.   The Court Should Approve Movant's Choice Of Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *accord In re Cavanaugh*, 306 F.3d at 734 n.14. "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct. for Northern Dist. of Cal.*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id*. at 712 (citations omitted). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Rain Oncology Inc*., 2023 WL 7195802, at *2 (approving movants' selection of counsel); *Advanced Micro Devices, Inc*., 2018 WL 2866666, at *2 (same).

Movant has selected Hagens Berman to serve as Lead Counsel for the Class. Hagens Berman has litigated complex securities fraud actions before this Court and has successfully prosecuted many other securities fraud class actions on behalf of injured investors. Gilmore Decl., Ex. D at 31-32. If this motion is granted, Hagens Berman will provide members of the Class with the highest caliber of representation available. Accordingly, the Court should approve Movant's selection of Lead Counsel.

## IV.   CONCLUSION

For all of the foregoing reasons, Mr. Yetim respectfully requests that this Court: (1) consolidate the Related Actions; (2) appoint him to serve as Lead Plaintiff in this action;

(3) approve his selection of Hagens Berman as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: December 26, 2023                    Respectfully submitted,

                                            HAGENS BERMAN SOBOL SHAPIRO LLP

                                            By: */s/ Lucas E. Gilmore*
                                                  Lucas E. Gilmore

                                            Reed R. Kathrein (139304)
                                            Lucas E. Gilmore (250893)
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            715 Hearst Avenue, Suite 300
                                            Berkeley, CA 94710
                                            Telephone: (510) 725-3000
                                            Facsimile:  (510) 725-3001
                                            Email: reed@hbsslaw.com
                                            Email: lucasg@hbsslaw.com

                                            *Lead Counsel for Movant Ozlem Yetim*

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 3:23-cv-05544-RFL
011213-11/2410346 V1