POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Bezeyem Lemou and Proposed Lead*
*Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JACOB W. CRAVEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNPOWER CORPORATION, PETER FARICY, GUTHRIE DUNDAS, and ELIZABETH EBY,<br><br>Defendants. | Case No.: 3:23-cv-05544-RFL<br><br>NOTICE OF MOTION AND MOTION OF BEZEYEM LEMOU FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date:  January 30, 2024<br>Time:  10:00 a.m.<br>Judge:  Hon. Rita F. Lin<br>Courtroom:  15 – 18th Floor |
| MATTHEW SIMPSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION, PETER FARICY, GUTHRIE DUNDAS, and ELIZABETH EBY,<br><br>Defendants. | Case No.: 3:23-cv-06302-RFL<br><br><u>CLASS ACTION</u> |

NOTICE OF MOTION AND MOTION OF BEZEYEM LEMOU FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:23-cv-05544-RFL; 3:23-cv-06302-RFL

# **TABLE OF CONTENTS**

NOTICE OF MOTION ............................................................................................................... 1

STATEMENT OF ISSUES ........................................................................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 2

    I.      PRELIMINARY STATEMENT ..................................................................... 2

    II.     STATEMENT OF FACTS ............................................................................. 3

    III.    ARGUMENT ................................................................................................. 4

         A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............... 4

         B.     LEMOU SHOULD BE APPOINTED LEAD PLAINTIFF ...................... 5

             1.     Lemou Is Willing to Serve as Class Representative ..................... 6

             2.     Lemou Has the "Largest Financial Interest" in the Related Actions ........................................................................................... 6

             3.     Lemou Otherwise Satisfies the Requirements of Rule 23 ............. 7

         C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......................................................................................... 9

    IV.   CONCLUSION............................................................................................. 10

NOTICE OF MOTION AND MOTION OF BEZEYEM LEMOU FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:23-cv-05544-RFL; 3:23-cv-06302-RFL

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ................................................................................................. 8

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................................. 8

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ................................................................................................... 7

*In re Solar City Corp. Sec. Litig.*,
    No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ................................... 8

*Klein v. Altria Group, Inc. et al.*,
    No. 3:20-cv-00075 (E.D. Va.) ............................................................................................... 10

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................................................. 7

*Lax v. First Merchants Acceptance Corp.*
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ..................................................... 6

*Mulligan v. Impax Lab'ys, Inc.*,
    No. C-13-1037 EMC, 2013 WL 3354420 (N.D. Cal. July 2, 2013) ........................................ 4

*Nicolow v. Hewlett Packard Co.*,
    No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ........................................... 7

*Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D.
    Cal. Apr. 26, 2001) ............................................................................................................... 9

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ............................. 4, 8

*Simpson v. SunPower Corporation et al.*,
    No. 3:23-cv-06302 (N.D. Cal.), Dkt. No. 1 ........................................................................... 2

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................................................. 9

**Statutes**

15 U.S.C. § 78u-4 ..........................................................................................................*passim*

NOTICE OF MOTION AND MOTION OF BEZEYEM LEMOU FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:23-cv-05544-RFL; 3:23-cv-06302-RFL

Private Securities Litigation Reform Act of 1995 ...............................................................*passim*

**Rules and Regulations**

17 C.R.F. § 240.10b-5.........................................................................................................5

Fed. R. Civ. P. 23 .............................................................................................................*passim*

Fed. R. Civ. P. 42 ........................................................................................................ 1, 2, 4, 5

**NOTICE OF MOTION**

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on January 30, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Rita F. Lin, in Courtroom 15, 18th Floor, United States Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Bezeyem Lemou ("Lemou") will and hereby does respectfully move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an Order: (1) consolidating the above-captioned related actions ("Related Actions"); (2) appointing Lemou as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities who purchased or otherwise acquired SunPower Corporation ("SunPower" or the "Company") securities between March 9, 2023 and October 24, 2023, inclusive (the "Class Period"); and (3) approving Lemou's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

This motion is made on the grounds that the Related Actions involve common questions of both law and fact, thus warranting their consolidation under Rule 42.  In addition, Lemou believes he is the most adequate plaintiff within the meaning of the PSLRA based on, *inter alia*, the significant losses that he incurred as a result of the fraud alleged in the Related Actions. Lemou also satisfies the applicable requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because his claims are typical of other Class members' claims and he will fairly and adequately represent the Class.  In addition, the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  Lemou's choice of counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously under Lemou's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

**STATEMENT OF ISSUES**

1.    Whether the Related Actions should be consolidated pursuant to Rule 42.

2.    Whether Lemou is the "most adequate plaintiff" pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

3.    Whether to approve Lemou's selection of Lead Counsel, Pomerantz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PRELIMINARY STATEMENT**

The Complaints in the Related Actions allege that that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  SunPower investors, including Lemou, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of SunPower's securities to fall sharply, damaging Lemou and other SunPower investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging Exchange Act violations by the same Defendants arising from substantially the same alleged fraud.  Thus, the Related Actions involve common questions of both law ***and*** fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Related Actions and that satisfies Rule 23's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, Lemou purchased 119,600 SunPower shares, expended $1,388,556 on these transactions, retained 119,237 of his SunPower shares as of the July 26, 2023 partial corrective disclosure (*see Simpson v. SunPower Corporation et al.*, No. 3:23-cv-06302 (N.D. Cal.), Dkt. No. 1 ¶¶ 3-4, 26-27), and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $368,460.  *See* Pafiti Decl., Exhibit ("Ex.") A at *2.  Accordingly, Lemou believes that he has the largest financial

NOTICE OF MOTION AND MOTION OF BEZEYEM LEMOU FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:23-cv-05544-RFL; 3:23-cv-06302-RFL

interest in the relief sought in the Related Actions.  Beyond his considerable financial interest, Lemou also satisfies Rule 23's applicable requirements because his claims are typical of absent Class members and he will fairly and adequately represent the Class's interests.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on the Class's behalf, Lemou has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions, as detailed in the firm's resume.

