# EXHIBIT A

**Yes, but IFill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known):* _____   Chapter   11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**06/24**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **SunPower Corporation** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | **SunPower Solar Corporation (Texas), Inc.; SPWR Solar Corporation; SPWR Solar; SPWR Energy** |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **94-3008969** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **880 Harbour Way South** | |
| Number        Street | Number        Street |
| **Suite 600** | |
| | P.O. Box |
| **Richmond**    **CA**    **94804** | |
| City        State    Zip Code | City        State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Contra Costa County** | **1464 Merrill Avenue** |
| County | Number        Street |
| | **Rialto**    **CA**    **92376** |
| | City        State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://us.sunpower.com/** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **SunPower Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2211**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | _____ | When | MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | MM/DD/YYYY | Case number | _____ |

| Debtor | **SunPower Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **District of Delaware** | When | **08/05/2024** |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | |
|---|---|
| Number | Street |
| City | State    Zip Code |

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency
Contact name
Phone

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | |
|---|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 | |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 | |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 | |
| ☐ 200-999 | | | |

---

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 3

| Debtor | **SunPower Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __08/05/2024__
            MM/ DD / YYYY

✗   _/s/ Matthew Henry_            **Matthew Henry**
     Signature of authorized representative of debtor      Printed name

Title    **Chief Transformation Officer**

**18. Signature of attorney**

✗   _/s/ Jason M. Madron_        Date    __08/05/2024__
     Signature of attorney for debtor              MM/DD/YYYY

   **Jason M. Madron**
   Printed name

   **Richards, Layton & Finger, P.A.**
   Firm name

   **920 North King Street**
   Number            Street

   **Wilmington**                  **Delaware**    **19801**
   City                                  State          ZIP Code

   **(302) 651-7700**                **madron@rlf.com**
   Contact phone                      Email address

   **4431**                                **Delaware**
   Bar number                       State

Official Form 201A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SUNPOWER CORPORATION, | ) Case No. 24-[_____] (___) |
| | ) |
| Debtor. | ) |
| | ) |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-34166**

2. The following financial data is the latest available information and refers to the debtor's condition on **12/31/2023**

   (a)  Total assets                                     $  **$1,219,276,283**

   (b)  Total debts (including debts listed in 2.c., below)  $  **$1,119,141,312**

   (c)  Debt securities held by more than 500 holders

Approximate number of holders:

| | secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

   (d)  Number of shares of preferred stock       **0**

   (e)  Number of shares of common stock     **175,361,088**

Comments, if any:

3. Brief description of debtor's business: **SunPower Corporation, together with its subsidiaries, is a leading solar technology and energy services provider.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**GIP III Sol Acquisition, LLC; TotalEnergies Renewables USA, LLC; Sol Holding, LLC; BlackRock, Inc.**

| Fill in this information to identify the case: | |
| --- | --- |
| United States Bankruptcy Court for the: | |
| **District of Delaware** | |
| (State) | |
| Case number *(if known):* _____   Chapter ___11___ | |

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of SunPower Corporation.

- SunPower Corporation
- Blue Raven Solar, LLC
- Blue Raven Solar Holdings, LLC
- BRS Field Ops, LLC
- Falcon Acquisition HoldCo, Inc.
- SunPower Capital Services, LLC
- SunPower Capital, LLC
- SunPower Corporation, Systems
- SunPower HoldCo, LLC
- SunPower North America, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CORPORATION, | ) | Case No. 24-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Sol Holding, LLC | 1201 Louisiana Street, Suite 1800 Houston, TX 77002 | 64.83% |
| BlackRock, Inc. | 55 East 52nd Street New York, NY 10055 | 11.9% as of January 23, 2024 |

---

[1]   This list reflects holders of five percent or more of SunPower Corporation's common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (C) Serve Certain Parties in Interest by Email, (D) Approve the Form and Manner of Service of the Notice of Commencement, and (E) Redact Certain Personally Identifiable Information of Natural Persons, (II) Waiving the Requirement to File a List of Equity Security Holders, and (III) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity holders.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNPOWER CORPORATION, | ) | Case No. 24-[_____] (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Sol Holding, LLC | 64.83% |
| BlackRock, Inc. | 11.9% as of January 23, 2024 |

