POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
Austin P. Van
(*pro hac vice*)
Samantha Daniels
(*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
avan@pomlaw.com
sdaniels@pomlaw.com

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | Case No.:  3:23-cv-05544-RFL |
| This Document Relates to: | **CLASS ACTION** |
| *ALL ACTIONS* | **STATEMENT REGARDING DEFENDANT SUNPOWER'S SUGGESTION OF BANKRUPTCY** |

Plaintiffs Bezeyim Lemou and Daniel Suarez submit this statement regarding Defendant SunPower Corporation's Suggestion of Bankruptcy providing "that, on August 5, 2024, SunPower Corporation (the 'Debtor') filed a voluntary petition for relief under chapter 11 . . . in the United States Bankruptcy Court" and "that, pursuant to section 362(a) of the Bankruptcy Code, upon the filing of the Debtor's voluntary petition, an injunction is placed into effect which stays, among other things, the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtor." Dkt. No. 63.

Plaintiffs understand that the filing of this petition automatically stays the claims against the corporate "Debtor" Defendant SunPower, but only to that Defendant. Neither of the Individual Defendants, Peter Faricy and Elizabeth Eby, have filed for bankruptcy. Accordingly, all of the claims against them remain and should move forward.

The Ninth Circuit has "consistently held that the automatic stay does not apply to suits against non-debtors." *In re Excel Innovations, Inc*., 502 F.3d 1086, 1095 (9th Cir. 2007). Thus here, SunPower's voluntary bankruptcy petition does not operate as a stay of this action with respect to non-debtor defendants, *i.e*., the Individual Defendants. *See In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) ("As a general rule, 'the automatic stay of [11 U.S.C.] section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property.'") (quoting *Advanced Ribbons & Off. Prods., Inc. v. U.S. Interstate Distrib., Inc. (In re Advanced Ribbons & Office Prods., Inc.)*, 125 B.R. 259, 263 (Bankr. 9th Cir. 1991)). Consistent with this Ninth Circuit authority, courts in this Circuit have refused to extend § 362's automatic stay to non-debtor defendants in a securities class action. *E.g.*, *Cohen v. Stratosphere Corp.*, 115 F.3d 695, 697 (9th Cir. 1997) (while Stratosphere's interim filing of a Chapter 11 petition in bankruptcy stayed the action in the appeal "with regard to Stratosphere Corporation," the Ninth Circuit stated that the "automatic stay does not preclude us from deciding this appeal with regard to all parties other than Stratosphere, and we now proceed to do so"); *In re NextCard, Inc. Sec. Litig.*, No. C-01-21029, 2003 WL 23142199, at *2 (N.D. Cal. Sept. 17, 2003) (noting that securities claims were stayed as to NextCard, Inc. after its Chapter 11 bankruptcy filing, but were proceeding against the company's current and former officers and directors); *In re NorthPoint Commc'ns Grp., Inc. Sec. Litig.*, 221 F. Supp. 2d 1090, 1093 n.1 (N.D. Cal. 2002) (noting

1

that as a result of NorthPoint's bankruptcy, "this action is stayed as to it," and then proceeding to adjudicate the section 10(b) claims against NorthPoint's officers); *In re U.S. Aggregates, Inc. Sec. Litig.,* 235 F. Supp. 2d 1063, 1068 n.4 (N.D. Cal. 2002) ("Because U.S. Aggregates has filed for bankruptcy, Plaintiff's suit against the Company is subject to automatic stay provisions of the Bankruptcy Code.  The action, however, may proceed against Defendants Harris [the Company's former CEO] and Stone [former CFO]."); *Bruce v. Suntech Power Holdings Co*., No. CV 12-04061, 2013 WL 6843610, at \*1 (N.D. Cal. Dec. 26, 2013) ("[D]efendant Suntech filed a notice of an involuntary petition for bankruptcy resulting in an automatic stay under 11 U.S.C. § 362.  Individual defendants Shi and King are not subject to the automatic stay; this order concerns their individual motions to dismiss as well as those arguments set forth by the corporation in which they join.").

In *Duval v. Gleason*, for instance, purchasers and holders of certain real estate limited partnerships filed a securities class action against Equitec Financial Group, Inc., and several named officers and directors of Equitec entities.  When the Equitec entities filed for bankruptcy, the defendants argued that the automatic stay under § 362 should apply to both the Equitec defendants and the non-debtor individual defendants.  *Duval v. Gleason*, No. C-90-0242, 1990 WL 261364, at \*4 (N.D. Cal. Oct. 19, 1990).  The court squarely rejected this argument, explaining that the "securities laws allow for the independent liability of the officers or other parties involved, and proceedings like the present may go forward without the participation of the corporation," and that "[t]o hold otherwise would allow the Bankruptcy Act to create a sizeable loophole through which malfeasant corporate officers and directors and their insurers could escape, at least temporarily, all civil prosecutions of their individual fraudulent acts by having the corporation file a bankruptcy petition."  *Id*. at \*4.  The court simply "cannot agree that the protections afforded by the Bankruptcy Act were intended to be so all-encompassing so as to shield such non-debtor third parties."  *Id*.

Here, the voluntary bankruptcy petition has been filed only on behalf of SunPower, and not the non-debtor Individual Defendants.  As a result, all of the claims against the Individual Defendants remain and are unaffected by both the voluntary bankruptcy petition and the automatic stay. Defendants themselves appear to recognize this limitation on the scope of the stay:  noticeably missing from the Notice is any assertion that the stay applies to the claims advanced against the Individual Defendants.

Accordingly, the claims in this action against the Individual Defendants are not affected by the corporate Defendant's bankruptcy petition.

Dated: August 9, 2024

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Austin P. Van*

Austin P. Van
(*pro hac vice*)
Samantha Daniels
(*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
avan@pomlaw.com
sdaniels@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiffs*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Bezeyem Lemou*

3

STATEMENT REGARDING SUGGESTION OF BANKRUPTCY
Case No.: 3:23-cv-05544-RFL