KATHERINE L. HENDERSON, State Bar No. 242676
DYLAN G. SAVAGE, State Bar No. 310452
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: khenderson@wsgr.com
        dsavage@wsgr.com

JOHN I. KARIN (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jkarin@wsgr.com

*Attorneys for Defendants Peter Faricy and
Elizabeth Eby in Case No.: 3:23-cv-05544-RFL
and for Defendants Peter Faricy, Elizabeth Eby,
and Thomas Werner in Case No.: 5:24-cv-
04896-RFL*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | Case No.: 3:23-cv-05544-RFL |
| | CLASS ACTION |
| This Document Relates to: | |
| *ALL ACTIONS* | |
| GABRIEL RODRIGUES, Individually and on Behalf of All Others Similarly Situated, | Case No.: 5:24-cv-04896-RFL |
| Plaintiff, | CLASS ACTION |
| v. | DEFENDANTS' STATEMENT OF NON OPPOSITION AND OPPOSITION TO PLAINTIFF'S MOTION FOR CONSOLIDATION AND TO SUBMIT CONSOLIDATED SECOND AMENDED COMPLAINT |
| PETER FARICY, THOMAS WERNER, AND ELIZABETH EBY, | |
| Defendants. | |
| | Hearing Date: September 17, 2024 |
| | Hearing Time: 10:00 a.m. |
| | Dept.: Courtroom 15, 18th Floor |
| | Judge: Hon. Rita F. Lin |

Defendants' Statement re Consolidation and Amendment
Case Nos.: 3:23-cv-05544-RFL; 5:24-cv-04896-RLF

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES...................................................................................................1

INTRODUCTION..............................................................................................................1

STATEMENT OF FACTS..................................................................................................2

ARGUMENT .....................................................................................................................5

I.      DEFENDANTS AGREE THAT CONSOLIDATION IS NECESSARY AND
        APPROPRIATE AND THUS DO NOT OPPOSE THE MOTION TO
        CONSOLIDATE. ....................................................................................................5

II.     THE COURT SHOULD DECIDE DEFENDANTS' MOTION TO DISMISS THE
        FAC BEFORE CONSIDERING WHETHER PLAINTIFF SHOULD BE GIVEN
        AN OPPORTUNITY TO AMEND. .........................................................................6

III.    THE COURT SHOULD DENY LEAVE TO AMEND BECAUSE IT APPEARS
        THE AMENDMENT WOULD BE FUTILE. ...........................................................6

CONCLUSION .................................................................................................................11

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Airs Aromatics, Ltd. Liab. Co. v. Victoria's Secret Stores Brand Mgmt.*,
        744 F.3d 595 (9th Cir. 2014) ........................................................................................ 9

*Ascon Props., Inc. v. Mobil Oil Co.*,
        866 F.2d 1149 (9th Cir. 1989) ...................................................................................... 7

*Bowler v. Home Depot USA Inc.*,
        No. C-09-05523 JCS, 2010 U.S. Dist. LEXIS 99943
        (N.D. Cal. Sep. 13, 2010) .............................................................................................. 8

*City of L.A. v. San Pedro Boat Works*,
        635 F.3d 440 (9th Cir. 2011) ........................................................................................ 7

*Curry v. Yelp Inc.*,
        875 F.3d 1219 (9th Cir. 2017) ..................................................................................... 11

*Davidson v. Apple, Inc.*,
        No. 16-CV-4942-LHK, 2017 U.S. Dist. LEXIS 116436
        (N.D. Cal. July 25, 2017) .............................................................................................. 8

*Foman v. Davis*,
        371 U.S. 178 (1962) ...................................................................................................... 7

*Francisco v. Abengoa, S.A.*,
        481 F. Supp. 3d 179 (S.D.N.Y. 2020) ........................................................................ 10

