PASKOWITZ LAW FIRM PC
Laurence D. Paskowitz
(admitted *pro hac vice* in 5:24-cv-04896-RFL)
97-45 Queens Blvd., Ste. 1202
Rego Park, New York 11374
Telephone: (212) 685-0969
Facsimile: (718) 275-1338
lpaskowitz@pasklaw.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | Case No.:  3:23-cv-05544-RFL<br>CLASS ACTION |
| GABRIEL RODRIGUES,<br><br>Plaintiff,<br><br> v.<br><br>PETER FARICY, et al.,<br><br>Defendants. | Case No.:  3:24-cv-04896-RFL<br><br>CLASS ACTION<br><br>REPLY BRIEF OF PLAINTIFF GABRIEL RODRIGUES TO DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO CONSOLIDATE AND TO FILE AN AMENDED COMPLAINT<br><br>Hearing Date: September 17, 2024<br>Hearing Time: 10:00 a.m.<br>Dept.: Courtroom 15, 18th Floor<br>Judge: Hon. Rita F. Lin |

## I.    <u>THE ISSUES TO BE DECIDED</u>

Lead Plaintiff Bezeyem Lemou ("Lead Plaintiff") in the securities class action that has been pending before this Court since 2023 (the "Lemou Class Action"), his court-appointed Lead Counsel, Pomerantz LLP (the "Pomerantz Firm"), and Defendants in these related class actions ("Defendants") have previously set forth the issues to be decided on this Motion in their respective moving and opposition briefs.  (*See* Dkt. Nos. 66 and 72).  Plaintiff Rodrigues has no quarrel with the manner in which these issues have been framed, and will herein address the opposition points set forth in Dkt. No. 72 to the extent they reference the *Rodrigues II* class action ("*Rodrigues II*").[1] *Rodrigues II* action.[2]

---

[1] Much of Defendants' August 27, 2024 Opposition Brief (the "Opp. Br.") is devoted to an inaccurate negative portrayal of the *Rodrigues* action (indeed, *Rodrigues* is mentioned 39 times). In this Brief, we will adopt Defendants' use of the terms *Rodrigues I* and *Rodrigues II.*  "*Rodrigues I"* was a securities fraud class action filed by Plaintiff Rodrigues on August 6, 2024, naming SunPower Corp. ("SunPower") and its top executives as defendants. At the time of filing, Counsel for Rodrigues were unaware that SunPower had declared bankruptcy just hours before.  By August 8, 2024, we had dismissed *Rodrigues I* and filed the presently pending *Rodrigues II,* a similar class action naming several SunPower executives as defendants, but not naming SunPower. Soon thereafter, Lead Plaintiff Lemou dismissed the debtor from the Lemou Class Action, such that SunPower is no longer a defendant in any of the related actions.  (*See* Dkt. No. 65).

[2] Much of Defendants' August 27, 2024 Opposition Brief (the "Opp. Br.") is devoted to discussing the *Rodrigues* action (indeed, *Rodrigues* is mentioned 39 times). In this Brief, we will adopt Defendants' use of the terms *Rodrigues I* and *Rodrigues II.*  "*Rodrigues I"* was a securities fraud class action filed by Plaintiff Rodrigues on August 6, 2024, naming SunPower Corp. ("SunPower") and its top executives as defendants. At the time of filing, Counsel for Rodrigues were unaware that SunPower had declared bankruptcy just hours before.  Defendants have submitted correspondence between counsel for Plaintiff Rodrigues and counsel for Defendants in which counsel for Rodrigues quickly acknowledges having made an inadvertent error, and seeks guidance from counsel for Defendants as to how best to rectify the situation. (*See* Dkt. No. 72-5, at p. 2; email from Plaintiff Rodrigues' counsel dated August 7, 2024 referencing the bankruptcy and assuring: "We wish to do whatever is correct.").  By August 8, 2024, we had dismissed *Rodrigues I* and filed the presently pending *Rodrigues II,* a similar class action naming several SunPower executives as defendants, but not naming SunPower. Soon thereafter, Lead Plaintiff Lemou dismissed the debtor from the Lemou Class Action, such that SunPower is no longer a defendant in any of the related actions.  (*See* Dkt. No. 65).

