**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | Case No.:  3:23-cv-05544-RFL<br>CLASS ACTION |
| GABRIEL RODRIGUES,<br><br>Plaintiff,<br><br> v.<br><br>PETER FARICY, et al.,<br><br>Defendants. | Case No.:  3:24-cv-04896-RFL<br><br>CLASS ACTION<br><br>DECLARATION OF LAURENCE D. PASKOWITZ IN RESPONSE TO DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO CONSOLIDATE AND TO FILE AN AMENDED COMPLAINT<br><br>Hearing Date: September 17, 2024<br>Hearing Time: 10:00 a.m.<br>Dept.: Courtroom 15, 18th Floor<br>Judge: Hon. Rita F. Lin |

I, Laurence D. Paskowitz, under penalty of perjury, do hereby declare as follows:

1.      I am co-counsel for Plaintiff Gabriel Rodrigues in *Rodrigues v. Faricy, et al.*, Case No. 3:24-cv-04896-RFL ("*Rodrigues*"), which action is the subject of a motion brought by court-appointed Lead Plaintiff Bezeyem Lemou ("Lemou"), in *In re SunPower Corp. Securities Litigation*, 3:23-cv-05544-RFL.  I have been admitted *pro hac vice* to serve as co-counsel for Mr. Rodrigues. I am the principal of Paskowitz Law Firm PC.

2.      I am a member in good standing of the bar of the State of New York, and have devoted my practice to shareholder litigation for 40 years.

3.      Before this Court is an August 13, 2024 Motion by Lead Plaintiff Lemou to consolidate these securities class actions and to file a second amended complaint which would, among other things, combine the actions.  Plaintiff Rodrigues supports the Motion.  The *Rodrigues* Complaint, filed August 8, 2024, asserts a longer Class Period than *Lemou,* and describes corporate disclosures by SunPower and its executives made from April 2024 through July 2024, a time period subsequent to Lead Plaintiff Lemou's March 29, 2024 filing of his current amended complaint.

4.      In their Opposition Brief dated August 27, 2024 (Dkt. No. 72), Defendants reference the *Rodrigues* action no fewer than 39 times, and state at page five:

> To the extent the impetus for the separate [*Rodrigues*] action was to manufacture an excuse for filing a new amended complaint before this Court has an opportunity to adjudicate Defendants' MTD—which as discussed below, is inappropriate—all counsel should be forthright with the Court and any appropriate facts considered in deciding this Motion.

5.      The insinuations of this passage are nothing short of outrageous.  As explained herein and in the September 3, 2024 Reply Brief lodged on behalf of Plaintiff Rodrigues, the filing of the *Rodrigues* Complaint had absolutely nothing to do with Defendants' pending Motion to Dismiss.  To the extent Defendants are arguing that Plaintiff Rodrigues has not asserted legitimate

claims (Opp. Br. at 5-6), the Reply Brief summarizes the multiple disturbing facts underlying the actionable claims asserted in *Rodrigues*. *See* Reply Br. at pp. 3-6; *Rodrigues* Cplt., ¶¶ 19-43; 80-115.

6.    The "impetus" for the *Rodrigues* filing*, which contains dozens of novel factual averments never set forth by Lead Plaintiff Lemou,* was that Plaintiff Rodrigues (who purchased on February 29, 2024) and other investors from mid-February 2024 to mid-July 2024 are unrepresented in the Lemou Class Action (whose Class Period ends on February 14, 2024). The Class Period alleged in *Rodrigues* therefore extends five months further than the one in *Lemou* and ends on July 19, 2024. The revelations of April through July 2024 largely concern SunPower's statements and filings made in 2023. *Rodrigues* accordingly contains allegations relating to 2023 because the fraud he alleges extends back that far. He would like those allegations, and his allegations relating to events that occurred in 2024, placed before the Court because they establish his claims.

7.    The decision to file *Rodrigues* was thus unrelated to the current Motion to Dismiss. The *Rodrigues* complaint is the result of an investigation by counsel for Rodrigues about which Lead Plaintiff Lemou and his counsel knew nothing. The decision to file was made on July 23, 2024, a few days after a new and alarming announcement was made about SunPower's business. Lead Plaintiff and his counsel knew nothing about this decision as well. However, and without having had any prior contact with them about this case, I notified Lead Counsel of our decision to file a complaint a few days before it was filed on August 6, 2024. (That Complaint was dismissed and then re-filed on August 8, 2024, as we had inadvertently named SunPower, which had only a few hours before this declared bankruptcy--the new filing did not name SunPower as a defendant). It appears, although I have no personal knowledge on this point, notice that we soon were to file

prompted Lead Counsel's email to Defendants at the end of July 2024 stating that potential additional litigation may be filed. (*See* Dkt. No. 72-2 at p. 2; Lead Counsel's email to Defendants' counsel). Plaintiff Rodrigues had already informed Defendants' counsel weeks prior to this, on June 17, 2024, that he was considering bringing such a case if he felt he had sufficient evidence in hand. (*See* Dkt. No. 72-2 at p. 11). As noted, by July 23, 2024, I believed we had solid grounds to proceed.

8. In sum, I can aver that the impetus for the *Rodrigues* filing was exactly as stated herein, and was motivated by our desire to extend the current Class Period and present new revelations. This is an extremely commonplace occurrence in securities litigation—that is, it appears at a certain time that all the facts have been revealed but they have not. This leads to later purchasers asserting that the existing Class Period ended prematurely. I would have explained all this to Defendants' counsel had they inquired prior to filing their Opposition Brief, but they failed to do so.

9. The facts submitted herein and in the Reply Brief concerning the "impetus" for the filing of *Rodrigue*s, and the investigation of that case, are true and correct and based upon my personal knowledge.

FURTHER DECLARANT SAYETH NOT.

Executed this 3rd day of September 2024 under penalty of perjury.

/s/Laurence D. Paskowitz
Laurence D. Paskowitz

3