# EXHIBIT 38

KATHERINE L. HENDERSON, State Bar No. 242676
DYLAN G. SAVAGE, State Bar No. 310452
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: khenderson@wsgr.com
         dsavage@wsgr.com

JOHN I. KARIN (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jkarin@wsgr.com

*Attorneys for Defendants*
*Peter Faricy, Elizabeth Eby,*
*and Thomas Werner*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | Case No.: 3:23-cv-05544-RFL<br><br>CLASS ACTION |
| This Document Relates to:<br><br>ALL ACTIONS | DECLARATION OF MICHAEL WEINSTEIN<br><br>Dept.: Courtroom 15, 18th Floor<br>Judge: Hon. Rita F. Lin |

I, Michael Weinstein, declare:

1.    I was previously employed by SunPower Corporation ("SunPower") as Vice President of Investor Relations from September 2021 to September 2024.  I have personal knowledge about the facts contained herein and could and would testify competently as to these facts if asked to do so.  The following statements are true to the best of my recollection.

2.    I have reviewed the Consolidated Third Amended Class Action Complaint (the "Complaint") in full, and believe that I am FE7 in the Complaint.

3.    I spoke with an individual who identified himself as an investigator.  Portions of my conversation with the investigator were cherry-picked for the Complaint.

4.    Paragraph 146 of the Complaint alleges that I "recalled the SEC investigation starting in January 2024."  This allegation is inaccurate.  I referred the investigator to SunPower's Form 8-K announcing the SEC's investigation into SunPower.  To my knowledge, no one at SunPower knew of the SEC's investigation before SunPower received the subpoena from the SEC that was disclosed in the Form 8-K.

5.    Paragraph 147 alleges that I "explained that the resignation of EY in June of 2024 made it 'very difficult to raise money.'"  This allegation omits important context from my explanation.  I explained that resignation of an auditor would make it very difficult for any company to raise money and that investors understood this fact.  Nevertheless, I was also aware that SunPower was in discussions with TotalEnergies (one of SunPower's major shareholders) during this time period about obtaining additional financing notwithstanding EY's resignation.

6.    Paragraphs 193 and 194 reference the approval process for SunPower's July 3, 2024 press release regarding SunPower's "current cash position".  I told the investigator that I do not know whether or not Thomas Werner or Elizabeth Eby reviewed or approved this press release.  I was in SunPower's Investor Relations department and a different department (the Public Relations department) issued press releases.

7.    Although I was not involved in preparing the press release, I believe the press release was accurate.  The term "cash position" refers to a snapshot of the amount of cash that a

Weinstein Declaration                    -1-                    Case No.: 3:23-cv-05544-RFL

company has at a given point in time.  By contrast, the term "cash <u>flow</u>" refers to changes in the amount of cash that a company has over a period of time.  Based on my experience in investor relations, I can confirm that this distinction is well known among investors.

8.    Starting with the first restatement, investors raised concerns with me about whether EY had questioned the amount of cash that SunPower claimed to have.  I informed investors that EY had not questioned SunPower's cash <u>position</u> and that SunPower's cash <u>position</u> had been accurately disclosed.  The July 3, 2024 press release confirmed that point continued to be true after EY's resignation, which I also discussed with investors in individual conversations.  I am not aware of a single investor who interpreted the press release to mean that SunPower's cash <u>flow</u> would be sufficient for the foreseeable future.

9.    To be clear, I have no reason to believe that any of the Defendants lied to investors and I do not support the claims alleged in Plaintiffs' Complaint.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this <u>25</u>st day of April 2025 in <u>Boca Raton</u>, <u>Florida</u>.



Michael Weinstein

Weinstein Declaration                    -2-                    Case No.: 3:23-cv-05544-RFL