**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
Austin P. Van
(*pro hac vice*)
Samantha Daniels
(*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
avan@pomlaw.com
sdaniels@pomlaw.com

[*Additional Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | Case No.: 3:23-cv-05544-RFL <br><br> CLASS ACTION |
| This Document Relates to: <br><br> *ALL ACTIONS* | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE** |

[Additional counsel on signature page]

i

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

**INTRODUCTION**

Defendants request that this Court review the contents of 44 exhibits, so that the Court may resolve factual disputes, or consider Defendants' arguments with the Complaint. Dkt. 110. Essentially, Defendants urge that these extraneous materials be accepted either for the truth of the matters they assert, or as presenting a new and different version of the facts pled by Plaintiffs. Defendants' effort is inappropriate and should be denied.

On this motion to dismiss, the "court's review is generally limited to the contents of a complaint, with the exception of materials incorporated by reference in a complaint or materials subject to judicial notice." *J.T. v. City & Cnty. of San Francisco*, 2024 U.S. Dist. LEXIS 105472, *13 (N.D. Cal. June 13, 2024) citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). *In Khoja*, the Ninth Circuit warned (*Id*. at 998):

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

Thus, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003. Likewise, judicial notice of a document is never intended to transform an otherwise inadmissible hearsay declaration into one whose truth and accuracy is assumed. *Id.* at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").

1

Here, Defendants' over-reliance on these doctrines to introduce volumes of extrinsic documents to create factual disputes is impermissible and brings to mind the "concerning pattern in securities cases" observed by the Ninth Circuit whereby defendants "exploit[] these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, at 998. When "matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion converts into a motion for summary judgment under Rule 56. Then, both parties must have the opportunity to present all the material that is pertinent to the motion." *Khoja*, 899 F.3d at 998 (internal citations omitted).

## **INCORPORATION BY REFERENCE**

The incorporation-by-reference doctrine sometimes allows a court to "treat[] certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. Through the doctrine, "a defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Id.* citing *Ritchie. Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). However, "[T]he doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. In other words, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Id.* "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims." *Id.*[1]

Here, Defendants seek to introduce purported information and facts from twenty-nine exhibits (Exhibits 2-6, 8, 10-13, 14, 19-21, 23, 25-27, 29, 30, 33, 35-41 and 44) under the incorporation-by-reference doctrine.  Twenty-one of these documents are public filings with the U.S. Securities and Exchange Commission ("SEC"), earnings call transcripts, and the Declaration of Matthew Henry publicly filed in connection with SunPower's Chapter 11 proceeding.  Plaintiffs do not dispute that the documents were referred to or relied upon in drafting Plaintiff's Complaint, but these documents may not be used by Defendants to suggest competing theories contravening the Complaint or create an alternative factual narrative. *Khoja*, 899 F.3d at 1002-03. Moreover, any documents alleged to contain the false and misleading statements (Exhibits 6, 8, 14, 25, 27, and 35) which are incorporated by reference should not be assumed true for purposes of Defendants' motion to dismiss. *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ("[T]he Court cannot [assume a document's contents to be true] when [p]laintiffs' complaint alleges that these documents contain false or misleading statements.").

Eight of the documents (Exhibits 5, 11, 12, 33 and 38-41) Defendants seek to have incorporated by reference, however, are not cited, referred to or relied upon in the TAC, do not form the basis of Plaintiffs' claims, and should not be considered by the Court in any manner.  *Khoja,* at 1005

---

[1] Ultimately, *Khoja* found an abuse of discretion regarding incorporation by reference of a *Wall Street Journal* blog post referenced only lightly in the Complaint (*id*. at 1003-04); a Form 10-K not mentioned in the Complaint (*id*. at 1005); SEC filings regarding executive compensation which Plaintiff had not referenced "extensively enough" and which Defendants tried to employ to "improperly ask[] the district court to engage in fact-finding in the course of deciding the sufficiency of the Complaint." (*id*. at 1006); a press release from which Plaintiff drew facts but never specifically cited (*id*. at 1007); and, finally, certain patent file history Defendants attempted to use to advance "reasons or explanations for [their] publishing the patent [that go] beyond the sufficiency of the alleged scheme at the pleading stage." (*id*. at 1007).

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

("Accordingly, the Complaint did not refer to this document, and the document did not form the basis of any claims. The district court abused its discretion by incorporating it.").

