KATHERINE L. HENDERSON, State Bar No. 242676
DYLAN G. SAVAGE, State Bar No. 310452
WILSON SONSINI GOODRICH & ROSATI, P.C.
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone:  (415) 947-2000
Facsimile:  (866) 974-7329
Email:    khenderson@wsgr.com
          dsavage@wsgr.com

JOHN I. KARIN *(pro hac vice)*
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone:  (212) 999-5800
Facsimile:  (866) 974-7329
Email:        jkarin@wsgr.com


*Attorneys for Defendants Peter Faricy,*
*Elizabeth Eby, and Thomas Werner*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>*ALL ACTIONS* | Case No. 3:23-cv-05544-RFL<br><br>CLASS ACTION<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT |

**PRELIMINARY STATEMENT**

Plaintiffs move to strike Appendix A ("Appendix," Dkt. 110-3) to the Savage Declaration, submitted with and in support of Defendants' motion to dismiss the TAC. This motion is a transparent attempt to prevent the Court from properly considering the totality of Defendants' disclosures in context, as it is required to do under binding precedent. *See Police Ret. Sys. v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1060 (9th Cir. 2014) ("context in which the statements were made is key," including what "the market already knew" about "the difficulties facing [the company]" (citation omitted)); *see also Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190-91, 194 (2015) ("reasonable investor" interprets statements "fairly and in context"); *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 933 (9th Cir. 1996) ("[W]e must emphasize that the challenged statements must be viewed in context."); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"). Plaintiffs obscure and misrepresent the disclosures at issue here, and the Appendix simply culls in one place the actual disclosures for the Court's convenience (which are incorporated by reference and/or subject to judicial notice). Plaintiffs' motion to strike should be denied.

**ARGUMENT**

Plaintiffs move to strike because they claim that the Appendix was submitted in violation of the parties' stipulation on page limits and "the Court's local procedural rules." MTS (Dkt. 114) at 1-2. According to Plaintiffs, the Appendix "supplement[s] the arguments in Defendants' Motion to Dismiss Brief" and should be stricken as a "sanction" for the foregoing "violations." *Id*. Plaintiffs provide no basis for such a "sanction" here.

*First*, contrary to Plaintiffs' empty claims, there is no argument contained in the Appendix. Plaintiffs themselves admit as much, conceding the Appendix does nothing more than "set[] forth information" and "quote[]" from documents subject to judicial notice or incorporation by reference. MTS at 2. That is also clear on the face of the chart, which contains quotations and summary descriptions of Defendants' extensive disclosures for the Court's

-1-

convenience given the volume of material that the Court may properly consider. Cases have acknowledged the difference between charts that merely compile or present information the Court may otherwise properly consider, versus ones which contain argument that should have been presented in a party's brief. *E.g.*, *Tadros v. Celladon Corp.*, 2016 WL 5870002, *8 (S.D. Cal. Oct. 7, 2016) (taking judicial notice of a chart submitted by defendants solely for the court's convenience that presented a compilation of allegedly misleading statements in an "organized, easy to use format"), *aff'd*, 738 F. App'x 448 (9th Cir. 2018). All of Defendants' arguments are contained in their brief in support of their motion to dismiss. The Appendix was not provided as an end run around the page limits.

*Second*, and relatedly, Defendants have not violated the Local Rules. No Local Rule prohibits Defendants from providing a chart that summarizes and quotes from documents subject to judicial notice and incorporation by reference for the convenience of the Court. Local Rule 7-4 specifies which material must be included in a motion brief and does not include extracts from evidentiary sources, governed instead by Local Rule 7-5.[1] The Rules do not prohibit the Court from considering a summary chart if helpful to its analysis of the issues; to the contrary, this Court's Standing Order *requires* securities fraud plaintiffs to provide a similar chart for the purported misstatements. *See* Hon. Rita F. Lin Standing Order at 10-11.

The three cases Plaintiffs cite do not support their request. *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991), involved the question of whether an error in complying with local rules should be "raised to a level of jurisdictional importance" and "compromise [plaintiff's] ability to appeal." While answering that question in the negative, the Ninth Circuit observed that a "pleading" may be stricken "in appropriate cases" where local rules were violated, consistent with Fed. R. Civ. P. 12(f). There, the plaintiff had filed a 59-page brief in violation of the local rule permitting 25-page briefs. *Frank*, 923 F.2d at 140. Here, Plaintiffs do not move to strike a

---

[1] Ironically, it is Plaintiffs that appear to be attempting to circumvent the page limits with this motion. Local Rule 7-3 requires that "any evidentiary or procedural objections to the motion must be contained in the brief or memorandum."

