KATHERINE L. HENDERSON, State Bar No. 242676
DYLAN G. SAVAGE, State Bar No. 310452
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: khenderson@wsgr.com
        dsavage@wsgr.com

JOHN I. KARIN (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jkarin@wsgr.com

*Attorneys for Defendants Peter Faricy,*
*Elizabeth Eby, and Thomas Werner*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | Case No.: 3:23-cv-05544-RFL |
| | CLASS ACTION |
| This Document Relates to:<br><br>ALL ACTIONS | DEFENDANTS' REPLY IN FURTHER SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT<br><br>Hearing Date: September 2, 2025<br>Hearing Time: 10:00 a.m.<br>Dept.: Courtroom 15, 18th Floor<br>Judge: Hon. Rita F. Lin |

Defendants' RJN Reply                          Case No.: 3:23-cv-05544-RFL

## I.    INTRODUCTION

Although not framed as such, Plaintiffs' Opposition (Dkt. 113 or "RJN Opp.") to Defendants' Request for Judicial Notice and Incorporation by Reference (Dkt. 110-1 or "RJN") is largely a concession.  The parties agree that the Court should take judicial notice of all exhibits subject to Defendants' request for judicial notice and that those exhibits should not be considered for the truth of the matter asserted.  *See* RJN at 6-8 (citing Exs. 1-4, 6-10, 13-37, and 42-44); RJN Opp. at 3, 9; *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, *3 (N.D. Cal. Mar. 23, 2020) (granting unopposed request for judicial notice), *aff'd*, 848 F. App'x 278 (9th Cir. 2021).  The parties also agree that the Court should treat as incorporated by reference most of the exhibits subject to Defendants' request for incorporation by reference.   RJN at 4-5; RJN Opp. at 3 (citing Exs. 2-4, 6, 8, 10, 13, 14, 19-21, 23, 25-27, 29, 30, 35-37, and 44).  The only two disputes regarding the RJN are (1) whether the Court may consider these agreed-upon exhibits for the truth of the matter asserted, and (2) whether the remaining exhibits—the FE declarations (Exs. 38-41) and going concern analyses (Exs. 5, 11, 12)—are incorporated by reference.[1]  For the reasons set forth in Defendants' RJN and further explained below, Plaintiffs' objections are contrary to the PSLRA and Supreme Court and Ninth Circuit law.

*First*, the Court should consider the agreed-upon exhibits for the truth of the matter asserted.  Plaintiffs overreach significantly by arguing that courts may never consider documents incorporated by reference for the truth of the matter asserted.  Indeed, binding case law requires that courts do so except to the extent such documents are used to contradict ***well-pleaded*** facts in the complaint.  Because Defendants do not use the agreed-upon exhibits to contradict ***well-pleaded*** facts, the Court should consider them for the truth of the matter asserted.  *Infra* §II.A.1.

*Second*, the Court should consider the FE declarations and going concern analyses to be incorporated by reference.  Plaintiffs affirmatively chose to revise their TAC in reliance on the FE

---

[1] Defendants agree that Exhibit 33 (Citi analyst report) is judicially noticeable, but not incorporated by reference.  Defendants' chart correctly noted that Exhibit 33 was not referenced in the TAC, but the exhibit was erroneously included in the list of exhibits for which Defendants requested incorporation by reference.  RJN at 2, 4; RJN Opp. at 4, 8-9.

Defendants' RJN Reply                    -1-                    Case No.: 3:23-cv-05544-RFL

declarations and stated in the accompanying stipulation that they are "incorporate[d]" in the corrected TAC.  Plaintiffs do not get to pick and choose which parts of those declarations the Court may consider now.  The Court should also consider SunPower's going concern projections.  Plaintiffs' own TAC alleges that "SunPower's projections regarding its liquidity and financial strength could not have been solid"; those projections are the basis of Plaintiffs' claims that Statements 1 and 3 are knowingly misleading.  The Court is entitled to see those projections for itself.  *Infra* §II.A.2 below.

*Finally*, as noted above, the parties agree that the documents subject to Defendants' request for judicial notice serve useful purposes, even though they cannot be considered for the truth of the matter asserted.  Plaintiffs note a couple such purposes (RJN Opp. at 9); Defendants note more below.  *Infra* §II.B.