Accordingly, Lemou respectfully requests that the Court enter an order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, SunPower is a solar technology and energy services provider.

On July 26, 2023, SunPower issued a press release announcing the Company's preliminary unaudited Q2 2023 financial results.  Among other things, the Company reduced its guidance for adjusted EBITDA for the year.

On this news, the Company's share price fell $1.77 per share, or 15.78%, to close at $9.45 per share on July 26, 2023.

On October 24, 2023, after the market closed, SunPower filed a Form 8-K with the SEC (the "October 24 8-K") revealing a material weakness in its internal controls and the impending restatement of certain financial statements.  The October 24 8-K disclosed that investors should no longer rely upon the audited financial statements included in the Company's Form 10- K for the period ended January 1, 2023 (the "2022 10-K"), the unaudited financial statements included in the Company's Form 10-Q for the period ended April 2, 2023 (the "Q1 2023 10-Q"), the unaudited financial statements included in the Company's Form 10-Q for the period ended July 2, 2023 (the "Q2 2023 10-Q"), and any communications describing or based upon those financial

statements. The Company added that it planned to restate the 2022 10-K, the Q1 2023 10-Q, and the Q2 2023 10-Q. SunPower explained that it had overstated the value of consignment inventory of certain microinverter components, causing it to understate the associated cost of revenue. The October 24 8-K further revealed that consequently, SunPower's management had concluded that a material weakness existed in the Company's internal control over financial reporting.

On this news, the Company's share price fell $0.90 per share, or 18.1%, to close at $4.06 per share on October 25, 2023, on unusually high trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants misled investors by failing to disclose that: (1) due to a material weakness in its internal control over financial reporting, the Company had inaccurately reported cost of revenue and inventory metrics; (2) as a result of the foregoing, the Company was reasonably likely to incur significant charges to restate prior reporting; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III. ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Lab'ys, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *2-3 (N.D. Cal. July 2, 2013).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed."  15 U.S.C. § 78u-4(a)(3)(A)(ii).   As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder, by the same Defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

## B.     LEMOU SHOULD BE APPOINTED LEAD PLAINTIFF

Lemou should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Related Actions to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff.  *Id.* § 78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

5

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Lemou satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Lemou Is Willing to Serve as Class Representative

On October 27, 2023, counsel for plaintiff in the first-filed of the Related Actions caused the statutorily required Notice of that action to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action lawsuit had been filed on behalf of investors in SunPower securities, and which advised investors in SunPower securities that they had until December 26, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Pafiti Decl., Ex. B at *2.

Lemou has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C at *2-3.  Accordingly, Lemou satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Lemou Has the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Lemou has the largest financial interest of any SunPower investor or investor group seeking to serve as lead plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants*

*Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test[.]"); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest under the PSLRA.  *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4; *Knox*, 135 F. Supp. 3d. at 1163.

During the Class Period, Lemou: (1) purchased 119,600 SunPower shares; (2) expended $1,388,556 on his purchases of SunPower securities; (3) retained 119,237 of his SunPower shares as of the July 26, 2023 partial corrective disclosure; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $368,460 in connection with his transactions in SunPower securities.  *See* Pafiti Decl., Ex. A at *2.  To the extent that Lemou possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Lemou Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 WL 1129344, at *4 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Lemou's claims are typical of those of the Class. Lemou alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning SunPower, or by omitting to state material facts necessary to make the statements they did make not misleading. Lemou, like other Class members, purchased SunPower securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove SunPower's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel

have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Lemou is an adequate representative for the Class. Here, Lemou has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C at *2-3. There is no evidence of antagonism or conflict between Lemou's interests and those of the Class, and his significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, Lemou has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Lemou is also represented by the Portnoy Law firm in this litigation. Further demonstrating his adequacy, Lemou has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D at 1-4.

## C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Lemou has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed

in its firm resume submitted herewith.  *See* Pafiti Decl., Ex. E at 1-11.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel.  *See id.* at 1.  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  *See id* at 2.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al.*, No. 3:20-cv-00075 (E.D. Va.) in March 2022.  *See generally id.*

As a result of its extensive experience in litigation involving issues similar to those raised in these Related Actions, Lemou's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously.  Thus, the Court may be assured that by approving Lemou's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Lemou respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Lemou as Lead Plaintiff for the Class; and (3) approving Lemou's selection of Pomerantz as Lead Counsel for the Class.

Dated: December 26, 2023                Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

10

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Bezeyem Lemou*
*and Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiff Movant*
*Bezeyem Lemou*

11

**<u>PROOF OF SERVICE</u>**

I hereby certify that on December 26, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

12