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td colspan="2">Debtor Name SunPower Corporation, et al.</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: District of Delaware</td></tr>
<tr><td colspan="2">Case number (If known): _____</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ZYXEL COMMUNICATIONS, INC.<br>1130 N. MILLER STREET<br>ANAHEIM, CA 92806<br>UNITED STATES | ATTN: KARSTEN GEWECKE<br>TITLE: PRESIDENT<br>PHONE: 714-632-0882<br>EMAIL: KARSTENG@ZYXEL.COM | TRADE PAYABLE | | | | $ 15,445,139 |
| 2 | XIAMEN AMPACE TECHNOLOGY LIMITED<br>NO.600 HONGTANG ROAD<br>TONGXIANG HIGH-TECH ZONE, TORCH HIGH-TECH DISTRICT<br>XIAMEN CITY, FUJIAN PROVINCE,<br>CHINA | ATTN: JAMES LI<br>TITLE: GENERAL MANAGER<br>PHONE: 0592-3952222<br>EMAIL: | TRADE PAYABLE | | | | $ 6,451,200 |
| 3 | KUEHNE + NAGEL, INC.<br>10 EXCHANGE PLACE<br>19TH FLOOR<br>JERSEY CITY, NJ 07302<br>UNITED STATES | ATTN: STEFAN PAUL<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 201-413-5500<br>EMAIL: STEFAN.PAUL@KUEHNE-NAGEL.COM.<br>FAX: 201-413-5777 | TRADE PAYABLE | | | | $ 4,312,397 |
| 4 | ENPHASE ENERGY, INC.<br>47281 BAYSIDE PKWY<br>FREMONT, CA 94538<br>UNITED STATES | ATTN: BADRI KOTHANDARAMAN<br>TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 877-797-4743<br>EMAIL: | TRADE PAYABLE | UNLIQUIDATED | | | $ 3,996,197<br>+ UNDETERMINED AMOUNTS |
| 5 | ERNST & YOUNG U.S., LLP<br>1201 MAIN STREET, SUITE 2000<br>DALLAS, TX 75202<br>UNITED STATES | ATTN: JULIE BOLAND<br>TITLE: MANAGING PARTNER<br>PHONE: +44 20 7951 2000<br>EMAIL:<br>FAX: 212-773-6350 | TRADE PAYABLE | UNLIQUIDATED | | | $ 3,496,718<br>+ UNDETERMINED AMOUNTS |
| 6 | GOOGLE, INC.<br>1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043<br>UNITED STATES | ATTN: SUNDAR PICHAI<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 650-253-0000<br>EMAIL: SUNDAR@GOOGLE.COM<br>FAX: 780-433-3758 | TRADE PAYABLE | | | | $ 3,083,904 |
| 7 | LEONARD ROOFING, INC.<br>4704 N. SONORA AVENUE<br>FRESNO, CA 93722<br>UNITED STATES | ATTN: BRUCE LEONARD<br>TITLE: OWNER<br>PHONE: 951-506-3811<br>EMAIL: | TRADE PAYABLE | | | | $ 2,997,880 |
| 8 | AMAZON WEB SERVICES, INC.<br>410 TERRY AVENUE<br>SEATTLE, WA 98109<br>UNITED STATES | ATTN: MATT GARMAN<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE:<br>EMAIL: MATT.GARMAN@AMAZON.COM | TRADE PAYABLE | | | | $ 2,570,645 |
| 9 | CRAVATH, SWAINE & MOORE LLP<br>TWO MANHATTAN WEST<br>375 NINTH AVENUE<br>NEW YORK, NY 10001<br>UNITED STATES | ATTN: FAIZA J. SAEED<br>TITLE: SENIOR PARTNER<br>PHONE: 212-474-1000<br>EMAIL: FSAEED@CRAVATH.COM<br>FAX: 212-474-3700 | TRADE PAYABLE | | | | $ 2,496,991 |
| 10 | MAXEON SOLAR TECHNOLOGIES, LTD.<br>8 MARINA BOULEVARD NO.05-02<br>MARINA BAY FINANCIAL CENTRE<br>018981<br>SINGAPORE | ATTN: BILL MULLIGAN<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +65 69897979<br>EMAIL: BILL.MULLIGAN@MAXEON.COM | TRADE PAYABLE | | | | $ 2,033,751 |
| 11 | BEST PAYMENT SOLUTIONS, INC.<br>P.O. BOX 601058<br>SAN DIEGO, CA 92120<br>UNITED STATES | ATTN: GINA GENNETTE<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 800-371-6801<br>EMAIL: GINAG@BESTPAYMENT.SOLUTIONS | TRADE PAYABLE | | | | $ 1,812,799 |
| 12 | YAW, SCOTT & COSENTINO V. SUNPOWER CORPORATION, SYSTEMS<br>THE WAND LAW FIRM, P.C.<br>100 OCEANGATE, SUITE 1200<br>LONG BEACH, CA 90802<br>UNITED STATES | ATTN: AUBRY WAND<br>TITLE: PARTNER<br>PHONE: 310-590-4503<br>EMAIL: AWAND@WANDLAWFIRM.COM | LITIGATION | CONTINGENT | | | $ 1,800,000 |
| 13 | TOTALENERGIES AMERICAN SERVICES, INC.<br>1201 LOUISIANA ST, SUITE 1800<br>HOUSTON, TX 77002<br>UNITED STATES | ATTN: PATRICK POUYANNE<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 713-483-5000<br>EMAIL: PATRICK.POUYANNE@TOTALENERGIES.COM | TRADE PAYABLE | | | | $ 1,789,146 |
| 14 | ALUMINIO DE BAJA CALIFORNIA<br>CALLE MONFERRATO 6701, SAN ANTONIO DE LOS BUENOS<br>BAJA CALIFORNIA<br>TIJUANA, 22563<br>MEXICO | ATTN: WADIH KURI<br>TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 011 52 (664) 636-1452<br>EMAIL: WKURI@ABC-ALUMINUM.COM | TRADE PAYABLE | | | | $ 1,728,685 |