*Matsushita Elec. Indus. Co. v. CMC Magnetics Corp.*,
        No. C 06-04538 WHA, 2007 U.S. Dist. LEXIS 7798
        (N.D. Cal. Jan. 12, 2007) .............................................................................................. 8

*Naas v. Stolman*,
        130 F.3d 892 (9th Cir. 1997) ........................................................................................ 7

*NRDC, Inc. v. Winter*,
        No. CV-05-7513FMC(FMOx), 2008 U.S. Dist. LEXIS 126320
        (C.D. Cal. Feb. 15, 2008) .............................................................................................. 8

*Nunes v. Ashcroft*,
        375 F.3d 805 (9th Cir. 2003) ........................................................................................ 7

*Oliver v. Luner*,
        No. LA 18-cv-02562 VAP (AFMx), 2018 U.S. Dist. LEXIS 238434
        (C.D. Cal. Aug. 3, 2018) ............................................................................................... 9

*Police Ret. Sys. v. Intuitive Surgical, Inc.*,
        No. 10-CV-03451-LHK, 2012 U.S. Dist. LEXIS 71429
        (N.D. Cal. May 22, 2012) ............................................................................................ 11

*Rabbani v. DryShips Inc.*,
   No. 4:12CV130 RWS, 2012 U.S. Dist. LEXIS 158815
   (E.D. Mo. Nov. 6, 2012) ....................................................................................... 10

*Reddy v. Litton Indus., Inc.*,
   912 F.2d 291 (9th Cir. 1990).................................................................................9

*Russ v. Standard Ins. Co.*,
   120 F.3d 988 (9th Cir. 1997)..................................................................................6

*United States v. Cox*,
   7 F.3d 1458 (9th Cir. 1993).....................................................................................7

*Walton v. Eaton Corp.*,
   563 F.2d 66 (3d Cir. 1977)......................................................................................6

*Washington v. Lowe's HIW Inc.*,
   75 F. Supp. 3d 1240 (N.D. Cal. 2014) ....................................................................6

## STATUTES

8 Del. C. § 220 ...............................................................................................................2

15 U.S.C. § 78u–4 ..........................................................................................................6

## RULES

Fed. R. Civ. P. 9 ............................................................................................................2

Fed. R. Civ. P. 12 ..........................................................................................................2

Fed. R. Civ. P. 15 ..........................................................................................................7

Fed. R. Civ. P. 42 .....................................................................................................1, 7

Local Rule 7-1................................................................................................................2

Local Rule 10-1..............................................................................................................4

-iii-
Defendants' Statement re Consolidation and Amendment
Case Nos.: 3:23-cv-05544-RFL; 5:24-cv-04896-RLF

## STATEMENT OF ISSUES

1.    Whether the *Rodrigues II* Action (Case No. 5:24-cv-04896-RFL) should be consolidated into this Action (Case No. 3:23-cv-05544-RFL).

2.    Whether Lead Plaintiff Bezeyem Lemou should be permitted to file a "Consolidated Second Amended Complaint" in this Action while Defendants' motion to dismiss remains pending.

## INTRODUCTION

Defendants do not oppose Lead Plaintiff Bezeyem Lemou's request to consolidate the *Rodrigues II* Action with this Action pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure because the *Rodrigues II* Action purports to assert substantially similar claims on behalf of a substantially similar class as this Action.  Indeed, the *Rodrigues II* Action copies and pastes entire paragraphs from the complaint in this Action with little to no changes.  *E.g.*, *compare* Dkt. 51 ¶¶ 58–61, *with Rodrigues II* Dkt. 1 ¶¶ 62–65; *compare* Dkt. 51 ¶¶ 65–71, *with Rodrigues II* Dkt. 1 ¶¶ 69–75; *compare* Dkt. 51 ¶¶ 92–95, *with Rodrigues II* Dkt. 1 ¶¶ 76–79.  Consolidation is thus necessary and appropriate.