Reply Brief of Plaintiff Rodrigues re Opposition to Motion to Consolidate and Amend

## II.    **PRELIMINARY STATEMENT**

The Court should grant Lead Plaintiff's request to file a consolidated amended complaint. Defendants offer no legitimate reason to oppose this.  Rather, Defendants appear motivated only by a desire to "run from the facts" and delay facing the serious new allegations that would permeate a revised pleading, and further establish a powerful claim for fraud.

## III.    **RELEVANT FACTS**

In their Opposition Brief at p. 5, Defendants question the "impetus" of the *Rodrigues II* Action and call upon "all counsel" (including counsel for Plaintiff Rodrigues) to, in a "forthright" manner, provide "appropriate facts" concerning its filing.  We are happy to do so.[3]

Defendants' Opposition Brief notes that at the time *Rodrigues II* was filed on August 8, 2024, a Motion to Dismiss the Lemou Class Action's Amended Complaint (which motion was first filed on May 24, 2024) had been fully briefed and was ready for decision since July 9, 2024. (*See* Dkt No. 60).  The Court took the Motion to Dismiss under advisement on July 24, 2024 (Dkt. No. 62).  Defendants insinuate that the "impetus" for *Rodrigues II*'s filing was to rescue Lead Plaintiff Lemou from an impending adverse ruling based on Defendants' claim that he lacks as to his "standing" to assert securities claims.  (*See* Defs. Opp. Br. at pp. 1-2, 5-10).  This is incorrect. Plaintiff Rodrigues will not be affected by the resolution of any dispute as to whether Plaintiff Lemou has standing or not. The pleadings, if and when amended, will involve at least two other plaintiffs whose standing has not been questioned.   They will have the right to continue on. Defendants' theory is nonsensical.

---

[3] The factual averments herein as to the impetus for the filing of *Rodrigues II* are supported by the Declaration of Laurence D. Paskowitz ("Paskowitz Dec."), dated September 3, 2024, and submitted herewith as an exhibit.

Reply Brief of Plaintiff Rodrigues re Opposition to Motion to Consolidate and Amend

To speak directly to the demand for "forthright" information contained in the Opposition Brief, the "impetus" for the filing of *Rodrigues II* was a conclusion that Plaintiff Rodrigues is a victim of a fraud perpetrated by SunPower's executives, *but he is not a member of the Class alleged in the Lemou Class Action involving SunPower*.[4]  This is because the Lemou Class Action's Amended Complaint  (the "Lemou Amended Complaint") was filed on *March 29, 2024* before many severe and serious newly disclosed instances of financial and accounting fraud by SunPower's executives had surfaced. These events justify expanding the Class Period to July 2024, which Class Period would *include* Mr. Rodrigues and investors like him, and placing the updated allegations asserted in *Rodrigues II* before the Court.

The March 2024 Lemou Amended Complaint does not reflect the present state of knowledge, as it was filed: (1) before SunPower's auditor unexpectedly resigned in June 2024 (amidst accusations from that auditor of questionable conduct by the Audit Committee); (2) before an SEC investigation focusing on fraud that occurred during at least 2023 was disclosed in July 2024 (which investigation and its consequences SunPower's executives improperly concealed for months); (3) before SunPower's executives conceded in July 2024 that much of what they said in 2023 about SunPower's financial status and related matters was inaccurate or could not be relied upon; (4) before SunPower's executives in late April 2024 withdrew the series of supposedly accurate "amended and restated" financial statements that had been filed on December 18, 2023; and (5) before SunPower duped investors like Rodrigues into believing that its major problems were behind it.  The reason *Rodrigues II* was filed was to assert an expanded 14 month Class

---

[4]  The Lemou Class Action sets forth a nine month Class Period pertaining to SunPower investors who purchased from May 3, 2023 through February 14, 2024 (the "Lemou Class Period").  Plaintiff Rodrigues purchased outside this Lemou Class Period, on February 29, 2024. Thus, he is not at all represented in the Lemou Class Action.