Exhibit 33 is a Citigroup Analyst Report dated May 20, 2024. Defendants claim this document should be incorporated by reference because it was "expressly quoted or cited" in the Complaint (Defs' RJN at 4), but there is no mention of this report by Plaintiffs and Defendants do not even attempt to claim a corresponding paragraph reference to this analyst report in the Complaint (compare Defs' RJN at 2). It should not be incorporated-by-reference.

Exhibit 5 is an internal email chain attaching a Q1 2023 going concern evaluation, dated April 18, 2023. The report may have been drafted by a lower-level "technical accounting consultant" at SunPower and shared with an E&Y Audit Manager. None of the Defendants named therein appear to have been part of the email chain nor have its accuracy, reliability or completeness been tested or verified. No contextual information surrounding the communication has been provided and Plaintiffs are unable to assess even whether the email communication provided constitutes the full chain discussing this matter. The report itself does not even appear to be final and was still subject to comment and conference calls to discuss it seem to have been contemplated. *Taylor v. Shutterfly, Inc.*, 2020 U.S. Dist. LEXIS 47931, *8 (N.D. Cal. Mar. 19, 2020) (where the authenticity of the exhibits was "subject to reasonable dispute," the court declined to consider them under the incorporation-by-reference doctrine). Defendants claim the document was "referenced" in paragraph 51 of the Complaint. But this is an internal SunPower document that Plaintiffs are seeing for the first time and there is no such reference in the Complaint. Rather, paragraph 51 discusses the extraordinary impact of NEM 3.0 on the solar industry during Q1 2023 as described by solar industry leaders. Incorporation-by-reference of Exhibits 11 and 12 is similarly improper.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

Exhibit 11 is a Q2 2023 going concern spreadsheet and Exhibit 12 is an email chain attaching a version of the Q2 2023 spreadsheet and memo.  Again, none of the Defendants are part of this email chain and Plaintiffs have had no opportunity to inquire into the source of the document, how it was created, the completeness of the documents (others within Defendants possession may contradict it) or the reliability or accuracy of the information provided.

Exhibits 5, 11, 12 and 33 are nothing like the documents in *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) relied upon by Defendants for the proposition that a Court may "incorporate-by-reference documents that a complaint relies upon, even if they are not expressly quoted or cited."  Defs' RJN at 4; and Defs' MTD at 10.  In *Coto* the document sought to be incorporated-by-reference was a "billing services agreement" which formed the entire basis for plaintiff's complaint for breach of fiduciary duty, restitution, and conversion.  In this unusual case, the Ninth Circuit found "the presentation of this case unsatisfactory in the extreme" noting "at the outset" that the basis for its conclusions "require[d] reliance on documents and arguments not adequately discussed by the parties in briefing or at oral argument." *Coto*, 593 F.3d at 1035.  The authorization over, and asserted ownership of, the funds in dispute centered on the billing agreement, making that agreement "integral" to the complaint.  *Id.* at 1038.  Also of note, the authenticity of the billing services agreement had not been challenged.  *Id.*  Such unusual circumstances are not present here.  This case concerns material misstatements and omissions by the Defendants in violation of the federal securities laws.  These documents were not prepared by Defendants – in fact we know nothing about the author of the Q2 2023 going concern spreadsheet (Exhibit 11), the accuracy of its contents, the source of its data, or the reliability of its conclusions.  Notably, the July 18, 2023 going concern memo (Exhibit 12) refers to the "demand slowdown driven by NEM 3.0" and the "NEM 3.0 cliff" calling into question the *bona fides* of any going concern conclusions as of Q2 2023.  Any effort by Defendants, at the pre-

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

discovery stage to challenge Plaintiffs' well-pled claims by attempting to introduce new facts through extrinsic documents, to challenge or reframe Plaintiffs' factual narrative or proffer new theories regarding Defendants' alleged state of mind is highly improper. *Khoja*, at 1002 (The doctrine of incorporation by reference does not permit defendants to "insert their own version of events into the complaint to defeat otherwise cognizable claims.").