-2-

pleading under Rule 12(f), Defendants' brief is within the page limits, and Defendants' chart does not contain arguments that must be in a brief as explained above.

*ThinkVillage-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 U.S. Dist. LEXIS 106687 (N.D. Cal. Nov. 16, 2009), and *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 U.S. Dist. LEXIS 136135 (N.D. Cal. Sept. 30, 2016) both concerned substantive legal arguments omitted from the briefs and placed instead in an attorney declaration or appendix. *Adobe* is a summary judgment case where, on reply, the movant put "counsel's argument as to why" "each fact cited by [the nonmovant] in an attempt to defeat [the motion]" "does not amount to a material dispute." 2009 U.S. Dist. LEXIS 106687, at *20-21. The Court agreed that movant's counsel "was required to include all argument within the text of the reply brief," and granted the motion to strike. *Id. Todd* involved a motion for class certification where both parties put their arguments as to typicality in appendices rather than their briefs. *See* 2016 U.S. Dist. LEXIS 136135, at *13-14 n.3 ("Plaintiffs offer virtually no argument on [typicality] within the bounds of their reply brief," instead putting "argumentative responses" to "quotations from Defendants' response brief" in an appendix, while Defendants' appendix contained "legal assertions based upon [their] own interpretations of case law"). Importantly, despite noting in a footnote that "these stratagems violate the Court's rules and diminish the effectiveness of the parties' advocacy" (*id.*), **the Court did not strike the appendices at issue**. As Plaintiffs' own authority did not strike the appendices at issue under extreme circumstances that far surpass the situation before this Court, Plaintiffs certainly cannot carry their burden of demonstrating that it is appropriate to strike Defendants' factual summary chart here.

Plaintiffs' Opposition further underscores why the Motion to Strike should be denied. For example, Plaintiffs proclaim again that Defendants "did not disclose the seriousness of the ongoing liquidity crisis" (Opp. at 3), neglecting to respond to Defendants' point that they made various disclosures regarding the very topics Plaintiffs complain were omitted throughout the Class Period, which must be considered in evaluating Plaintiffs' claims. Those arguments are contained in Defendants' Brief and in the RJN, not in the Appendix. Br. at 16 (arguing disclosures were consistent with the FE allegations and thus that allegations did not allege actual

-3-

knowledge of fraud); RJN at 3-5 (citing *Tellabs* and noting courts "must" consider documents incorporated by reference and subject to judicial notice which prevents plaintiffs from avoiding dismissal by selectively citing portions of documents and omitting portions that doom their claims); *id.* at 7 (discussing use of judicial notice to determine what was disclosed to the public); *id.* at 8 (noting courts must consider cautionary statements accompanying forward looking statements). The Appendix is merely available as a tool so the Court can more easily conduct the required analysis.

Supreme Court and Ninth Circuit authority make clear that the Court must view all of the disclosures holistically and accurately when conducting its analysis. *See supra* p. 1. Consistent with these black-letter principles, at argument on Defendants' prior motion to dismiss, the Court asked numerous questions about where to locate certain facts in documents and Defendants' counsel also referred to statements from the disclosures to clarify the Court's understanding. 2/4/25 Hr'g Tr. at 6 (counsel pointed to disclosures in exhibits in response to Court's request about where to find information on payment to Maxeon); *id.* at 50 (counsel pointed out prior disclosure regarding full draw down of financing available from Sol transaction and Court acknowledged "I didn't realize that they had drawn down the whole line of credit"). The Appendix provides the Court a convenient way to keep track of the various disclosures as it considers the parties' arguments, especially given the length and complexity of the Class Period which can present difficulties in recalling details without a quick reference. *See, e.g.*, *id.* at 38 (referring to statement being "from defendant Werner" when he was not the speaker).

While the Appendix is certainly not necessary for the Court's consideration of Defendants' arguments, the Court will likely find it helpful so that the Court does not need to go back and forth between documents and does not lose track of the actual disclosures here. Plaintiffs provide no valid reason for preventing the Court from taking advantage of this convenient assistance. The Court should deny Plaintiffs' Motion to Strike.

### CONCLUSION

Defendants respectfully request that the Court deny the Motion to Strike.

-4-

Dated:  July 28, 2025

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Katherine L. Henderson*
       Katherine L. Henderson

*Attorneys for Defendants Peter Faricy,
Elizabeth Eby, and Thomas Werner*

-5-