## II.     ARGUMENT

### A.     Incorporation by Reference

#### 1.     The Court can consider exhibits incorporated by reference for the truth of the matter asserted.

Plaintiffs concede that Exhibits 2-4, 6, 8, 10, 13, 14, 19-21, 23, 25-27, 29, 30, 35-37, and 44 (SEC filings, a press release, earning call transcripts, and the Henry Declaration) are incorporated by reference.  RJN at 4-5; RJN Opp. at 3.  Plaintiffs argue that these agreed-upon exhibits cannot be considered for the truth of the matter asserted for two reasons.  Both fail.

*First*, Plaintiffs incorrectly argue that "these documents may not be used by Defendants to suggest competing theories contravening the [TAC] or create an alternative factual narrative."  RJN Opp. at 3.  To the contrary, "courts ***must*** consider … documents incorporated into the complaint by reference" and "***must*** take into account plausible opposing inferences" therefrom. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-24 (2007) (emphases added).  The very purpose of the doctrine is to allow for proper context to be presented to the Court and to prevent Plaintiffs from cherry-picking favorable information at the expense of available contradictory information, as they do here.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d

Defendants' RJN Reply                                    -2-                          Case No.: 3:23-cv-05544-RFL

988, 1002 (9th Cir. 2018) (plaintiffs cannot be permitted to "omit[] portions of … documents ... that weaken—or doom—their claims"). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted). Courts have consistently recognized this principle persists after the Ninth Circuit's decision in *Khoja*. *See, e.g.*, *In re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, *4-5 (N.D. Cal. Oct. 16, 2018) (court can accept document incorporated by reference as true), *aff'd*, 806 F. App'x 603 (9th Cir. 2020); *Pirani v. Netflix, Inc.*, 710 F. Supp. 3d 756, 766-67 (N.D. Cal. 2024) (same).

Defendants use the agreed-upon exhibits consistent with these standards. For instance, Plaintiffs selectively quote from the Henry Declaration (Ex. 37) throughout the TAC to support their claim that Defendants knew SunPower would not have positive cash flow in the second half of 2024. ¶¶10, 83, 100, 104, 170, 172, 189; Br. at 18-19. It is squarely within the bounds of incorporation by reference and *Khoja* for Defendants to respond by quoting other parts of the same declaration. *See* Ex. 37 ¶¶36, 44 (Sol financing was intended to "bridge SunPower into Q4 2024, when SunPower projected the Company would become profitable again," and "the Debtors' stakeholders" were "[c]onfident that SunPower would once again become profitable"); *see also* Br. at 18-19. Similarly, in response to Plaintiffs' addition in the TAC that FE4 stated Alvarez & Marsal was hired in "Q1 2023" (¶129), Defendants point out that the Henry Declaration (from Alvarez & Marsal itself) states the firm was retained "[b]etween October and December 2023" (Ex. 37 ¶¶2, 10; Br. at 15 n.12). The Ninth Circuit has endorsed use of a declaration for exactly this purpose. *See NVIDIA*, 768 F.3d at 1057 & n.10 ("The timing of CW1's account conflicts with the account of Richard Hunt Hodge" whose declaration "Plaintiffs incorporate by reference … , [by] relying on portions of it in their complaint").

To take another example, Defendants cite SunPower's Q3 2023 Form 10-Q (Ex. 44) to show that "[b]y October 1, 2023 (six weeks before the settlement and two months after the August going concern statement), SunPower's accounts payable balance with Maxeon had been reduced

Defendants' RJN Reply                    -3-                    Case No.: 3:23-cv-05544-RFL

to just $3.7 million." Br. at 13. The Court must consider this fact and its plausible inferences because all parties agree that this Form 10-Q is incorporated by reference, and the TAC does not allege any well-pleaded facts showing that SunPower had not, in fact, paid nearly all its outstanding balance to Maxeon by October 1, 2023. *See In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, *5-6 (N.D. Cal. Nov. 28, 2021) (adopting defendants' argument that "the court may consider the documents incorporated by reference in order to resolve factual disputes" where "plaintiff fails to identify any well-pled allegations that are improperly disputed"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, *7 (N.D. Cal. Apr. 28, 2020) (*Khoja* does not prevent defendants from using incorporation by reference "to create factual disputes with a plaintiff's **conclusory** allegations"). Under *Tellabs*, the Court must assess the competing inferences to be drawn from this fact, which are also supported by Maxeon's public filings. *See supra* p. 2. The only reasonable inference that can be drawn is that SunPower's issuance of warrants to Maxeon was not in lieu of payment for the $29 million balance because SunPower had already paid off nearly all of that balance well before the warrant issuance and the remaining balance was paid in connection with the settlement agreement itself. Br. at 13-14.