Debtor __SunPower Corporation, et al.,_____     Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | ALPLUS, INC.<br>6203 SAN IGNACIO AVE.<br>SUITE 110, PMB #1258<br>SAN JOSE, CA 95119<br>UNITED STATES | ATTN:<br>TITLE:<br>PHONE: 408-856-6424<br>EMAIL: | TRADE PAYABLE | | | | $ 1,697,188 |
| 16 | DALSIN INDUSTRIES, INC.<br>9111 GRAND AVENUE<br>SOUTH BLOOMINGTON, MN 55420<br>UNITED STATES | ATTN: TOM SCHMELING<br>TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 952-232-0158<br>EMAIL: TSCHMELING@DALSININD.COM<br>FAX: 952-881-2841 | TRADE PAYABLE | | | | $ 1,611,887 |
| 17 | OPTOMI, LLC<br>ONE GLENLAKE PKWY, SUITE 1250<br>ATLANTA, GA 30328<br>UNITED STATES | ATTN: CHUCK RUGGIERO<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 678-250-0820<br>EMAIL: | TRADE PAYABLE | | | | $ 1,488,676 |
| 18 | PRO CUSTOM SOLAR, LLC DBA MOMENTUM SOLAR<br>3096B HAMILTON BLVD.<br>SOUTH PLAINFIELD, NJ 07080<br>UNITED STATES | ATTN: ARTHUR SOURITZIDIS<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 732-902-6224<br>EMAIL: ASOURITZIDIS@MOMENTUMSOLAR.COM | TRADE PAYABLE | | | | $ 1,377,308 |
| 19 | LEGACY SOLAR, LLC<br>301 S. QUINCY STREET<br>TOWANDA, IL 61776<br>UNITED STATES | ATTN: LUKE LUGINBUHL<br>TITLE: OWNER<br>PHONE: 309-231-3138<br>EMAIL: LUKE@LEGACYSOLARPOWER.COM | TRADE PAYABLE | | | | $ 1,347,226 |
| 20 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602<br>UNITED STATES | ATTN: ERIC J. FRIEDMAN<br>TITLE: EXECUTIVE PARTNER<br>PHONE: 212-735-3000<br>EMAIL: ERIC.FRIEDMAN@SKADDEN.COM<br>FAX: 212-735-2000 | TRADE PAYABLE | | | | $ 1,333,244 |
| 21 | SST CONSTRUCTION, LLC DBA SUNSYSTEM TECHNOLOGY<br>2731 CITRUS RD, STE D<br>RANCHO CORDOVA, CA 95742<br>UNITED STATES | ATTN: KURTIS BRINK<br>TITLE: PRESIDENT<br>PHONE: 844-477-8787<br>EMAIL: KBRINK@SSTSOLAR.COM | TRADE PAYABLE | | | | $ 1,258,455 |
| 22 | KAMTECH RESTORATION CORP. DBA KAMTECH SOLAR SOLUTIONS<br>203 SHERIDAN BLVD<br>INWOOD, NY 11096<br>UNITED STATES | ATTN: KRZYSZTOF KAMISNKI<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 718-260-6586<br>EMAIL: KKAMINSKI@KAMTECHSOLAR.COM | TRADE PAYABLE | | | | $ 1,141,992 |
| 23 | SMA SOLAR TECHNOLOGY AMERICA, LLC<br>SONNNALLEE 1<br>NIESTETAL, 34266<br>GERMANY | ATTN: DR.-ING. JURGEN REINERT<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +49 561 95 22-0<br>EMAIL:<br>FAX: +49 561 95 22-100 | TRADE PAYABLE | | | | $ 1,124,003 |
| 24 | DELOITTE FINANCIAL ADVISORY SERVICES LLP<br>30 ROCKEFELLER PLAZA, 41ST FLOOR<br>NEW YORK, NY 10112-0115<br>UNITED STATES | ATTN: ANTHONY VIEL<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 212-492-4000<br>EMAIL: AVIEL@DELOITTE.COM | TRADE PAYABLE | | | | $ 1,111,587 |
| 25 | AKIN GUMP STRAUSS HAUER & FELD LLP<br>2001 K STREET, NW<br>WASHINGTON, DC 20006-1037<br>UNITED STATES | ATTN: KIM KOOPERSMITH<br>TITLE: PARTNER & CHAIRPERSON<br>PHONE: 202-887-4000<br>EMAIL: KKOOPERSMITH@AKINGUMP.COM<br>FAX: 212-872-1002 | TRADE PAYABLE | | | | $ 1,100,000 |
| 26 | ORACLE CREDIT CORPORATION<br>2300 ORACLE WAY<br>AUSTIN, TX 78741<br>UNITED STATES | ATTN: SAFRA CATZ<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 737-867-1000<br>EMAIL: SAFRA.CATZ@ORACLE.COM<br>FAX: 905-219-8450 | TRADE PAYABLE | | | | $ 1,091,874 |
| 27 | SYNCRO CORPORATION<br>1030 SUNDOWN DR. NW<br>ARAB, AL 35016<br>UNITED STATES | ATTN: LARRY FLEMING<br>TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 256-931-7800<br>EMAIL: LARRYFLEMING@SYNCROCORP.COM | TRADE PAYABLE | | | | $ 973,511 |
| 28 | EARTHLIGHT TECHNOLOGIES, LLC<br>128 WEST RD<br>ELLINGTON, CT 06029<br>UNITED STATES | ATTN: TIM SCHNEIDER<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 860-871-9700<br>EMAIL: | TRADE PAYABLE | | | | $ 948,975 |
| 29 | REVOLV GLOBAL, INC.<br>2443 FILLMORE STREET, SUITE 505<br>SAN FRANCISCO, CA 94115<br>UNITED STATES | ATTN: SCOTT DAVIDSON<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 628-239-4575<br>EMAIL: SDAVIDSON@REVOLV.US | VEHICLE LEASES | CONTINGENT, UNLIQUIDATED | | | $ 137,293<br>+ UNDETERMINED AMOUNTS |
| 30 | U.S. SECURITIES AND EXCHANGE COMMISSION<br>100 F STREET, NE<br>WASHINGTON, DC 20549<br>UNITED STATES | ATTN: GARY GENSLER<br>TITLE: CHAIRMAN<br>PHONE: 202-551-2100<br>EMAIL: CHAIR@SEC.GOV | LITIGATION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **SunPower Corporation** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **08/05/2024** | ☒ */s/ Matthew Henry* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Matthew Henry** |
| | | Printed name |
| | | **Chief Transformation Officer** |
| | | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