However, Defendants oppose Plaintiff's improper attempt to moot Defendants' pending motion to dismiss ("MTD") in this already consolidated class action by seeking leave to submit a "Consolidated Second Amended Complaint" ("SAC").  Plaintiff does not even attempt to explain why he should be allowed to submit a SAC at this juncture.  Defendants' MTD has been fully briefed and was recently taken under submission by the Court.  The Court should adjudicate Defendants' MTD, which raises fundamental standing issues, before deciding whether or not to provide Plaintiff with an opportunity to amend his complaint once again.  Indeed, all the events that Plaintiff references in his Motion and presumably seeks to include in a SAC were publicly disclosed before the MTD briefing was submitted to this Court, and the hearing was taken off the calendar.  Plaintiff's sudden urgent need to amend appears to be a form of inappropriate gamesmanship attempting to sidestep the issues raised in the MTD.

Defendants request that this Court resolve Defendants' pending MTD and deny Plaintiff's premature request to moot that motion by submitting a SAC prior to adjudication.

**STATEMENT OF FACTS**

The initial complaint in this Action was filed on October 27, 2023. It challenged certain financial statements as false and misleading as revealed by SunPower Corporation's ("SunPower" or the "Company") recently announced restatement and provided for a class period of March 9, 2023 to October 24, 2023. Dkt. 1. On January 29, 2024, the Court appointed Bezeyem Lemou and another individual as co-lead plaintiffs. Dkt. 38. On March 29, 2024, Mr. Lemou filed his First Amended Complaint ("FAC") and attempted to add Daniel Suarez as an "additional plaintiff." Dkt. 51 ¶ 19. The co-lead plaintiff withdrew. Dkt. 53. The FAC alleged a new Class Period of May 3, 2023 to February 14, 2024 and shifted from the initial focus on SunPower's financials to statements concerning SunPower's debt covenants and anticipated cash. *Compare* Dkt. 1, *with* Dkt. 51.

On May 24, 2024, Defendants moved to dismiss the FAC with prejudice for lack of standing and failure to state a claim pursuant to Rules 12(b)(1), 12(b)(6), and 9(b) and the PSLRA ("Defendants' MTD"). Dkt. 58. On June 18, 2024, Plaintiff filed an opposition to Defendants' MTD. Dkt. 59. On July 9, 2024, Defendants filed a reply in support of their MTD. Dkt. 60. On July 24, 2024, the Court took Defendants' MTD under submission without oral argument pursuant to Civil Local Rule 7-1(b). Dkt. 62. On July 31, 2024, Plaintiff suddenly asked Defendants to consent "as soon as possible" to the filing of a second amended complaint which would "moot Defendants' currently pending motion to dismiss." *See* Decl. of Dylan G. Savage (filed herewith, "Savage Decl."), Ex. 1. Defendants declined, in particular citing Plaintiff's lack of standing to bring the claims alleged in the FAC and Plaintiff's failure to provide any additional evidence or arguments regarding standing or the other issues raised in the MTD. *See id.*

Meanwhile, on June 17, 2024, Gabriel Rodrigues sent the Company a stockholder demand for inspection of corporate books and records pursuant to 8 Del. C. § 220 (the "Demand"). The Demand purported to investigate possible mismanagement and breaches of fiduciary duty and cited to recent Company events, claiming, despite ample disclosure of SunPower's ongoing financial issues, that Mr. Rodrigues did not know about SunPower's financial struggles and challenges at the time of his stock purchase on February 29, 2024. Savage Decl., Ex. 2.

Mr. Rodrigues included a note about this pending Action in his Demand, claiming he was aware of the Action, but was "unconcerned with th[is] action's allegations, including those concerning the loan covenant, [the] going concern evaluations and conclusions, and Maxeon customer dispute issues." *Id.* Consistent with this assertion, Mr. Rodrigues did not previously move to be appointed lead plaintiff or otherwise try to participate in this Action. The Company responded to the Demand on July 12, 2024, explaining why the Demand was deficient under Delaware law. Savage Decl., Ex. 3. On July 16, 2024, counsel for Mr. Rodrigues indicated that he would be amending and supplementing his initial Demand in approximately three (3) weeks. Savage Decl., Ex. 4. That supplemented Demand never came.