Reply Brief of Plaintiff Rodrigues re Opposition to Motion to Consolidate and Amend

Period, in the way Plaintiff Rodrigues believes it should be asserted, and thus ensure that Plaintiff Rodrigues and others like him are represented. (*See* Paskowitz Dec., ¶¶ 6-8). *Rodrigues II* combines the inter-related events of 2023-2024, including recent revelations, in a unified pleading.

The belief that Plaintiff Rodrigues was defrauded was not formed hastily. Rather, it flowed from an independent investigation by his counsel, class action experts who have prosecuted hundreds of shareholder actions since 1983. This investigation was not conducted at the behest of Lead Plaintiff Lemou or his counsel, who had no knowledge of it. (*See* Paskowitz Dec., at ¶ 7).

Defendants acknowledge that counsel for Rodrigues did not "race to the courthouse" but rather, on June 17, 2024, sent SunPower a letter request for inspection of books and records pursuant to Delaware's Section 220, something the Delaware courts repeatedly urge potential plaintiffs to do (the "Demand Letter"). At the time, the market knew of the disturbing revelations made by SunPower executives on April 23, 2024. As page five of the Demand Letter states:

> On April 23, 2024, SunPower shockingly and unexpectedly announced a restatement, disclosing that the Company had identified misstatements in its fiscal year 2022 financial results, including the improper capitalization of certain costs and misclassification of certain expenses, resulting in an overstatement of the Company's income from continuing operations by \$15 to \$25 million. The Company also revealed that its independent auditor had determined that its previously issued audit reports could no longer be relied upon. Clearly, the Company's Board and executives had concealed major problems in the weeks leading up to this bombshell announcement.[5]

---

[5] In the Demand Letter, counsel included among the actions Plaintiff Rodrigues might take upon acquiring further information "fil[ing] a direct suit concerning disclosure…" (Dkt. No. 72-2, at p. 11). Defendants are incorrect in asserting that the Demand Letter informed them that: "Mr. Rodrigues did not know about SunPower's financial struggles and challenges at the time of his stock purchase on February 29, 2024." (Opp. Br. at 2). The Demand Letter does not say this anywhere. The Demand Letter does state that SunPower stockholders at the end of February 2024 would have thought they "had good reason to be optimistic," as a new CEO had recently taken charge who had made very bullish public statements. (Demand Letter, Dkt. No. 72-2, at p. 2) (quoting new CEO Werner on Feb. 26, 2024 as stating: "following the Company's recent capital raise, we look forward to getting back to doing what SunPower does best and building *an even more sustainable, resilient, and agile business*.")(emphasis added). The Demand Letter also did not say counsel was "unconcerned" about the *Lemou* allegations, but rather that "this Demand" did not concern these allegations. (*Cf.* Opp. Br. at 3 with Dkt. No. 72-2, at p. 3 n.1). The word

Reply Brief of Plaintiff Rodrigues re Opposition to Motion to Consolidate and Amend

Despite this, Defendants objected to nearly all of Plaintiff Rodrigues' inspection requests, insisting in a July 12, 2024 letter that there had been no wrongdoing. (*See* Dkt. No. 72-4).   By this July 12, 2024 date, however, the new disclosures had gone from bad to worse, as the Company had in early July issued further revelations, practically admitting a fraud that was much larger and more complex than had been previously suspected.   Inaccurate statements admittedly stretched back at least to the first part of 2023.  (*Rodrigues II* Cplt., ¶ 33).

On July 3, 2023, a shocking announcement was made that the Company's independent auditor, Ernst & Young ("E&Y"), had unexpectedly resigned. On that date, as alleged in *Rodrigues II*, at ¶ 33: "It was disclosed, among other things, that various allegations against current and former members of management had been withheld from E&Y, leading to a disagreement regarding audit scope and E&Y's decision to resign."