This is also unlike the circumstances in *Kythera Biopharmaceuticals, Inc. v. Lithera*, 998 F. Supp. 2d 890 (C.D. Cal. 2014) relied on by Defendants.  Defs' RJN at 5.  In *Kythera Biopharmaceuticals*, the Court took judicial notice of trademark records for plaintiff's trademark registrations which were *attached to plaintiff's complaint* and plaintiffs SEC filings which were *matters of public record*. *Id.* at 897.  The documents at issue were not internal, non-public email correspondence as Defendants seek to introduce into the record here.  Nor is this like *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857 (N.D. Cal. 2022) which involved allegations by a Twitter user arising from the alleged hacking of his account and incorporation-by-reference of certain notifications sent by Twitter to affected users which notifications had been acknowledged in the complaint.  The court concluded that the notification lists could be treated as part of the complaint because their authenticity had not been challenged by plaintiff and the notifications submitted by Twitter were crucial to plaintiff's claim that he never received the notifications. *Id.* at 868.  By contrast, Exhibits 5, 11 and 12 are internal corporate documents not referenced in the complaint, do not form the basis of Plaintiffs' claims, are of unknown origin, have not been authenticated and are merely being proffered by Defendants to create a defense to Plaintiffs' well-pled allegations.

Exhibits 38 to 41 which are declarations of former SunPower employees questioned by Defendants in an effort to undermine Plaintiffs' confidential witness allegations should likewise not be incorporated-by-reference.  Indeed, Defendants even acknowledge in their motion to dismiss that these

6

declarations are "not necessary for resolution of this motion" yet nevertheless "urge the Court to review the information in the declarations (Exs. 38-41)." Motion to Dismiss TAC at fn 3. This is improper and Defendants' machinations concerning the confidential witnesses and an attempt to introduce purported "recanting declarations" should be rejected.[2] In *Union Asset Mgmt. Hldg. AG v. SanDisk LLC*, 227 F. Supp. 3d 1098 (N.D. Cal. 2017) the district court, in an extensive discussion as to the proprietary of ever submitted recanting declaration, denied defendants' motion to dismiss for improperly submitting such a declaration, stating that "while a district judge is considering a motion to dismiss, there is a strong argument that defendants should never be submitting recanting declarations, and that courts should be striking any such declarations sight unseen." *Id.* at 1101. *See also, id*. at 1099 ("The plaintiffs have filed a motion to strike the recanting declaration. This motion is granted."). Notably, confidential witnesses approached by defense counsel may be intimidated into changing their statements – or even to provide untruthful statements, fearing possible retaliation or concerns over having their identities publicly revealed. *Id.* Similar concerns caused the district court in *In re BofI Holding, Inc. Sec. Litig.*, 318 F.R.D. 129, 135-36 (S.D. Cal. 2016) to issue a protective order governing defendants' investigations of plaintiff's confidential witnesses prior to the initiation

---

[2] While declarations such as the ones sought to be incorporated by reference by Defendants here are commonly referred to as "recanting declarations" it is significant that these declarations do not actually "recant" earlier statements made by the confidential witnesses as evidenced by the minimal changes to Plaintiffs' Complaint. Plaintiffs also strongly object to any suggestion that they have utilized confidential witness statements improperly. Rather, these declarations have been offered by Defendants seemingly as evidence that they did not commit a securities violation. For example, Defendants solicited the identical, self-serving, unsubstantiated statement from each declarant broadly opining that Defendants did not lie to investors and/or that the individual does "not support the claims" alleged in the Complaint. Compare Dkt. 111-37 at ¶ 9, 111-38 at ¶ 8, 111-39 at ¶ 7, and 111-40 at¶ 7. The declarants lack the necessary expertise to reach such a conclusion. Moreover, Defendants' reliance on *Johansson v. Ferrari*, 2015 U.S. Dist. LEXIS 110578 (D. Del. Aug. 20, 2015) is misplaced. That case did not involve "recanting declarations" from confidential witnesses. Instead, it involved incorporation by reference of numerous SEC filings cited in plaintiff's complaint and a declaration that was a court filing in a bankruptcy proceeding and constituted "the very materials on which [plaintiff] bases his allegations." *Id*. at *20 and fn. 3.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

of discovery.  In doing so, the district court considered the "valid concerns presented by Lead Plaintiff" regarding defendants' "language in communicating with the confidential witnesses,[as] suggesting that they had been 'named' in the complaint, [which] had and has the potential to mar the credibility of Lead Plaintiff's counsel in the eyes of the witnesses, to influence them so as to not cooperate with Lead Plaintiff moving forward, or even to pressure confidential witnesses to give untruthful statements." For these reasons, the Court should also reject Defendants' request to incorporate by reference the declarations offered as Exhibits 38-41.[3]

## **JUDICIAL NOTICE**

Fed. R. Evid. 201 allows the Court to take judicial notice of the existence of undisputed public documents, but not the truth of the facts asserted therein.  *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2009) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."); *Huang v. Avalanche Biotechnologies, Inc.*, No. 15-cv-03185-JD, 2016 U.S. Dist. LEXIS 152891 at *10 (N.D. Cal. 2016) ("Public SEC filings are generally subject to judicial notice.  But notice is limited to what was in the public realm at the time, not whether the contents of those articles were in fact true.").