Nothing in *Khoja* is to the contrary. At the outset, Defendants are not asking the Court to resolve factual disputes between documents incorporated by reference and any "well-pled allegations in the complaint." *Khoja*, 899 F.3d at 1014. Sticking with SunPower's Q3 2023 Form 10-Q, for example, the TAC does not contain any well-pleaded facts indicating when SunPower resumed payment to Maxeon after July 2023. Accordingly, the Court must accept as true the Form 10-Q's disclosure, which does not contradict the TAC's well-pleaded allegations, that SunPower had paid nearly all the outstanding balance by October 1, 2023.[2]

---

[2] Plaintiffs' more general gripe that Defendants attached too many exhibits to their Motion to Dismiss (RJN Opp. at 9) is hollow. The Class Period is long, involving multiple disparate and evolving disclosures over a challenging year for the Company. Defendants attached 44 exhibits because the TAC attempted to paint an inaccurate picture using many of those documents. It is not unusual for courts to consider similar numbers of documents on motions to dismiss in securities class actions, which focus on the defendants' disclosures.

Defendants' RJN Reply                    -4-                    Case No.: 3:23-cv-05544-RFL

*Second*, Plaintiffs incorrectly argue that the exhibits containing the challenged statements (Exs. 6, 8, 14, 25, 27, 36) cannot be considered for the truth of any matter asserted therein. RJN Opp. at 3. This dispute is largely a red herring, as Defendants do not ask the Court to assume the truth of the matters asserted in most of these exhibits. Rather, Defendants generally use these exhibits to illustrate their warnings and risk disclosures to investors and to place Plaintiffs' selective or inaccurate references into context. Br. at 2, 4, 6, 17. "[N]othing in *Khoja* prevents this Court from analyzing an alleged false statement in context," and *Khoja* "did not eradicate the rule that alleged false statements 'must be analyzed in context.'" *Eventbrite*, 2020 WL 2042078, at *7.

In any event, Plaintiffs misstate the law. Their cited case simply acknowledges the principle that "[a]lthough courts generally assume a document's contents to be true ... when that document is referenced in a complaint," that necessarily cannot be the case to the extent plaintiffs allege the documents themselves "contain false or misleading statements." *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017); *see also Khoja*, 899 F.3d at 1015 ("assuming the truth" of a document alleged to contain a false or misleading statement would necessarily make it "impossible ever to successfully plead a fraud claim"). Post-*Khoja*, courts continue to assume the truth of incorporated documents accordingly (*see supra* p. 3), which is fully consistent with *Khoja*'s recognition that the doctrine focuses "on how extensively a plaintiff relies on a document in its complaint, not whether a plaintiff alleged the document contained material misrepresentations or omitted facts." *Ocera*, 2018 WL 7019481, at *5.

This outcome also makes practical sense. There is no basis to assume that every statement in an incorporated document is false just because Plaintiffs attempt to allege that one such statement is false. For instance, Plaintiffs challenge as false Faricy's reaffirmation of guidance on SunPower's Q1 2023 earnings call. Ex. 8; ¶158. That the Court cannot assume this statement to be true should not impact whether the Court can accept as true other statements on the same call, particularly given Plaintiffs' admission that the TAC contains no well-pleaded facts about how closely California bookings through the first two weeks of NEM 3.0 tracked against SunPower's

Defendants' RJN Reply                    -5-                    Case No.: 3:23-cv-05544-RFL

guidance.  Opp. at 13; *see* Ex. 8 at 12 (stating that "after Q1," SunPower was still "above the midpoint of the guidance, closer to the high end of the guidance" due to booking strength in California, about which Plaintiffs plead no facts); Br. at 5.  Otherwise, Plaintiffs would have arbitrary and absolute discretion to select which facts the Court can accept or reject within a document containing a single allegedly false statement.  That cannot be, and is not, the law.