## RESOLUTIONS OF
## THE BOARD OF DIRECTORS
## OF SUNPOWER CORPORATION

The following resolutions were presented for consideration and approved by the board (the "Board") of SunPower Corporation, a Delaware corporation (the "Corporation"), at a duly called meeting thereof held on August 4, 2024:

### CHAPTER 11 FILING

**WHEREAS**, the Board has considered presentations by the Corporation's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the assets, liabilities, and liquidity of the Corporation, the strategic and financial alternatives available to it, and the effect of the foregoing on the Corporation's business;

**WHEREAS**, the Board and the special committee of the Corporation's Board (the "Special Committee") have had the opportunity to consult with Management and the Advisors and have fully considered each of the strategic and financial alternatives available to the Corporation; and

**WHEREAS**, the Special Committee has approved and recommended the actions set forth in the following resolutions.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Corporation (including a consideration of its creditors and other parties in interest) that the Corporation shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition for relief commencing a case (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction; and

**RESOLVED**, that any of the Principal Executive Officer, President, Chief Financial Officer, Chief Transformation Officer, Secretary, or any other duly-appointed officer of the Corporation (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories, be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Corporation all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Corporation's business.

### RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as bankruptcy counsel, to represent and assist the Corporation in

carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton & Finger, P.A. ("Richards Layton"), as local bankruptcy counsel, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Richards Layton;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC ("A&M"), as financial advisor, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Moelis & Company LLC ("Moelis"), as investment banker, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Moelis;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Epiq Systems, Inc. ("Epiq"), as notice and claims agent, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, the each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Signatories deem necessary, proper, or desirable in connection with the Corporation's Chapter 11 Case, with a view to the successful prosecution of such case.