On August 5, 2024, SunPower filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. *See* Dkt. 63. The next day, in violation of the automatic stay, Mr. Rodrigues filed a putative class action complaint against SunPower and certain senior executives, which mirrored the allegations already being alleged in this Action. *Rodrigues* Dkt. 1, Case No. 3:24-cv-04775. On August 7, 2024, pursuant to section 362(a) of the Bankruptcy Code, Defendants filed a Suggestion of Bankruptcy and Notice of Automatic Stay in this Action. Dkt. 63. That same day, in response to an email from counsel for Mr. Rodrigues, counsel for Defendants pointed out that Mr. Rodrigues had violated section 362(a) by filing his action. Savage Decl., Ex. 4. The next day, Mr. Rodrigues voluntarily dismissed his entire action without prejudice, *Rodrigues* Dkt. 12, and re-filed substantially the same action but dropping the Company as a defendant "in view of the automatic stay." *Rodrigues II* Dkt. 1 ¶ 2, Case No. 5:24-cv-04896. Mr. Rodrigues deemed his complaint related to this Action. *Rodrigues II* Dkt. 2. As with *Rodrigues I*, the *Rodrigues II* Complaint copies and pastes many of the exact same allegations that are contained in the FAC with little to no changes. *E.g.*, *compare* Dkt. 51 ¶¶ 58–61, *with Rodrigues II* Dkt. 1 ¶¶ 62–65; *compare* Dkt. 51 ¶¶ 65–71, *with Rodrigues II* Dkt. 1 ¶¶ 69–75; *compare* Dkt. 51 ¶¶ 92–95, *with Rodrigues II* Dkt. 1 ¶¶ 76–79.[1]

---

[1] On August 21, 2024, the Court related *Rodrigues II* with this Action. Dkt. 70.

-3-
Defendants' Statements re Consolidation and Amendment
Case Nos.: 3:23-cv-05544-RFL; 5:24-cv-04896-RLF

On August 9, 2024, counsel for Plaintiff again emailed counsel for Defendants, asking that Defendants consent within the next six hours to consolidation and the filing of a "consolidated amended complaint." Savage Decl., Ex. 5. Defendants indicated they needed additional time to consider the request in light of the Company's recent bankruptcy filing and the lack of exigency associated with the request. *Id.* On August 12, 2024, Plaintiff filed a similar notice of voluntary dismissal of Defendant SunPower and indicated that he would continue to pursue his alleged claims against Individual Defendants Peter Faricy and Elizabeth Eby. Dkt. 65. On August 13, 2024, Plaintiff filed this Motion for Consolidation and to submit a Consolidated Second Amended Complaint (the "Motion"). Dkt. 66. Plaintiff indicated in his Motion that Mr. Rodrigues does not oppose consolidation. *Id.* at 1. The Motion does not address whether amendment is appropriate.

Plaintiff did not attach to his Motion a proposed SAC as required by Civil Local Rule 10-1 ("Any party . . . moving to file an amended pleading must reproduce the entire proposed pleading . . . ."). Instead, Plaintiff's Motion recites a list of more recent events that he apparently now wishes to incorporate that occurred after his FAC was filed—but all *before*, and in some cases, months before, the MTD was taken under submission by this Court. These events include (1) SunPower's alleged termination of its CEO and COO in February and May 2024; (2) SunPower's Form 8-K filed on April 23, 2024, announcing restatements of financials; (3) SunPower's Form 8-K filed on July 3, 2024, announcing the resignation of the Company's independent registered public accounting firm, Ernst & Young LLP, and the SEC's issuance of a document subpoena to the Company; and (4) SunPower's July 17, 2024 letter to its dealers "announcing that it was canceling its operations, including new installations, leases, and shipments." Dkt. 66 at 3, 5–6. Plaintiff also indicates that he wishes to extend the Class Period for a third time to end on July 19, 2024, rather than February 14, 2024. *Id.* at 6. Plaintiff claims that, "consistent with the misleading statements made earlier," "SunPower continued to mislead investors about its financial condition." *Id.* But, the Motion does not explain why these more recent events are relevant to the allegedly false statements at issue in this Action, which concern (1) SunPower's covenant statements in connection with the October 24, 2023 announcement of a restatement; and (2) SunPower's