Further disturbing facts regarding the auditor's resignation, including the auditor's July 10, 2024 letter to the Company, were disclosed on July 12, 2024.  In that letter, the auditor revealed that some of SunPower's directors had frustrated the auditor's "expectation that we would be informed of allegations against current or former members of management who have or had significant roles in internal control over financial reporting," and that the auditor was distressed by "the discovery of additional such allegations that had not been disclosed…" (*Rodrigues II* Cplt., at ¶ 108). In other words, E &Y could not continue in its position because SunPower's

---

"unconcerned" was used in the sense of "not the focus of" rather than "uninterested."  Moreover, many new facts germane to 2023 were disclosed subsequent to the Demand Letter, raising fresh concerns. (*See* Dkt. No. 72-5 at p. 4, July 16, 2024 email from Plaintiff's counsel, noting: "The factual circumstances surrounding SunPower's April 23, 2024 restatement have evolved since we sent our demand…).  We set forth these matters simply to correct the record, even though it is unclear what possible relevance the Demand Letter submitted on behalf of Mr. Rodrigues in June 2024 has to the outcome of Lead Plaintiff Lemou's present Motion.

5

Reply Brief of Plaintiff Rodrigues re Opposition to Motion to Consolidate and Amend

directors or officers were not being cooperative.  E &Y explicitly disagreed with exculpatory claims regarding dealings with E&Y made by CFO and (Defendant) Eby in paragraphs 5 and 6 of a SunPower Form 8-K filing dated July 3, 2024, and signed by Eby.  (*See id.*).

The remainder of Paragraph 33 of the *Rodrigues II* Complaint provides further alarming details concerning possible evasive conduct by the SunPower Audit Committee. In addition, the various defalcations were so serious that Defendants were forced to admit that corporate representations and utterances throughout 2023 were inaccurate and unreliable. They conceded that:

> …any ***previously issued or filed reports, press releases, earnings releases, investor presentations or other communications*** of the Company describing the Company's financial results or other financial information relating to the periods covered by the Affected Financial Statements [that is, 2023] ***should no longer be relied upon.*** In addition, the report of EY on the Company's financial statements and internal control over financial reporting included in the previously filed 2022 Form 10-K/A [in December 2023] ***should no longer be relied upon.***  (*See id.;* emphasis added).

This was just the tip of the iceberg.  It was also revealed on July 3, 2024 that in late February 2023, the SEC had issued a subpoena investigating potential fraud during 2023, including "revenue recognition practices," for periods as recent as the fourth quarter of 2023.  That revenue may have been misstated is a serious matter. The Defendants improperly concealed this subpoena and the ensuing "extensive internal investigation" it triggered for over four months, despite immediately forming legal and forensic accounting teams to address it. (*Rodrigues II* Cplt. at ¶¶ 34 and 106).[6]

While Plaintiff Rodrigues seriously considered continuing with his Section 220 effort,[7] the accumulating revelations led to the conclusion that a serious fraud had been committed, justifying

---

[6] *See also, In re SunPower,* Case No. 24-11649, Dkt. No. 9, Declaration of Matthew Henry, Chief Transformation Officer, filed Aug. 5, 2024, ¶ 48 (Bankr. D. Del)(discussing the SEC subpoena to the company and its auditor and the ensuing extensive internal investigation).

[7] *See* Dkt. # 72-5 at p. 4 (email from Plaintiff's counsel to Company counsel dated July 16, 2024).

6

Reply Brief of Plaintiff Rodrigues re Opposition to Motion to Consolidate and Amend

the filing of a plenary action. Moreover, additional troubling facts revealed on July 18, 2024 made it much more likely than previously thought that SunPower was heading for bankruptcy, an event that would have made a Section 220 action impossible to pursue due to the automatic stay.[8] (*See Rodrigues II* Cplt., ¶ 110, detailing the events of late July 2024). It was thus decided that there was more than abundant evidence to bring a sustainable case on behalf of Plaintiff Rodrigues and other investors who were similarly situated. That decision was made on July 23, 2024. (*See* Paskowitz Dec. at ¶ 7). Lead Plaintiff Lemou and his counsel knew nothing about this decision as well. (*Id.*).