Here, Defendants request that the Court take judicial notice of thirty-seven exhibits (Exhibits 1-4, 6-10, 13-37 and 42-44) in connection with their motion to dismiss.  Certain of the exhibits (1, 3-4, 6-7, 10, 14-16, 20-21, 23, 26, 30, 32, 34, 35 and 44) are labeled as SEC filings, while Defendants label the remaining exhibits (2, 3, 6-9, 13, 17-19, 22, 23, 25, 27-29, 31, 33, 36, 42 and 43) as press

---

[3] The Stipulation filed as Dkt. 108 does not affect the wholesale incorporation by reference of the "recanting" declarations but restricts itself to certain essentially immaterial "information" contained in a revised Complaint, filed on May 15, 2025.  Defendants of course wanted Plaintiffs to accept the new declarations *in haec verba* (even where Plaintiffs thought the assertions to be erroneous or unfounded), but as can be seen by the revised TAC, Plaintiffs refused to do so.

8

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

releases, earnings call transcripts and presentations, analyst reports and published accounting standards.  Regardless of whether the exhibit is an SEC filing (*Huang*, 2016 U.S. Dist. LEXIS 152891 at *10) or a publication (*Von Saher*, 592 F.3d 954, 960) the truth of the assertions within that document may not be judicially noticed on a motion to dismiss.  *Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").

Defendants' motion and the thirty-seven documents sought to be noticed in connection with its determination, reflect "the overuse and improper application of judicial notice." *Longo v. OSI Sys,* 2020 U.S. Dist. LEXIS 104520, *6-7 (C.D. Cal. Mar. 11, 2020) (concluding that "[g]iven the number of documents" (58 documents) defendants sought to have considered in connection with their motion, such documents and arguments "would more appropriately be considered at summary judgment").  Nevertheless, Plaintiff does not object to the Court taking judicial notice of the existence of the documents here.  Some of the documents have utility, for example, in verifying the presence of certain Defendants on earnings calls or as authors of various public statements, press releases and SEC filings.  Plaintiff does object, however, to efforts by Defendants to utilize the "facts" within those documents to dispute the well-pleaded allegations of the Complaint.[4]

---

[4] At fn. 2 of the motion to dismiss memorandum, Defendants urge the Court to review certain information contained in their "Appendix A" which information they argue is "subject to judicial notice and/or incorporated by reference" and "summarized in Appendix A."  The additional arguments contained in Appendix A are both an impermissible attempt to re-paint the well-pled facts in the complaint through the judicial notice and incorporation-by-reference doctrines and an improper circumvention of the applicable 25-page limitation which was already extended by agreement and order of the Court.  Dkt. 105.  Plaintiffs will file a motion, at the time their opposition papers are submitted, to strike this Appendix.

9

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

**CONCLUSION**

For the foregoing reasons, Plaintiffs oppose the Defendants' request for the Court to examine and accept as true the information contained within the forty-four exhibits – twenty-two of which were not referenced in or relied upon in drafting the Complaint – to contest the well-pleaded facts of Plaintiffs' Complaint.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

DATED: July 14, 2025

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Austin P. Van*

Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
Austin P. Van
(*pro hac vice*)
Samantha Daniels
(*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
avan@pomlaw.com
sdaniels@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiffs*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Daniel Suarez*

David N. Lake
LAW OFFICES OF DAVID N. LAKE, APC
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Tel: (818) 788-5100
Fax: (818) 479-9990
Email: david@lakelawpc.com

PASKOWITZ LAW FIRM PC

11

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE

Laurence D. Paskowitz
(*pro hac vice*)
97-45 Queens Blvd., Ste. 1202
Rego Park, New York 11374
Telephone: (212) 685-0969
Facsimile: (718) 275-1338
lpaskowitz@pasklaw.com

LAW OFFICES OF BETH A. KELLER, P.C.
Beth A. Keller
(*pro hac vice*)
118 N. Bedford Road, Ste. 100
Mount Kisco, New York 10549
Telephone: (914) 752-3040
Facsimile: (914) 752-3041
bkeller@keller-lawfirm.com

*Additional Counsel for Charles Orr*

12