**2.     The FE declarations and going concern analyses are incorporated by reference.**

*First*, Plaintiffs' objection to incorporation by reference of the FE declarations (Exs. 38-41) falls flat.  RJN at 5; RJN Opp. at 6-8.  Plaintiffs affirmatively chose to "incorporate[]" the FE declarations into their "corrected" pleading (Dkts. 108 ¶1, 109 ¶1), and the actual FE declarations show that Plaintiffs did so in a misleading manner.  For example, in support of their claim that Werner or Eby would have reviewed the July 3, 2024 press release, Plaintiffs added to their "corrected" TAC that "FE10 has stated that former CEO 'Peter Faricy was to review press releases before they were issued.'"  Dkt. 108-2 at 62.  The quote is from FE10's declaration, but the very next sentence in the declaration—omitted from the corrected TAC—reads "I shared that I did ***not*** know whether SunPower had a policy governing whose review and approval was required before press releases could be issued ***after*** Mr. Faricy's departure."  Ex. 40 ¶5 (emphases added); *id.* ¶4 ("I told the investigator that I left SunPower in June 2024 and had no insight into SunPower's press releases or financial position after June 2024."); *see also* Ex. 38 ¶6 ("I told the investigator that I do not know whether Thomas Werner or Elizabeth Eby reviewed or approved this press release."); Ex. 39 ¶4 ("I also stated specifically that I had no idea if Thomas Werner or Elizabeth Eby approved the press release."); *id.* ¶¶5-6 ("I told the investigator that there was no requirement that particular officers approve press releases" and that "SunPower did not have a general process for drafting or approving press releases").  "Here, the incorporated documents do not 'dispute facts stated in a well-pleaded complaint,' but instead properly provide a basis for [Defendants'] argument that Plaintiffs sometimes inaccurately characterize the contents of those documents." *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022).

Plaintiffs' cited cases are inapposite. RJN Opp. at 7-8. In *SanDisk*, the court refused to consider a recanting CW declaration offered to prevent the plaintiffs from amending their complaint. *Union Asset Mgmt. Holding AG v. SanDisk LLC*, 227 F. Supp. 3d 1098, 1099-1100 (N.D. Cal. 2017). Here, Plaintiffs voluntarily "corrected" their complaint using the FE declarations, though misleadingly. *See* Dkts. 108 ¶1, 109 ¶1. Even further removed, the *BofI* court analyzed a magistrate judge's order granting an overbroad protective order regulating pre-discovery, informal investigations due to the defense counsel's overbearing tactics. *In re BofI Holding, Inc. Sec. Litig.*, 318 F.R.D. 129, 132-34 (S.D. Cal. 2016). Plaintiffs have raised no issues regarding defense counsel's tactics; to the contrary, they acknowledged the propriety of counsel's actions in obtaining the declarations by correcting multiple factual assertions that Plaintiffs had improperly attributed to the FEs in the original TAC. Plaintiffs cannot selectively choose to incorporate only certain parts of the FE declarations, represent to the Court that the TAC has been "corrected," and yet "refuse[] to" incorporate other parts of those very same declarations which refute the TAC's conclusory allegations. RJN Opp. at 8 n.3. Having acknowledged the need to "correct[]" their complaint and purported to "incorporate[]" the declarations in their "corrected" complaint, Plaintiffs cannot prevent the Court from viewing the full contents of the declarations to consider whether the TAC actually is corrected or whether it is still misleading.

*Second*, Plaintiffs do not meaningfully dispute that the going concern analyses (Exs. 5, 11, 12) form the basis of their claims, offering no alternative explanation for the TAC's express allegation that "SunPower's projections regarding its liquidity and financial strength could not have been solid." ¶51; *see* RJN Opp. at 4-5. Plaintiffs' primary complaint purports to be authenticity, but they have no basis to suggest that Defendants fabricated these documents. RJN Opp. at 4, 6; *see Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012) (where "party opposing incorporation by reference argues only that he did not review or have access to the proffered copies, this does not amount to a challenge to those documents' authenticity"); *Korman v. ILWU-PMA Claims Office*, 2019 WL 1324021, *5 (C.D. Cal. Mar. 19, 2019) (incorporation by reference appropriate where the plaintiff raised no "legally cognizable grounds"

Defendants' RJN Reply                    -7-                    Case No.: 3:23-cv-05544-RFL

to dispute authenticity).  Plaintiffs also ignore Defendants' authenticating declaration (Dkt. 110-2 ¶¶8, 14, 15), as well as the fact that the emails authenticate the attachments (Ex. 5 at 1-5; Ex. 12 at 1-2).  Plaintiffs rather assert that the documents are "internal," and they have not yet been able to "inquire" about certain of the documents' characteristics.  RJN Opp. at 4-5.  Those are not valid arguments undermining authenticity; Plaintiffs' cited case says no such thing.  *See Taylor v. Shutterfly, Inc.*, 2020 WL 1307043, *3 (N.D. Cal. Mar. 19, 2020) (authenticating declaration stated that the declarant "accessed the publicly available hyperlinks in November 2019," but did not establish that the exhibits were "true and correct copies of the promotions and disclosures as they appeared to class members in 2015 and 2016" (the time period relevant to the case)).