## GOVERNANCE MATTERS

RESOLVED, that Matthew Henry is hereby appointed to serve as the Chief Transformation Officer of the Corporation.

## CASH COLLATERAL AND ADEQUATE PROTECTION

RESOLVED, that the Corporation will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Corporation's respective obligations under (a) that certain credit agreement, dated as of September 12, 2022 (as modified from time to time, the "First Lien Credit Agreement"), by and among SunPower Corporation, as borrower; certain of its direct and indirect subsidiaries, as guarantors; the lenders and letter of credit issuers party thereto from time to time; and Bank of America, N.A., as administrative agent and collateral agent; (b) that certain credit agreement, dated as of February 14, 2022 (as modified from time to time, the "Second Lien Credit Agreement") by and among SunPower Corporation, as borrower; certain of its direct and indirect subsidiaries, as guarantors; the lenders party thereto from time to time; and GLAS USA LLC, as administrative agent and collateral agent; and (c) that certain secured continuing standby letter of credit agreement, dated as of October 4, 2021, by and among SunPower Corporation, as account party; and the bank party thereto (the "L/C Secured Party," and together with the secured parties under the First Lien Credit Agreement and the Second Lien Credit Agreement, the "Secured Parties");

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Corporation will provide certain adequate protection to the Secured Parties (such obligations, "Adequate Protection Obligations"), as documented in proposed interim and final orders (the "Cash Collateral Orders") to be submitted for approval of the Bankruptcy Court, with the Board having been apprised of the material terms and provisions of the Cash Collateral Orders;

RESOLVED, that the form, terms, and provisions of the Cash Collateral Orders, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved in all respects, and each of the Authorized Signatories be, and hereby is, authorized and empowered, in the name of and on behalf of the Corporation, to take such actions and negotiate or cause to be prepared and negotiated and to perform, and cause the performance of, the Cash Collateral Orders;

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Corporation to seek authorization

3

and approval to use Cash Collateral pursuant to the Cash Collateral Orders, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Corporation, relating to the use of Cash Collateral in connection with the Chapter 11 Cases, all with such changes therein and additions thereto as the any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**RESOLVED**, that the Corporation, as debtors and debtors in possession under the Bankruptcy Code be, and they hereby are, authorized to incur the Adequate Protection Obligations, including granting liens on their respective assets to secure such obligations.

## ASSET PURCHASE AGREEMENT

**WHEREAS**, Complete Solaria, Inc. (the "Stalking Horse Bidder") and the Corporation and its Advisors have negotiated the terms of that certain asset purchase agreement (the "APA") to govern the Stalking Horse Bidder's purchase of certain of the Corporation's assets, as set forth in the APA (the "Purchased Assets"), subject to the Corporation's receipt of a higher or otherwise better offer and a "fiduciary out;"

**WHEREAS**, the Board has reviewed the APA (together with the other certificates, documents, agreements, and schedules contemplated under the APA, the "APA Documents"), and after due consideration and deliberation, determined that each of the transactions contemplated by the APA and the APA Documents (the "APA Transactions") are advisable and in the best interests of each of the Corporation, its respective stockholders, its creditors and other parties in interest; and

**WHEREAS**, the APA Transactions are subject to the Corporation filing a motion (the "Sale Motion") with the Bankruptcy Court, seeking, among other things, approval of an auction process that will govern the marketing and sale of the Purchased Assets through certain bidding procedures to the Stalking Horse Bidder or another bidder with the highest or otherwise best offer (such bidder, the "Successful Bidder").

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the Corporation is authorized to enter into the APA Documents and APA with the Stalking Horse Bidder for the sale of the Purchased Assets and to undertake any and all related transactions contemplated thereby, including the APA Transactions and an auction (if necessary), on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable;

**RESOLVED**, that each of the Authorized Signatories of the Corporation be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Corporation to execute the APA and APA Documents, and to execute and file, on behalf of the Corporation, the Sale Motion with the Bankruptcy Court; and

**RESOLVED**, that each of the Authorized Signatories of the Corporation be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Corporation to

conduct an auction (if necessary) through the bidding procedures as approved by the Bankruptcy Court pursuant to the Sale Motion and to negotiate, for and on behalf of the Corporation, such agreements, documents, assignments, and instruments as may be necessary, appropriate, or desirable in connection with the sale to the Successful Bidder.

## GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of the Corporation, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Board; and

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Corporation with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

5