anticipated cash position over the next 12 months as stated in its Forms 10-Q for Q1 and Q2 2023 on May 3 and August 2, 2023.

## ARGUMENT

**I.  DEFENDANTS AGREE THAT CONSOLIDATION IS NECESSARY AND APPROPRIATE AND THUS DO NOT OPPOSE THE MOTION TO CONSOLIDATE.**

Given the substantial overlap in claims and allegations between the FAC and *Rodrigues II* Complaint, Defendants agree that consolidation of the *Rodrigues II* Action into this Action is both necessary and appropriate.  Indeed, it is unclear why Mr. Rodrigues even filed his separate purported class action when it was based on and modeled off of the allegations contained in the FAC, allegations as to which he previously represented he was "unconcerned."  Savage Decl., Ex. 2.  In fact, after SunPower pointed out the deficiencies in his Demand (which focused on more recent corporate events), he appears to have simply switched gears and copied and pasted the allegations from the FAC into his copycat complaint with little to no changes.  *E.g.*, *compare* Dkt. 51 ¶¶ 58–61, *with Rodrigues II* Dkt. 1 ¶¶ 62–65; *compare* Dkt. 51 ¶¶ 65–71, *with Rodrigues II* Dkt. 1 ¶¶ 69–75; *compare* Dkt. 51 ¶¶ 92–95, *with Rodrigues II* Dkt. 1 ¶¶ 76–79.  To the extent the impetus for the separate action was to manufacture an excuse for filing a new amended complaint before this Court has an opportunity to adjudicate Defendants' MTD—which as discussed below, is inappropriate—all counsel should be forthright with the Court and any appropriate facts considered in deciding this Motion.

At any rate, as Plaintiff acknowledges, stockholders are not entitled to pursue separate copycat class action complaints almost a year after the initial filing of the class action and after the lead plaintiff process has long since been completed.  Motion at 9–10 (citing caselaw and arguing "[l]ate-to-the-show '[p]laintiffs cannot displace Lead Plaintiff[] from [its] leadership role'" (alterations in original) (citation omitted)).[2]

---

[2] The Private Securities Litigation Reform Act of 1995 ("PSLRA") establishes a process for the appointment of lead plaintiff in securities class actions.  Specifically, the first plaintiff to file a complaint must publish a notice "[n]ot later than 20 days after the date on which the complaint is filed" and then "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported

## II. THE COURT SHOULD DECIDE DEFENDANTS' MOTION TO DISMISS THE FAC BEFORE CONSIDERING WHETHER PLAINTIFF SHOULD BE GIVEN AN OPPORTUNITY TO AMEND.