*Rodrigues II* was carefully crafted. It is not the "copycat" complaint Defendants describe. (Opp. Br. at 5-6). To the contrary: it contains dozens of original allegations that detail the events of February through July 2024. *See e.g., Rodrigues II* Cplt. at ¶¶ 1, 16-43, 80-114 (reflecting new factual averments). *Rodrigues II* quite properly adopts the allegations pertaining to the Lemou Class Period as pled by Lead Plaintiff Lemou. This is because once a court appoints a Lead Plaintiff for a certain class period, no future plaintiff may set forth different allegations for investors who purchased during that class period. *See Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 U.S. Dist. LEXIS 213045, at *31 (N.D. Cal. Dec. 17, 2018)(courts "have consistently held that a lead plaintiff has the sole authority to determine what claims to pursue on behalf of the class") (citation omitted). Counsel for Rodrigues adhered to this rule, and were careful not to alter Lead Plaintiff Lemou's pre-existing Class Period allegations. Nor has Plaintiff Rodrigues sought to "displace" Lead Plaintiff Lemou from his "leadership role," as Defendants contend. (*See* Opp. Br. at 5 and Opp. Br. n.2.) Plaintiff Rodrigues supports Lead Plaintiff Lemou's

---

[8] In a Delaware Section 220 action, the sole defendant must be the corporation. No individuals may be compelled to produce books and records.

Reply Brief of Plaintiff Rodrigues re Opposition to Motion to Consolidate and Amend

continuation in his role, and his presiding over the extended and updated Class Period pled in *Rodrigues II*.

In sum, the "impetus" for the filing of *Rodrigues II* was that Plaintiff Rodrigues and investors from late February 2024 to July 2024 are unrepresented in the Lemou Class Action, but deserved to be represented via an extended Class Period. (*See* Paskowitz Dec., at ¶¶ 6-8). The decision was unrelated to the current Motion to Dismiss, whose "standing" arguments are not of interest to Plaintiff Rodrigues. Should Plaintiff Lemou not prevail on the "standing" issue, the other plaintiffs will have the right to continue on. Defendants' desire to challenge Lemou's "standing" is no reason to bar an amended complaint that reflects the current state of affairs. They will have ample opportunity to make whatever arguments they desire as to "standing" or any other issue.

## IV.    <u>LEGAL ARGUMENT</u>

Defendants' opposition to the filing of a consolidated amended complaint in these circumstances is completely contrary to notions of judicial economy and efficiency. A desire to "run from the facts" is not a good reason to oppose a motion to amend. Defendants assert that they will suffer prejudice from their anticipated need to seek dismissal of a new complaint that would be "defective" (Opp. Br. at 6), but the recent revelations show that an amended complaint including the dozens of new *Rodrigues II* allegations would be anything but "defective"—it would be quite compelling. And it is well-established that any added expense involved in addressing an amended complaint filed at an early stage does not constitute legal prejudice. *Charcoal Companion, Inc. v. Target Corp.*, No. C09-01417 HRL, 2009 U.S. Dist. LEXIS 93347, at *3-4 (N.D. Cal. Sep. 23, 2009).

Reply Brief of Plaintiff Rodrigues re Opposition to Motion to Consolidate and Amend

**CONCLUSION**

For the reasons stated, Plaintiff Rodrigues respectfully urges the Court to over-rule Defendants' opposition, and grant the pending Motion.

Dated: September 3, 2024

Respectfully submitted,

**PASKOWITZ LAW FIRM PC**
/s/Laurence D. Paskowitz
Laurence D. Paskowitz
97-45 Queens Blvd., Ste. 1202
Rego Park, New York 11374
Telephone: (212) 685-0969
Facsimile: (718) 275-1338
lpaskowitz@pasklaw.com
(Admitted *Pro Hac Vice*)

David N. Lake, State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE,
A PROFESSIONAL CORPORATION**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Tel: (818) 788-5100
Fax: (818) 479-9990
Email: david@lakelawpc.com

Counsel for Plaintiff Gabriel Rodrigues

Reply Brief of Plaintiff Rodrigues re Opposition to Motion to Consolidate and Amend