Plaintiffs further complain about surprise and unfairness (RJN Opp. at 4), but then do not explain how they were able to allege that "SunPower's projections regarding its liquidity and financial strength could not have been solid."  ¶51.  Moreover, they had ample opportunity to counter the substance of these analyses in their Opposition but chose not to, presumably because they have no basis for doing so.  Instead, their strategy is to ask the Court to turn a blind eye to the incorporated documents because the analyses clearly contradict their conclusory allegation about SunPower's liquidity projections and show that SunPower did "currently anticipate that our cash and cash equivalents will be sufficient to meet our obligations over the next 12 months."

Nor are Plaintiffs' efforts to escape the import of *Twitter* compelling.  RJN Opp. at 6. Plaintiffs admit the court treated as incorporated by reference "files maintained in Twitter's records that identify the user accounts that received the notifications" because they were "'crucial to [the plaintiff's] claims that [he] never received notifications.'"  *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 867 (N.D. Cal. 2022); RJN Opp. at 6 (noting same).  The same reasoning applies to the going concern analyses, which are "crucial" to Plaintiffs' claims that SunPower's expectation to have sufficient cash "could not have been solid."  ¶51; *see also Seb Inv. Mgmt. Ab v. Wells Fargo & Co.*, 742 F. Supp. 3d 1003, 1016-17 (N.D. Cal. 2024) (finding board committee report properly incorporated by reference when described in stockholders' complaint despite stockholders' protest that they did not have access to the full report when drafting their

Defendants' RJN Reply                              -8-                        Case No.: 3:23-cv-05544-RFL

complaint); *Seb Inv. Mgmt. Ab v. Wells Fargo & Co.*, No. 3:22-cv-03811-TLT, Dkt. 129-3 (RJN Opp.) at 1-2, 5-6 (N.D. Cal. Dec. 7, 2023); *Seb Inv. Mgmt. Ab v. Wells Fargo & Co.*, No. 3:22-cv-03811-TLT, Dkt. 130-1 (RJN Reply) at 2 (N.D. Cal. Jan. 2, 2024).

### B.     Judicial Notice

As noted, Plaintiffs do not oppose judicial notice of the exhibits subject to Defendants' request for judicial notice.  RJN at 6-8 (citing Exs. 1-4, 6-10, 13-37, and 42-44); RJN Opp. at 3, 9.  Although Plaintiffs object to assuming the truth of the matters asserted in these exhibits, the Court need not do so for these exhibits to be useful.  For instance, many of these exhibits are offered to show Defendants' risk disclosures—a clearly appropriate purpose.  RJN at 8; *e.g.*, Br. at 4, 17-18.

Other exhibits are offered to show that investors were aware of Defendants' disclosures.  For example, Defendants cite an analyst report (Ex. 33) indicating that "'filing delays' prevented SunPower from pursuing new financing options from '[m]ultiple providers' that had offered better terms."  Br. at 25.  It does not matter for Defendants' argument whether SunPower was in fact prevented from pursuing offers with better terms due to the lack of audited financials, although the Court did make that assumption in connection with its analysis of the July 3 press release.  What matters for Defendants' argument is that investors were aware that a lack of audited financials could impede SunPower's access to outside financing.  Exhibit 38, which is incorporated by reference, also confirms that investors were aware of this possibility, that SunPower was in discussions with Sol to get insider financing at the time of the July 3 press release, that investors understood the difference between cash position and cash flow, and that investors were focused on SunPower's audited cash position.  Ex. 38 ¶¶5-7.  Therefore, the Court can and should take judicial notice of and consider such documents for similar purposes.  *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 980-81 & n.18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants.").

## III.     CONCLUSION

For the foregoing reasons, the Court can and should consider Exhibits 1 through 44 in assessing Defendants' Motion to Dismiss.

Defendants' RJN Reply                              -9-                              Case No.: 3:23-cv-05544-RFL

Dated: August 4, 2025                              Respectfully submitted,

                                                   WILSON SONSINI GOODRICH & ROSATI
                                                   Professional Corporation

                                                   By: /s/ *Katherine L. Henderson*
                                                        Katherine L. Henderson

                                                   *Attorneys for Defendants Peter Faricy,*
                                                   *Elizabeth Eby, and Thomas Werner*