Given the numerous defects in the FAC, including Plaintiff's lack of standing, Defendants moved to dismiss the FAC with prejudice.  The Court took Defendants' MTD under submission without argument on July 24, 2024. Dkt. 62.  A week later, Plaintiff attempted to moot Defendants' MTD and file an amended complaint.  Savage Decl., Ex. 1.  Plaintiff did not indicate why amendment was suddenly necessary at this juncture, after the Court took Defendants' MTD under submission, when he has known about many of the cited events since before he filed his Opposition. *See id.*  After Defendants refused to consent to the mooting of Defendants' MTD and Mr. Rodrigues filed a separate class action, Plaintiff tried to use the filing of the *Rodrigues II* Action to obtain the same relief—the filing of an amended complaint that would moot Defendants' MTD.  Savage Decl., Ex. 5.  Plaintiff should not be permitted to use the filing of an inappropriate and tardy copycat class action complaint to circumvent the Court's adjudication of Defendants' MTD.  Indeed, the Ninth Circuit has recognized that a plaintiff cannot point to the filing of a second complaint and then use consolidation "'to expand the procedural rights he would have otherwise enjoyed.'" *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc)).  Allowing the filing of a SAC at this procedural juncture would be prejudicial because it would require Defendants to oppose a new complaint that is defective as a matter of law.  *See Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1254 (N.D. Cal. 2014) ("[A]llowing the amendment would prejudice both existing and proposed new parties. The existing defendants should not be required to oppose a new complaint that the Court already knows to be wholly defective as a matter of law.").

## III. THE COURT SHOULD DENY LEAVE TO AMEND BECAUSE IT APPEARS THE AMENDMENT WOULD BE FUTILE.

The Motion does not contain any argument or authority as to why Plaintiff should be permitted leave to file a second amended complaint at this juncture.  He does not address the many

---

class." 15 U.S.C. § 78u–4(a)(3)(A)(i).  The deadline to move for lead plaintiff in this Action was December 26, 2023.  Dkt. 7.

arguments Defendants raised in the MTD or explain why an amendment would address any of those arguments. Nor does the Motion attach a proposed SAC—as specifically required by the local rules—so that the Court (and Defendants) could properly evaluate whether amendment is appropriate under the relevant rules of procedure. Each of these deficiencies independently justifies denial of the Motion.[3]

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings before trial and permits a party to amend a previously amended pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).[4] The "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of L.A. v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Leave to amend may be denied for "apparent or declared reason[s]" such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003); *see Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (affirming denial of leave to amend as futile).

As articulated in Defendants' MTD, the FAC suffers from multiple defects, including issues as to Plaintiff's standing to even bring the claims. It is unclear if Plaintiff plans to address any of the defects in a SAC as the Motion cites only to recent events that he wishes to add to a SAC. These recent events appear to be entirely irrelevant to the issues raised in Defendants' MTD. In fact, it appears a SAC would only exacerbate the standing issue raised in the MTD by extending

---

[3] To the extent Plaintiff offers new arguments on reply, they should be disregarded. *See United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993) ("a party may not make new arguments in the reply brief").

[4] Rule 42(a), which permits consolidation, does not contain any exception to the requirements of Rule 15(a). *See* Fed. R. Civ. P. 42(a). Accordingly, Plaintiff cannot use Rule 42(a) to end-run Rule 15(a).

the Class Period even further past when Plaintiff sold his stock.  If the Court agrees with Defendants' arguments, dismissal with prejudice would be appropriate.

Plaintiff's Motion is particularly inappropriate given the jurisdictional defects in the FAC. Defendants argued that Plaintiff lacks standing to pursue the claims alleged in the FAC because he sold all his SunPower stock by August 7, 2023.  Dkt. 58 at 5 (citing Dkt. 55-1).  A stockholder who sells his or her stock before the alleged corrective disclosures that caused the stock price to decline could not have suffered any injury traceable to the alleged fraud and therefore lacks standing to pursue a securities class action.  *Id*.  Because the FAC alleges the "disclosure events occurr[ed] between November 15, 2023, and February 23, 2024," months after Plaintiff's last sale, ¶ 113, Plaintiff could not have suffered any alleged injury and therefore lacks standing to bring any of these claims.  Should the Court agree with Defendants, amendment would be inappropriate because the Court lacks jurisdiction.  *See, e.g.*, *NRDC, Inc. v. Winter*, No. CV-05-7513FMC (FMOx), 2008 U.S. Dist. LEXIS 126320, at *4 (C.D. Cal. Feb. 15, 2008) (denying a motion to supplement because "[t]o supplement the complaint in an action for which there is either no jurisdiction or no standing would be a pointless exercise"); *Davidson v. Apple, Inc*., No. 16-CV-4942-LHK, 2017 U.S. Dist. LEXIS 116436, at *22–26 (N.D. Cal. July 25, 2017) (denying plaintiffs' additional opportunity to amend the complaint where plaintiffs' allegation was not sufficient to confer standing to seek an injunction); *Bowler v. Home Depot USA Inc*., No. C-09-05523 JCS, 2010 U.S. Dist. LEXIS 99943, at *12–13 (N.D. Cal. Sept. 13, 2010) (denying leave to amend to add a claim under California's Unfair Competition Law when plaintiffs' alleged loss was not subject to restitution, and therefore he lacked standing for the injunctive relief); *Matsushita Elec. Indus. Co. v. CMC Magnetics Corp.*, No. C 06-04538 WHA, 2007 U.S. Dist. LEXIS 7798, at *11–19 (N.D. Cal. Jan. 12, 2007) (denying motion to file supplemental pleading where party lacked standing).

Moreover, it does not appear that this defect could be addressed by amendment, which would render Plaintiff's request to amend futile.  As noted in Defendants' MTD reply brief, Dkt. 60 at 1–2, the FAC affirmatively pleads that no part of the fraud had been corrected before November 15, 2023.  Dkt. 51 ¶ 11 ("Investors remained unaware that SunPower had made false

and misleading statements and omissions in its SEC filings until November 15, 2023."); *see id.* ¶¶ 110–113. Plaintiff cannot now amend his complaint to contradict this prior factual allegation by alleging that the purported fraud was revealed earlier, which is what would be necessary in order for Plaintiff to try to establish standing. *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (affirming a district court's denial of leave to amend a complaint and agreeing that amendment would be futile because the proposed amendments directly contradicted facts alleged in prior briefing); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (affirming dismissal with prejudice because "[i]t would not be possible for [plaintiff] to amend his complaint to allege a completely new injury that would confer standing to sue without contradicting any of the allegations of his original complaint"); *Oliver v. Luner*, No. LA 18-cv-02562 VAP (AFMx), 2018 U.S. Dist. LEXIS 238434, at *15–16 (C.D. Cal. Aug. 3, 2018) (permitting plaintiff to amend would be futile when any new allegations would contradict his prior allegation).[5] To the extent the Court is inclined to allow amendment, Plaintiff should be bound by his prior allegations and should not be allowed to contradict his prior allegations on these points.

Even setting the jurisdictional defect aside, Plaintiff does not explain how the amendment would correct the deficiencies identified by Defendants' MTD on the merits. The FAC alleges claims concerning SunPower's loan covenants and going concern analyses, and Defendants' MTD argues that the FAC failed to adequately allege falsity and scienter as to both sets of statements. Specifically:

- The FAC does not plead falsity as to the covenant statements because SunPower disclosed that it was continuing to investigate the effects of the restatement announced in October 2023 and that the final results of that restatement could impact whether SunPower would be deemed in compliance with the financial covenants. Dkt. 58 at 6–8; Dkt. 60 at 2–5.

---

[5] Although not relevant to the standing question for the same reasons as "additional plaintiff" Daniel Suarez, Dkt. 58 at 5; Dkt. 60 at 2, Mr. Rodrigues also would not have standing to pursue the claims given he did not purchase SunPower stock until February 29, 2024—after the current Class Period.

- The FAC does not plead scienter as to the covenant statements because it does not allege facts showing what Defendants knew about the effects of the restatement on the loan covenants when the challenged statements were made.  Dkt. 58 at 8–10; Dkt. 60 at 6–7.

- The FAC does not plead falsity as to the going concern statements because they are forward-looking statements protected by the PSLRA's safe harbor, and the FAC contains no facts about the going concern analyses underlying the challenged statements.  Dkt. 58 at 10–14; Dkt. 60 at 7–10.

- The FAC does not plead scienter as to the going concern statements because SunPower's non-payment of contractual counterparty Maxeon due to its contractual dispute with Maxeon was disclosed well before the alleged corrective disclosures, and none of the FAC's anonymous witnesses were involved in the going concern analyses and thus say nothing about them.  Dkt. 58 at 13–15; Dkt. 60 at 10.

Plaintiff asserts that granting the Motion "will moot Defendants' outstanding motion to dismiss," but he does not explain *why* or how a SAC will address Defendants' arguments.  *See* Motion at 1 n.1.  There is nothing about the subsequent events identified in the Motion that would moot or remedy the challenges raised by Defendants' MTD.  The challenged statements were made from May 3, 2023 through November 1, 2023. Dkt. 51 ¶¶ 96–106.   The subsequent events identified in the Motion occurred months later, from February 26, 2024 to July 17, 2024.  Motion at 3.  Neither falsity nor scienter can be alleged in hindsight.  *See, e.g.*, *Rabbani v. DryShips Inc.*, No. 4:12CV130 RWS, 2012 U.S. Dist. LEXIS 158815, at *20–21 (E.D. Mo. Nov. 6, 2012) (rejecting claim that statement denying breach of loan covenants was false because plaintiffs cannot "show falsity through hindsight"); *Francisco v. Abengoa, S.A.*, 481 F. Supp. 3d 179, 210 (S.D.N.Y. 2020) (no falsity despite contrary announcement on the "next business day").  Moreover, the subsequent events are not connected to the statements challenged in the FAC.  For instance, SunPower's letters to its dealers announcing that it was canceling its operations say nothing regarding what Defendants knew when speaking about the loan covenants nine months

earlier.  To take another example, the departure of SunPower's COO says nothing about whether SunPower's going concern statements were false when made a year earlier.  At most, Plaintiff suggests that these subsequent events could become additional corrective disclosures.  *See* Motion at 5 ("soon after that Amended Complaint was filed, the scope of SunPower's financial fraud was further revealed").  But further allegations of loss causation cannot fix the FAC's failure to plead the separate elements of falsity and scienter.  Because Plaintiff makes no effort to explain why amendment would not be futile, amendment should be denied.  *See, e.g.*, *Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017) (affirming denial of leave to amend securities class action complaint because "further amendment would be futile"); *Police Ret. Sys. v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2012 U.S. Dist. LEXIS 71429, at *74–76 (N.D. Cal. May 22, 2012) (denying leave to amend where securities plaintiffs failed to correct previously identified deficiencies), *aff'd*, 759 F.3d 1051 (9th Cir. 2014).

Finally, Plaintiff is presumably aware of recent orders from this Court on motions to dismiss which grant leave to amend to correct the deficiencies identified by the Court, but require leave of Court to "add new claims" or parties.  *See, e.g.*, Savage Decl., Ex. 6. The Motion asserts "any consolidated pleading can be expected to share all individual defendants in common, including Mr. Werner," who is not a defendant in this Action.  Motion at 8 n.4.  Mr. Werner was not even at the Company when the allegedly false statements in the FAC were made or during any part of the current Class Period.  To the extent this Motion seeks an end-run around this requirement without expressly seeking leave of the Court to add new claims or defendants, it should be denied.

## CONCLUSION

For the reasons set forth above and in Defendants' MTD, the Court should proceed with adjudicating Defendants' MTD and deny Plaintiff's Motion to the extent he seeks leave to file a Consolidated Second Amended Complaint at this juncture, but the Court should grant consolidation of the *Rodrigues II* Action into this already consolidated class Action.

Dated:  August 27, 2024

Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Katherine L. Henderson*
         Katherine L. Henderson

*Attorneys for Defendants Peter Faricy and Elizabeth Eby in Case No.: 3:23-cv-05544-RFL and for Defendants Peter Faricy, Elizabeth Eby, and Thomas Werner in Case No.: 5:24-cv-04896-RFL*