# Exhibit I

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
Austin P. Van
(*pro hac vice*)
Samantha Daniels
(*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
avan@pomlaw.com
sdaniels@pomlaw.com

[*Additional Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | Case No.: 3:23-cv-05544-RFL |
| | Class Action |
| This Document Relates to: | Judge: Hon. Rita F. Lin |
| *ALL ACTIONS* | |

**AMENDED STIPULATION OF SETTLEMENT**

This Stipulation of Settlement, dated as of January 9, 2026 and amended on February 10, 2026 (the "Stipulation") pursuant to the Order Requesting Supplemental Submissions, which embodies the terms and conditions of settlement of the above-captioned action (the "Action"), is entered into between Lead Plaintiff Bezeyem Lemou, co-plaintiffs Daniel Suarez and Charles Orr (collectively "Plaintiffs") on behalf of themselves and all members of the proposed putative Settlement Class, defined below (collectively, "Settlement Class Members") in the Action and Defendants, who are three former officers of SunPower Corporation ("SunPower"), Peter Faricy,

Elizabeth Eby, and Thomas Werner ("Defendants").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein or that were or could have been asserted therein. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

Based upon their investigation, prosecution and the early neutral evaluation of the case, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

This Stipulation constitutes a compromise of matters that are in dispute between the Parties. The Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further litigation. Each of the Defendants denies any wrongdoing, and the Term Sheet and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants or any of the Released Defendants' Parties with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of the Defendants, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein entitled "Definitions."

liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Releasing Plaintiffs' Parties' Claims as against the Released Defendants' Parties and all Released Defendants' Claims as against the Released Plaintiffs' Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## THE ACTION

On October 27, 2023, Plaintiff Jacob Warren Craven commenced this Action in the U.S. District Court for the Northern District of California, styled, *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RFL (N.D. Cal.).  ECF No. 1.  The Honorable District Judge Rita Lin was assigned the case.  ECF No. 8.

On October 30, 2023, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a notice of pendency of action was published which provided a deadline to seek lead plaintiff appointment by December 26, 2023.  After notice was published, the Court received three motions to appoint lead plaintiff and for approval of lead counsel.  ECF Nos. 15, 19, and 23.

On January 29, 2024, the Court ordered a stipulation filed by Lemou and Ozlem Yetim appointing them as Co-Lead Plaintiffs and appointing Pomerantz LLP and Hagens Berman Sobol Shapiro LLP as Co-Lead Counsel.  ECF No. 38.

On March 29, 2024, Lemou filed the First Amended Complaint.  ECF No. 51.

On April 8, 2024, the Court granted Yetim's and Hagens Berman's motion to withdraw. ECF No. 53.

The First Amended Complaint alleged that Mr. Faricy, Ms. Eby, and SunPower violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements regarding SunPower's financial health. The First Amended Complaint alleged these claims on behalf of investors who purchased or otherwise acquired SunPower securities between May 3, 2023, and February 14, 2024, dates inclusive, and were damaged as a result.

On May 24, 2024, the then-defendants moved to dismiss the First Amended Complaint. ECF No. 58. On June 16, 2024, Plaintiffs opposed the motion to dismiss (ECF No. 59), and the then-defendants filed their reply in further support of their motion to dismiss on July 9, 2024. ECF No. 60. On July 24, 2024, the Court vacated the hearing on the motion to dismiss and indicated the Court would issue a written order on the motion. ECF No. 62.

On August 7, 2024, SunPower filed a notice of bankruptcy. ECF No. 63. On August 12, 2024, Plaintiff voluntarily dismissed SunPower as a named defendant. ECF No. 65.

On September 11, 2024, the Court granted Plaintiff's unopposed motion to consolidate the case and a related, later-filed one (titled *Rodrigues v. SunPower et al.*, Case No. 3:24-cv-04896-RFL). The Court accordingly denied the motion to dismiss (ECF No. 58) as moot and ordered Plaintiff to file a consolidated second amended complaint by September 25, 2024. ECF No. 78.

On September 25, 2024, Plaintiffs filed their Second Amended Complaint, which expanded the class period from May 3, 2023 to July 19, 2024, dates inclusive, and added Mr. Werner as a defendant. ECF No. 79. On October 25, 2024, Defendants moved to dismiss the Second Amended Complaint (ECF No. 88), which Plaintiffs opposed on November 25, 2024. ECF No. 90. On December 18, 2024, Defendants filed their reply in further support of their motion to dismiss. ECF No. 91.

On February 4, 2025, the Court held a hearing on the motion to dismiss which was taken under submission. ECF No. 93. On March 6, 2025, the Honorable Judge Lin granted in part and denied in part the motion to dismiss with leave to amend. ECF No. 97.

On April 17, 2025, Plaintiffs filed their Third Amended Complaint. ECF No. 103. On May 15, 2025, Plaintiffs filed a corrected Third Amended Complaint. ECF Nos. 108, 109. On May 27, 2025, Defendants moved to dismiss the corrected Third Amended Complaint (ECF No. 110), which Plaintiffs opposed on July 14, 2025. ECF No. 112. On August 4, 2025, Defendants filed their reply in further support of their motion to dismiss. ECF No. 116. After agreeing to attend mediation, the Parties agreed to defer the September 2, 2025, hearing on that motion to November 4, 2025. ECF No. 120.

On September 15, 2025, the Parties participated in an all-day mediation session presided over by experienced mediator Jed Melnick of JAMS. In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability and damages. The mediation was not successful in resolving this matter on that day, but the Parties continued to exchange information about damages.

On October 24, 2025, the Court vacated the upcoming hearing on the motion to dismiss, notifying the Parties the Court would decide the matter on the papers. ECF No. 123.

On November 6, 2025, the Parties' agreed to a mediator's proposal to settle the Action in principle and release all claims asserted against Defendants in the Action in exchange for an all-cash payment of $11,000,000.00 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers and Court approval. The agreement was memorialized in a term sheet (the "Term Sheet") which was fully executed on November 16, 2025. The Term Sheet sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment on behalf of Defendants of eleven million U.S. dollars ($11,000,000.00) for the benefit of the Settlement Class.

On November 6, 2025, the Parties filed a Joint Notice of Forthcoming Settlement and [Proposed] Order Staying Proceedings informing the Court that a settlement had been reached. ECF No. 125. On November 7, 2025, the Court granted the request to stay the proceedings, ordering that by December 19, 2025, the Parties shall file either: (1) a status update; or (2) a

stipulation of settlement and motion for preliminary approval. The deadline was thereafter extended to January 5, 2026 and then to January 9, 2026. ECF Nos. 128, 129.

**DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the putative securities class action currently pending in the United States District Court for the Northern District of California styled, *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RFL (N.D. Cal.), and includes all actions consolidated therein.

(b)      "Amended Complaint" means the corrected Third Amended Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on May 15, 2025. ECF Nos. 108, 109.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)      "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)      "Claims Administrator" means the firm Angeion Group, which shall provide all notices approved by the Court to potential Settlement Class Members and administer the Settlement.

(h)      "Class Counsel" means Pomerantz LLP.

(i)      "Class Distribution Order" means an Order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)      "Class Period" means the Class Period set forth in the Amended Complaint (i.e.,

May 3, 2023, to July 19, 2024, both dates inclusive).

(k) "Court" means the United States District Court for the Northern District of California.

(l) "Defendants" means, collectively, the three former officers of SunPower: Peter Faricy, Elizabeth Eby, and Thomas Werner.

(m) "Defendants' Counsel" means Wilson Sonsini Goodrich & Rosati, P.C.

(n) "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 34 of this Stipulation have been met and have occurred or have been waived.

(o) "Email Notice" means the notice which, subject to Court approval, shall be substantially in the form attached hereto as Exhibit A-5, and which shall be provided to Settlement Class Members for whom the Claims Administrator is able to obtain an email address.

(p) "Escrow Account" means an account maintained at Huntington Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q) "Escrow Agent" means Huntington Bank or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court in connection with the Settlement.

(r) "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s) "Final," with respect to the Judgment or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial

review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, including Litigation Expenses, or (ii) the Plan of Allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(t)    "Final Approval Order" means the Order, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(u)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, marital communities, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)    "Judgment" means the final judgment providing that this Action is dismissed with prejudice, substantially in the form attached hereto as Exhibit C, to be entered by the Court approving the Settlement.

(w)    "Lead Counsel" means Pomerantz LLP.

(x)    "Lead Plaintiff" means Court-appointed Lead Plaintiff Bezeyem Lemou.

(y)    "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Plaintiffs' Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(z)    "Long Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be posted to the Settlement website.

(aa)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other fees or expenses approved by the Court.

(bb)    "Nominee Letter" means the letter which, subject to Court approval, shall be mailed to banks, brokers, and nominees, substantially in the form attached hereto as Exhibit A-6.

(cc)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Plaintiffs' Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(dd)    "Parties" means the Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(ee)    "Plaintiffs" means Bezeyem Lemou, Daniel Suarez and Charles Orr on behalf of themselves and all members of the Settlement Class.

(ff)    "Plaintiffs' Counsel" means the law firms of Pomerantz LLP, Portnoy Law Firm, Paskowitz Law Firm PC, Law Offices of David Lake APC, and Law Offices of Beth A Keller PC.

(gg)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Long Notice, in the form attached hereto as Exhibit A-1, or such other plan of allocation as the Court may approve.

(hh)    "Postcard Notice" means the postcard form notice which, subject to Court approval, shall be substantially in the form attached hereto as Exhibit A-4, and which shall be mailed first class, postage prepaid, to Settlement Class Members and third-party nominees and custodians that can be identified through reasonable investigation.

(ii)    "Preliminary Approval Order" means the Order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(jj)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(kk)    "Released Claims" means all Released Defendants' Claims and all Releasing Plaintiffs' Parties' Claims.

(ll)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown claims, whether arising under federal, state,

common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants and Unknown Claims that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and the Released Defendants' Parties, any claims between the Defendants and the Released Defendants' Parties and their respective insurers, or any claims against any person or entity who or which submits a valid and timely request for exclusion from the Settlement Class.

(mm)   "Released Defendants' Parties" means (i) each Defendant and SunPower; (ii) the family members of the Defendants; (iii) direct or indirect parent entities, including Sol Holding, LLC, TotalEnergies SE, Global Infrastructure Management, LLC, direct and indirect subsidiaries, related entities, and all affiliates of SunPower, and their affiliated entities, directors, officers, employees, or agents; (iv) any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which Defendants have a controlling interest; all in their capacities as such. For the avoidance of doubt, this release shall not include the release of any claims that already have been brought derivatively on behalf of SunPower related to the conduct outlined in the Action. The Released Defendants' Parties are intended as third-party beneficiaries of this Settlement.

(nn)     "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(oo)     "Releasing Plaintiffs' Parties' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, controversies, disputes, debts, sums of money, suits,

contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), whether known or unknown claims, in law or in equity, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal, state, common or foreign law, that: (i) are or have been asserted in any complaint in this Action or (ii) could have been asserted in any forum that arise out of, are based on, or relate in any way, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, conduct, failures to act, representations or omissions that were alleged, involved, set forth, or referred to, in any of the complaints filed in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of SunPower securities by any members of the Settlement Class, including Unknown Claims. Releasing Plaintiffs' Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a valid and timely request for exclusion from the Settlement Class.  This release will not impact Plaintiffs' Counsel's right to seek attorneys' fees and Litigation Expenses as provided in ¶ 17.

(pp)    "Released Plaintiffs' Parties" means (i) Plaintiffs, all Settlement Class Members, any other plaintiffs in the Action and their counsel, Plaintiffs' Counsel, liaison counsel or referring counsel, and (ii) each of their respective Immediate Family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

(qq)    "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(rr)    "Settlement Amount" means eleven million U.S. Dollars and zero cents

($11,000,000.00) in cash to settle the Action.

(ss)    "Settlement Class" means all persons and entities who purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, between May 3, 2023 and July 19, 2024, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of SunPower, at all relevant times; (iii) members of the Immediate Family of each of the Defendants; (iv) all subsidiaries and affiliates of SunPower and the directors and officers of such subsidiaries or affiliates; (v) all firms, trusts, corporations, and any other entity in which any of the Defendants has a controlling interest; (vi) the presiding Judge, their staff, and the immediate family members of the Judge and their staff; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

(tt)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(uu)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(vv)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ww)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(xx)    "Supplemental Agreement" means the separate confidential agreement executed concurrently with the execution of the Stipulation of Settlement providing Defendants shall have the option to terminate the Settlement upon the conditions specified therein.

(yy)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Plaintiffs' Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys

and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(zz)    "Term Sheet" means the Parties' agreement to fully and finally settle and release all claims that were asserted against Defendants in the Action in return for a payment on behalf of Defendants of eleven million U.S. dollars and zero cents ($11,000,000.00) for the benefit of the Settlement Class as memorialized in a term sheet executed on November 16, 2025.

(aaa)    "Termination Notice" is a written notice from either Plaintiffs or Defendants to the other Party providing notice of their election to terminate the Settlement and this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Final Approval Order or the Judgment in any material respect as to the Settlement; (d) the date upon which the Final Approval Order or the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the occurrence of the conditions set forth in ¶ 39 below.

(bbb)    "Unknown Claims" means any Releasing Plaintiffs' Parties' Claims which any Plaintiff or any other Released Plaintiffs' Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Released Defendants' Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Settlement Class Member's decision not to opt-out or object.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the Released Defendants' Parties and each of the Released Plaintiffs' Parties shall be deemed to have waived, and by operation of the Final Approval Order and the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law, including of any state or territory of the United States, or principle of common law or

foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, Defendants, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties  may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs, Defendants, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties  shall be deemed to have waived, and by operation of the Final Approval Order and the Judgment shall have expressly waived, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.    Plaintiffs will file a motion for preliminary approval of the Settlement by January 9, 2026 and shall provide a draft of their motion for preliminary approval to Defendants' counsel by December 31, 2025.  The Parties shall cooperate in good faith to obtain efficient Court approval of the Settlement, including coordination over the manner in which to present the motions for preliminary and final approval, including characterization of the Settlement Amount contained therein.  The motions shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.    The obligations incurred pursuant to this Stipulation are in consideration of: (i) the

full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4.    Upon the Effective Date, the Released Plaintiffs' Parties shall be deemed to have fully and forever released the Releasing Plaintiffs' Parties' Claims as against the Released Defendants' Parties and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Releasing Plaintiffs' Parties' Claims against any and all of the Released Defendants' Parties. This release shall apply regardless of whether any Released Plaintiffs' Party has executed a Proof of Claim Form, received notice, participated in the Settlement Fund, filed an objection or had his, her or its Claim approved or allowed.

5.    Upon the Effective Date, the Released Defendants' Parties shall be deemed to have fully and forever released the Released Defendants' Claims as against the Released Plaintiffs' Parties and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Released Defendants' Claims against any and all of the Released Plaintiffs' Parties.

6.    Notwithstanding ¶¶ 4–5 above, nothing in the Final Approval Order or the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation, the Final Approval Order, or the Judgment.

## THE SETTLEMENT CONSIDERATION

7.    Defendants agree to cause to be paid by Defendants' insurers a total of $11,000,000 in cash to settle the Action.  In consideration for the comprehensive Releases (defined in ¶¶ 4–5), Defendants agree to cause their insurers to make the payment of the Settlement Amount into the Escrow Account within thirty (30) days of the later of: (a) the Court entering an order granting preliminary approval of the Settlement substantially in the form of Exhibit A, or (b) Defendants' receipt from Plaintiffs and Plaintiffs' Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including a signed W-9 reflecting a valid taxpayer identification number, transfer instructions, and a telephonic point of contact to verify the instructions.  Any claim for Taxes, Notice and Administration Costs,

Litigation Expenses, attorneys' fees, and any other fees or expenses will be paid from the Settlement Amount.

8.    Defendants' sole payment obligation under this Settlement is set forth in ¶ 7, and under no circumstances shall the Defendants have any obligation to make any other or greater payment for any purpose pursuant to the Settlement.

## CERTIFICATION OF SETTLEMENT CLASS

9.    Solely for purposes of and in connection with this Settlement, and subject to approval by the Court, the Parties consent to certification of the Settlement Class, with Plaintiffs as the Class Representatives of the Settlement Class. The certification of the Settlement Class shall be binding only with respect to the Settlement.

## USE OF SETTLEMENT FUND

10.   The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses or other fees or costs awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in the Plan of Allocation.

11.   Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term

placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Defendants and Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

12. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants or the Released Defendants' Parties shall not have any liability or responsibility whatsoever for any such filings or Taxes. Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B 2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. Defendants or the Released Defendants' Parties shall not have any liability or responsibility whatsoever for making or not making such elections or actions.

13. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants or the Released Defendants' Parties shall have no responsibility or liability whatsoever for the acts or omissions of Plaintiffs' Counsel, the

Escrow Agent, or their respective agents with respect to the payment of Taxes, as described herein.

14.    The Settlement is not a claims-made settlement.  Defendants have no right of reversion.  Upon the occurrence of the Effective Date, no Defendant, Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims (as defined in the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable up to $500,000.00.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees and Taxes, shall not be returned or repaid to Defendants, any of the Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount.

16.    It shall be Lead Counsel's sole responsibility to provide, publish, or post the Long Notice, Postcard Notice, Email Notice, and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to Defendants or the Released Defendants' Parties with respect to any claim that arises from any failure of the notice process.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

17.     Plaintiffs' Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from the Settlement Fund, which will include interest accrued from the time of the creation of the Settlement Fund.   Plaintiffs' Counsel also will apply to the Court for reimbursement of Litigation Expenses with interest, which may include a request for reimbursement of Plaintiffs' costs and expenses, including time and/or lost wages incurred in prosecuting the Action, directly related to their representation of the Settlement Class, to be paid from the Settlement Fund.  Plaintiffs' Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

18.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Plaintiffs' Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after: (a) providing or receiving from Defendants' Counsel a Termination Notice; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Any award(s) with respect to attorneys' fees and Litigation Expenses will not affect the validity or finality of the Settlement.  Neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.  Any reversal or modification of an attorneys' fees and Litigation Expenses award will not operate to terminate the

Settlement or affect the finality or binding nature of the Settlement.

19.    Plaintiffs' Counsel shall allocate the attorneys' fees in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  Other than the obligation to cause the Settlement Amount to be funded, Defendants or the Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.  Under no circumstances shall Defendants and the Released Defendants' Parties be responsible to pay any portion of Plaintiffs' Counsel's attorneys' fees and/or any Litigation Expenses or any Settlement Class Members' attorneys' fees or expenses whatsoever, and all attorneys' fees and expenses awarded to Plaintiffs' Counsel and/or other attorneys representing one or more Settlement Class Members shall be paid from, and not in addition to, the Settlement Amount.

## NOTICE AND SETTLEMENT ADMINISTRATION

20.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. The Claims Administrator will file the declaration required by the Standing Order for Civil Cases Before Judge Rite F. Lin. None of the Defendants, nor any other Released Defendants' Parties, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Plaintiffs' Counsel in connection with the foregoing.

21.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice or email the Email Notice to those members of the Settlement Class as may be identified through

reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

22. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation) compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Long Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

23. The Plan of Allocation is separate from the Settlement, and will be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order of the Court modifying or rejecting the Plan of Allocation will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement, including the Releases. Defendants shall have no responsibility or liability for the Plan of Allocation or the allocation of the Net Settlement Fund.

24. Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Final Approval Order and the Judgment to be entered in the Action and the Releases, and will be permanently barred from bringing any action, claim, or other proceeding of any kind against Defendants or the Released Defendants' Parties with respect to the Releasing Plaintiffs' Parties' Claims in the event that the Effective Date occurs with respect to the Settlement.

25. Plaintiffs' Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, nor any of the Released Defendants' Parties, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or

technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

26. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a) Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b) All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Long Notice, Postcard Notice, Summary Notice and Email Notice. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Approval Order and the Judgment and the Releases, and will be permanently barred from bringing any action, claim or other proceeding of any kind against any Defendants or the Released Defendants' Parties with respect to any Releasing Plaintiffs' Parties' Claims. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c) Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d) Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the

22
STIPULATION OF SETTLEMENT - 3:23-cv-05544-RFL

Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery whatsoever shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

28.    Plaintiffs' Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.    No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6)

months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Costs, Taxes, and attorneys' fees and expenses and other awards approved by the Court, if any, redistribute such balance among Authorized Claimants who have cashed their checks sent in the initial distribution and who would receive a minimum of $10.00 as part of an additional distribution, in an equitable and economic fashion. Such additional distributions shall be repeated every six months until the balance remaining in the Net Settlement Fund is reduced to a de minimis level such that, in the reasonable judgment of Lead Counsel, it no longer makes economic sense, considering costs of distribution, to attempt to make further distributions. Any balance that thereafter still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, and after payment of outstanding Notice and Administration Costs, Taxes, attorneys' fees and expenses and other awards approved by the Court, shall be donated to a 501(c)(3) non-profit organization serving the public interest designated by Lead Counsel that has no affiliation or financial relationship with Plaintiffs' Counsel, Plaintiffs, Defendants, their affiliates, or Defendants' Counsel, and is approved by the Court.

30.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Approval Order and the Judgment, to be entered in this Action and the Releases, and will be permanently barred from bringing any action against any and all Defendants or the Released Defendants' Parties with respect to any and all of the Releasing Plaintiffs' Parties' Claims.

31.    No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel, or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of

the Court.  Plaintiffs and Defendants, and their respective counsel, and all other Released Defendants' Parties and Released Plaintiffs' Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

32.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGEMENT

33.    In connection with the motion for final approval of the Settlement, Plaintiffs' Counsel shall request that the Court enter the Final Approval Order and the Judgment, substantially in the forms attached hereto as Exhibits B and C.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

34.    The Effective Date of the Settlement shall be conditioned on the occurrence of the following events:

(a)    Execution of the Stipulation of Settlement and such other documents as may be required to obtain final Court approval of the Stipulation of Settlement in a form satisfactory to the Parties;

(b)    The Court's entry of the Preliminary Approval Order, substantially in the form set forth in Exhibit A, as required by ¶ 2 above;

(c)    The deposit of the Settlement Amount into the Escrow Account;

(d)    None of the Parties have terminated the Settlement; and

25
STIPULATION OF SETTLEMENT - 3:23-cv-05544-RFL

(e)    The Court's entry of the Final Approval Order and the Judgment approving the Stipulation of Settlement following notice to the Settlement Class and the Settlement Hearing, and the Final Approval Order and the Judgment have become Final.

35.    Upon the occurrence of all of the events referenced in ¶ 34 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases shall be effective.

36.    Reserved.

37.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation and the Term Sheet shall be canceled and terminated, and none of those terms shall be effective or enforceable.

(b)    Plaintiffs and Defendants shall revert to their respective positions in the Action as of November 16, 2025 prior to the execution of the Term Sheet and they shall proceed in all respects as if the Term Sheet and this Stipulation had not been executed, and without prejudice in any way from the negotiation, fact, or terms of this Settlement.

(c)    The terms and provisions of this Stipulation, with the exception of ¶¶ 37(b), 37(d), 40, 46, 54, 62, 63, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within fifteen (15) business days after a Termination Notice is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Plaintiffs' Counsel consistent with ¶ 18 above), less any Notice and Administration Costs actually incurred, paid or payable, and less any Taxes paid, due or owing shall be returned to the persons or entities paying the same in accordance with instructions provided by Defendants' Counsel.

38.    Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing a Termination Notice.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any Plan of Allocation shall not be considered material to the Settlement, shall not affect the finality of the Final Approval Order or the Judgment, and shall not be grounds for termination of the Settlement.

39.    Plaintiffs shall have the right to terminate the Settlement in the event that any material terms of the Settlement are breached.  In addition to the grounds set forth above, Defendants shall have the right to terminate the Settlement in the event that any material terms of the Settlement are breached or Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential Supplemental Agreement with Plaintiffs, in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Long Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

40.    None of the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any act or proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants or the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendants' Parties with respect to the truth

of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Released Defendants' Parties or in any way referred to for any other reason as against any of the Defendants or the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Defendants or the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Released Defendants' Parties or Released Plaintiffs' Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however,* that if this Stipulation is approved by the Court, the Parties, the Released Defendants' Parties, the Released Plaintiffs' Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**NOTICE AS REQUIRED BY CAFA**

41.    Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").  Defendants shall provide a copy of such notices as well as proof of service of such notices to Plaintiffs'

Counsel. The costs of any CAFA notice and the administration thereof shall be paid by Defendants separately from the payment of the Settlement Amount set forth in paragraph 7 above.

### MISCELLANEOUS PROVISIONS

42. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation, the Term Sheet and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

43. Defendants and Released Defendants' Parties may file the Stipulation the Final Approval Order, and/or the Judgment in any action that has been or may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by any Released Plaintiffs' Party against any of the Released Defendants' Parties with respect to any Releasing Plaintiffs' Parties' Claims, or brought by any Released Defendants' Party against any of the Released Plaintiffs' Parties with respect to any Released Defendants' Claims.

44. Reserved.

45. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants or the Released Defendants' Parties with respect to the Releasing Plaintiffs' Parties' Claims, including Unknown Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action, and the Final Approval Order shall contain a finding that all Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and

settlement of the Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

46. The Term Sheet and this Stipulation of Settlement are not admissions or concessions by any of the Parties as to any matter in dispute in the Action, and all Defendants have denied, and continue to deny, that they have committed or are liable for any of the claims asserted in the Action. Defendants make no admission of liability or wrongdoing, and each Defendant denies all claims or liability and/or wrongdoing.

47. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest). The Parties may agree to immaterial modifications of the Claim Form, the Postcard Notice, the Email Notice, the Long Notice, and the Summary Notice without approval from the Court.

48. The headings herein are used for the purpose of convenience only and are not meant to have legal effect. Such headings shall not be considered a part of this Stipulation of Settlement, and neither shall they limit, modify, or affect in any way the meaning or interpretation of it.

49. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

50. Any waiver of any of the terms of this Stipulation must be in writing. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

51.    This Stipulation and its exhibits and the Supplemental Agreement and the Term Sheet constitute the entire agreement among Plaintiffs and the Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement or the Term Sheet other than those contained and memorialized in such documents and the parties disclaim reliance upon any such other agreements or representations.

52.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

53.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Released Defendants' Parties and Released Plaintiffs' Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

54.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55.    Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

56.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

57.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full

authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

58.    Plaintiffs' Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

59.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission.  Notice shall be provided as follows:

60.    If to Plaintiffs or Plaintiffs' Counsel:

> POMERANTZ LLP
> Attn:   Jeremy A. Lieberman, Esq.
> 600 Third Avenue, 20th Floor
> New York, New York 10016-1917
> Telephone: (212) 661-1100
> Email:  jalieberman@pomlaw.com

If to Defendants:

> WILSON SONSINI GOODRICH & ROSATI
> Professional Corporation
> Attn:   Katherine L. Henderson
> One Market Plaza
> Spear Tower, Suite 3300
> San Francisco, CA 94105
> Telephone: (415) 947-2000
> Email: khenderson@wsgr.com
>
> John I. Karin
> 31 W 52nd Street
> Fifth Floor
> New York, NY 10019
> Telephone: (212) 999-5800
> Email: jkarin@wsgr.com

61.    Except as otherwise provided herein, each Party shall bear its own costs.

62.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties, Defendants' insurers, and their respective counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

63.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

64.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

65.    The Parties agree that, other than disclosures required by law, there will be no public announcements regarding the Settlement. Once the Stipulation is filed with the Court, any comments from the Parties regarding this resolution will not substantially deviate from words to the effect that the Parties have reached a mutually agreeable resolution by way of a mediated settlement, and each Party may characterize the Settlement as favorable. This provision does not affect Plaintiffs' notice requirements under the PSLRA, Federal Rule of Civil Procedure 23(e), or any other applicable legal requirements.

66.    All proceedings in the Action other than settlement approval proceedings will remain stayed until a Termination Notice is provided.

67.    Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

## **SIGNATURES**

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 9, 2026, and as of February 10, 2026, pursuant to the Order Requesting Supplemental Submissions.

**SIGNED:**

| | |
|---|---|
| **POMERANTZ LLP** | **WILSON SONSINI GOODRICH & ROSATI** |
| | Professional Corporation |

*/s/ Austin P. Van*

Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
Austin P. Van
(*pro hac vice*)
Samantha Daniels
(*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
avan@pomlaw.com
sdaniels@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiffs*

*/s/ John I. Karin*

Katherine L. Henderson (SBN 242676)
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: khenderson@wsgr.com

John I. Karin (*pro hac vice*)
31 W 52nd Street
Fifth Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jkarin@wsgr.com

*Attorneys for Defendants Peter Faricy, Elizabeth Eby, and Thomas Werner*

*/s/ Lesley F. Portnoy*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Daniel Suarez*

*/s/ Laurence D.  Paskowitz*

David N. Lake
LAW OFFICES OF DAVID N.  LAKE, APC
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Tel: (818) 788-5100
Fax: (818) 479-9990
Email: david@lakelawpc.com

PASKOWITZ LAW FIRM PC
Laurence D. Paskowitz
(*pro hac vice*)
97-45 Queens Blvd., Ste. 1202
Rego Park, New York 11374
Telephone: (212) 685-0969
Facsimile: (718) 275-1338
lpaskowitz@pasklaw.com

LAW OFFICES OF BETH A. KELLER, P.C.
Beth A. Keller
118 N. Bedford Road, Ste. 100
Mount Kisco, New York 10549
Telephone: (914) 752-3040
Facsimile: (914) 752-3041
bkeller@keller-lawfirm.com

*Additional Counsel for Charles Orr*

## ATTESTATION PURSUANT TO L.R.  5-1(h)(3)

I hereby attest that all signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

/s/ Austin Van
Austin Van

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
Austin P. Van
(*pro hac vice*)
Samantha Daniels
(*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
avan@pomlaw.com
sdaniels@pomlaw.com

[*Additional Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | Case No.: 3:23-cv-05544-RFL<br><br>Class Action |
| This Document Relates to:<br><br>*ALL ACTIONS* | Judge: Hon. Rita F. Lin |

**AMENDED STIPULATION OF SETTLEMENT**

        This Stipulation of Settlement, dated as of January 9, 2026 and amended on February 10, 2026 (the "Stipulation"),") pursuant to the Order Requesting Supplemental Submissions, which embodies the terms and conditions of settlement of the above-captioned action (the "Action"), is entered into between Lead Plaintiff Bezeyem Lemou, co-plaintiffs Daniel Suarez and Charles Orr (collectively "Plaintiffs") on behalf of themselves and all members of the proposed putative Settlement Class, defined below (collectively, "Settlement Class Members") in the Action and Defendants, who are three former officers of SunPower Corporation ("SunPower"), Peter Faricy,

Elizabeth Eby, and Thomas Werner ("Defendants").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein or that were or could have been asserted therein.  This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

Based upon their investigation, prosecution and the early neutral evaluation of the case, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  The Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further litigation.  Each of the Defendants denies any wrongdoing, and the Term Sheet and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants or any of the Released Defendants' Parties with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of the Defendants, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein entitled "Definitions."

liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Releasing Plaintiffs' Parties' Claims as against the Released Defendants' Parties and all Released Defendants' Claims as against the Released Plaintiffs' Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## THE ACTION

On October 27, 2023, Plaintiff Jacob Warren Craven commenced this Action in the U.S. District Court for the Northern District of California, styled, *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RFL (N.D. Cal.). ECF No. 1. The Honorable District Judge Rita Lin was assigned the case. ECF No. 8.

On October 30, 2023, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a notice of pendency of action was published which provided a deadline to seek lead plaintiff appointment by December 26, 2023. After notice was published, the Court received three motions to appoint lead plaintiff and for approval of lead counsel. ECF Nos. 15, 19, and 23.

On January 29, 2024, the Court ordered a stipulation filed by Lemou and Ozlem Yetim appointing them as Co-Lead Plaintiffs and appointing Pomerantz LLP and Hagens Berman Sobol Shapiro LLP as Co-Lead Counsel. ECF No. 38.

On March 29, 2024, Lemou filed the First Amended Complaint. ECF No. 51.

On April 8, 2024, the Court granted Yetim's and Hagens Berman's motion to withdraw. ECF No. 53.

The First Amended Complaint alleged that Mr. Faricy, Ms. Eby, and SunPower violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements regarding SunPower's financial health. The First Amended Complaint alleged these claims on behalf of investors who purchased or otherwise acquired SunPower securities between May 3, 2023, and February 14, 2024, dates inclusive, and were damaged as a result.

On May 24, 2024, the then-defendants moved to dismiss the First Amended Complaint. ECF No. 58. On June 16, 2024, Plaintiffs opposed the motion to dismiss (ECF No. 59), and the then-defendants filed their reply in further support of their motion to dismiss on July 9, 2024. ECF No. 60. On July 24, 2024, the Court vacated the hearing on the motion to dismiss and indicated the Court would issue a written order on the motion. ECF No. 62.

On August 7, 2024, SunPower filed a notice of bankruptcy. ECF No. 63. On August 12, 2024, Plaintiff voluntarily dismissed SunPower as a named defendant. ECF No. 65.

On September 11, 2024, the Court granted Plaintiff's unopposed motion to consolidate the case and a related, later-filed one (titled *Rodrigues v. SunPower et al.*, Case No. 3:24-cv-04896-RFL). The Court accordingly denied the motion to dismiss (ECF No. 58) as moot and ordered Plaintiff to file a consolidated second amended complaint by September 25, 2024. ECF No. 78.

On September 25, 2024, Plaintiffs filed their Second Amended Complaint, which expanded the class period from May 3, 2023 to July 19, 2024, dates inclusive, and added Mr. Werner as a defendant. ECF No. 79. On October 25, 2024, Defendants moved to dismiss the Second Amended Complaint (ECF No. 88), which Plaintiffs opposed on November 25, 2024. ECF No. 90. On December 18, 2024, Defendants filed their reply in further support of their motion to dismiss. ECF No. 91.

On February 4, 2025, the Court held a hearing on the motion to dismiss which was taken under submission. ECF No. 93. On March 6, 2025, the Honorable Judge Lin granted in part and denied in part the motion to dismiss with leave to amend. ECF No. 97.

On April 17, 2025, Plaintiffs filed their Third Amended Complaint. ECF No. 103. On May 15, 2025, Plaintiffs filed a corrected Third Amended Complaint. ECF Nos. 108, 109. On May 27, 2025, Defendants moved to dismiss the corrected Third Amended Complaint (ECF No. 110), which Plaintiffs opposed on July 14, 2025. ECF No. 112. On August 4, 2025, Defendants filed their reply in further support of their motion to dismiss. ECF No. 116. After agreeing to attend mediation, the Parties agreed to defer the September 2, 2025, hearing on that motion to November 4, 2025. ECF No. 120.

On September 15, 2025, the Parties participated in an all-day mediation session presided over by experienced mediator Jed Melnick of JAMS. In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability and damages. The mediation was not successful in resolving this matter on that day, but the Parties continued to exchange information about damages.

On October 24, 2025, the Court vacated the upcoming hearing on the motion to dismiss, notifying the Parties the Court would decide the matter on the papers. ECF No. 123.

On November 6, 2025, the Parties' agreed to a mediator's proposal to settle the Action in principle and release all claims asserted against Defendants in the Action in exchange for an all-cash payment of $11,000,000.00 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers and Court approval. The agreement was memorialized in a term sheet (the "Term Sheet") which was fully executed on November 16, 2025. The Term Sheet sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment on behalf of Defendants of eleven million U.S. dollars ($11,000,000.00) for the benefit of the Settlement Class.

On November 6, 2025, the Parties filed a Joint Notice of Forthcoming Settlement and [Proposed] Order Staying Proceedings informing the Court that a settlement had been reached. ECF No. 125. On November 7, 2025, the Court granted the request to stay the proceedings, ordering that by December 19, 2025, the Parties shall file either: (1) a status update; or (2) a

stipulation of settlement and motion for preliminary approval.  The deadline was thereafter extended to January 5, 2026 and then to January 9, 2026.  ECF Nos. 128, 129.

**DEFINITIONS**

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the putative securities class action currently pending in the United States District Court for the Northern District of California styled, *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RFL (N.D. Cal.), and includes all actions consolidated therein.

(b)    "Amended Complaint" means the corrected Third Amended Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on May 15, 2025.  ECF Nos. 108, 109.

(c)    "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)    "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)    "Claims Administrator" means the firm Angeion Group, which shall provide all notices approved by the Court to potential Settlement Class Members and administer the Settlement.

(h)    "Class Counsel" means Pomerantz LLP.

(i)    "Class Distribution Order" means an Order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)    "Class Period" means the Class Period set forth in the Amended Complaint (i.e.,

May 3, 2023, to July 19, 2024, both dates inclusive).

(k)    "Court" means the United States District Court for the Northern District of California.

(l)    "Defendants" means, collectively, the three former officers of SunPower: Peter Faricy, Elizabeth Eby, and Thomas Werner.

(m)    "Defendants' Counsel" means Wilson Sonsini Goodrich & Rosati, P.C.

(n)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 34 of this Stipulation have been met and have occurred or have been waived.

(o)    "Email Notice" means the notice which, subject to Court approval, shall be substantially in the form attached hereto as Exhibit A-5, and which shall be provided to Settlement Class Members for whom the Claims Administrator is able to obtain an email address.

(p)    "Escrow Account" means an account maintained at Huntington Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q)    "Escrow Agent" means Huntington Bank or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court in connection with the Settlement.

(r)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)    "Final," with respect to the Judgment or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial

review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, including Litigation Expenses, or (ii) the Plan of Allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(t)    "Final Approval Order" means the Order, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(u)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, marital communities, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)    "Judgment" means the final judgment providing that this Action is dismissed with prejudice, substantially in the form attached hereto as Exhibit C, to be entered by the Court approving the Settlement.

(w)    "Lead Counsel" means Pomerantz LLP.

(x)    "Lead Plaintiff" means Court-appointed Lead Plaintiff Bezeyem Lemou.

(y)    "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Plaintiffs' Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(z)    "Long Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be posted to the Settlement website.

(aa)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other fees or expenses approved by the Court.

(bb)    "Nominee Letter" means the letter which, subject to Court approval, shall be mailed to banks, brokers, and nominees, substantially in the form attached hereto as Exhibit A-6.

(cc)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Plaintiffs' Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(dd)    "Parties" means the Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(ee)    "Plaintiffs" means Bezeyem Lemou, Daniel Suarez and Charles Orr on behalf of themselves and all members of the Settlement Class.

(ff)    "Plaintiffs' Counsel" means the law firms of Pomerantz LLP, Portnoy Law Firm, Paskowitz Law Firm PC, Law Offices of David Lake APC, and Law Offices of Beth A Keller PC.

(gg)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Long Notice, in the form attached hereto as Exhibit A-1, or such other plan of allocation as the Court may approve.

(hh)    "Postcard Notice" means the postcard form notice which, subject to Court approval, shall be substantially in the form attached hereto as Exhibit A-4, and which shall be mailed first class, postage prepaid, to Settlement Class Members and third-party nominees and custodians that can be identified through reasonable investigation.

(ii)    "Preliminary Approval Order" means the Order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(jj)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(kk)    "Released Claims" means all Released Defendants' Claims and all Releasing Plaintiffs' Parties' Claims.

(ll)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown claims, whether arising under federal, state,

common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants and Unknown Claims that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and the Released Defendants' Parties, any claims between the Defendants and the Released Defendants' Parties and their respective insurers, or any claims against any person or entity who or which submits a valid and timely request for exclusion from the Settlement Class.

(mm) "Released Defendants' Parties" means (i) each Defendant and SunPower; (ii) the family members of the Defendants; (iii) direct or indirect parent entities, including Sol Holding, LLC, TotalEnergies SE, Global Infrastructure Management, LLC, direct and indirect subsidiaries, related entities, and all affiliates of SunPower, and their affiliated entities, directors, officers, employees, or agents; (iv) any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which Defendants have a controlling interest; all in their capacities as such. For the avoidance of doubt, this release shall not include the release of any claims that already have been brought derivatively on behalf of SunPower related to the conduct outlined in the Action. The Released Defendants' Parties are intended as third-party beneficiaries of this Settlement.

(nn) "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(oo) "Releasing Plaintiffs' Parties' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, controversies, disputes, debts, sums of money, suits,

contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), whether known or unknown claims, in law or in equity, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal, state, common or foreign law, that: (i) are or have been asserted in any complaint in this Action or (ii) could have been asserted in any forum that arise out of, are based on, or relate in any way, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, conduct, failures to act, representations or omissions that were alleged, involved, set forth, or referred to, in any of the complaints filed in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of SunPower securities by any members of the Settlement Class, including Unknown Claims. Releasing Plaintiffs' Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a valid and timely request for exclusion from the Settlement Class. This release will not impact Plaintiffs' Counsel's right to seek attorneys' fees and Litigation Expenses as provided in ¶ 17.

(pp)    "Released Plaintiffs' Parties" means (i) Plaintiffs, all Settlement Class Members, any other plaintiffs in the Action and their counsel, Plaintiffs' Counsel, liaison counsel or referring counsel, and (ii) each of their respective Immediate Family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

(qq)    "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(rr)    "Settlement Amount" means eleven million U.S. Dollars and zero cents

11

STIPULATION OF SETTLEMENT - 3:23-cv-05544-RFL

($11,000,000.00) in cash to settle the Action.

(ss)    "Settlement Class" means all persons and entities who purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, between May 3, 2023 and July 19, 2024, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of SunPower, at all relevant times; (iii) members of the Immediate Family of each of the Defendants; (iv) all subsidiaries and affiliates of SunPower and the directors and officers of such subsidiaries or affiliates; (v) all firms, trusts, corporations, and any other entity in which any of the Defendants has a controlling interest; ~~and (vi~~(vi) the presiding Judge, their staff, and the immediate family members of the Judge and their staff; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

(tt)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(uu)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(vv)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ww)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(xx)    "Supplemental Agreement" means the separate confidential agreement executed concurrently with the execution of the Stipulation of Settlement providing Defendants shall have the option to terminate the Settlement upon the conditions specified therein.

(yy)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Plaintiffs' Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys

and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(zz)    "Term Sheet" means the Parties' agreement to fully and finally settle and release all claims that were asserted against Defendants in the Action in return for a payment on behalf of Defendants of eleven million U.S. dollars and zero cents ($11,000,000.00) for the benefit of the Settlement Class as memorialized in a term sheet executed on November 16, 2025.

(aaa)    "Termination Notice" is a written notice from either Plaintiffs or Defendants to the other Party providing notice of their election to terminate the Settlement and this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Final Approval Order or the Judgment in any material respect as to the Settlement; (d) the date upon which the Final Approval Order or the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the occurrence of the conditions set forth in ¶ 39 below.

(bbb)    "Unknown Claims" means any Releasing Plaintiffs' Parties' Claims which any Plaintiff or any other Released Plaintiffs' Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Released Defendants' Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Settlement Class Member's decision not to opt-out or object.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the Released Defendants' Parties and each of the Released Plaintiffs' Parties shall be deemed to have waived, and by operation of the Final Approval Order and the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law, including of any state or territory of the United States, or principle of common law or

foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, Defendants, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs, Defendants, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties shall be deemed to have waived, and by operation of the Final Approval Order and the Judgment shall have expressly waived, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.    Plaintiffs will file a motion for preliminary approval of the Settlement by January 9, 2026 and shall provide a draft of their motion for preliminary approval to Defendants' counsel by December 31, 2025. The Parties shall cooperate in good faith to obtain efficient Court approval of the Settlement, including coordination over the manner in which to present the motions for preliminary and final approval, including characterization of the Settlement Amount contained therein. The motions shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.    The obligations incurred pursuant to this Stipulation are in consideration of: (i) the

full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4.    Upon the Effective Date, the Released Plaintiffs' Parties shall be deemed to have fully and forever released the Releasing Plaintiffs' Parties' Claims as against the Released Defendants' Parties and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Releasing Plaintiffs' Parties' Claims against any and all of the Released Defendants' Parties. This release shall apply regardless of whether any Released Plaintiffs' Party has executed a Proof of Claim Form, received notice, participated in the Settlement Fund, filed an objection or had his, her or its Claim approved or allowed.

5.    Upon the Effective Date, the Released Defendants' Parties shall be deemed to have fully and forever released the Released Defendants' Claims as against the Released Plaintiffs' Parties and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Released Defendants' Claims against any and all of the Released Plaintiffs' Parties.

6.    Notwithstanding ¶¶ 4–5 above, nothing in the Final Approval Order or the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation, the Final Approval Order, or the Judgment.

### THE SETTLEMENT CONSIDERATION

7.    Defendants agree to cause to be paid by Defendants' insurers a total of $11,000,000 in cash to settle the Action.  In consideration for the comprehensive Releases (defined in ¶¶ 4–5), Defendants agree to cause their insurers to make the payment of the Settlement Amount into the Escrow Account within thirty (30) days of the later of: (a) the Court entering an order granting preliminary approval of the Settlement substantially in the form of Exhibit A, or (b) Defendants' receipt from Plaintiffs and Plaintiffs' Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including a signed W-9 reflecting a valid taxpayer identification number, transfer instructions, and a telephonic point of contact to verify the instructions.  Any claim for Taxes, Notice and Administration Costs,

Litigation Expenses, attorneys' fees, and any other fees or expenses will be paid from the Settlement Amount.

8.    Defendants' sole payment obligation under this Settlement is set forth in ¶ 7, and under no circumstances shall the Defendants have any obligation to make any other or greater payment for any purpose pursuant to the Settlement.

## CERTIFICATION OF SETTLEMENT CLASS

9.    Solely for purposes of and in connection with this Settlement, and subject to approval by the Court, the Parties consent to certification of the Settlement Class, with Plaintiffs as the Class Representatives of the Settlement Class.  The certification of the Settlement Class shall be binding only with respect to the Settlement.

## USE OF SETTLEMENT FUND

10.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses or other fees or costs awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in the Plan of Allocation.

11.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term

placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Defendants and Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

12.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants or the Released Defendants' Parties shall not have any liability or responsibility whatsoever for any such filings or Taxes.  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B 2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. Defendants or the Released Defendants' Parties shall not have any liability or responsibility whatsoever for making or not making such elections or actions.

13.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants or the Released Defendants' Parties shall have no responsibility or liability whatsoever for the acts or omissions of Plaintiffs' Counsel, the

Escrow Agent, or their respective agents with respect to the payment of Taxes, as described herein.

14.    The Settlement is not a claims-made settlement.  Defendants have no right of reversion.  Upon the occurrence of the Effective Date, no Defendant, Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims (as defined in the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable up to $500,000.00.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees and Taxes, shall not be returned or repaid to Defendants, any of the Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount.

16.    It shall be Lead Counsel's sole responsibility to provide, publish, or post the Long Notice, Postcard Notice, Email Notice, and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to Defendants or the Released Defendants' Parties with respect to any claim that arises from any failure of the notice process.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.    Plaintiffs' Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from the Settlement Fund, which will include interest accrued from the time of the creation of the Settlement Fund.   Plaintiffs' Counsel also will apply to the Court for reimbursement of Litigation Expenses with interest, which may include a request for reimbursement of Plaintiffs' costs and expenses, including time and/or lost wages incurred in prosecuting the Action, directly related to their representation of the Settlement Class, to be paid from the Settlement Fund.  Plaintiffs' Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

18.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Plaintiffs' Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after: (a) providing or receiving from Defendants' Counsel a Termination Notice; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Any award(s) with respect to attorneys' fees and Litigation Expenses will not affect the validity or finality of the Settlement.  Neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.  Any reversal or modification of an attorneys' fees and Litigation Expenses award will not operate to terminate the

Settlement or affect the finality or binding nature of the Settlement.

19.    Plaintiffs' Counsel shall allocate the attorneys' fees in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  Other than the obligation to cause the Settlement Amount to be funded, Defendants or the Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.  Under no circumstances shall Defendants and the Released Defendants' Parties be responsible to pay any portion of Plaintiffs' Counsel's attorneys' fees and/or any Litigation Expenses or any Settlement Class Members' attorneys' fees or expenses whatsoever, and all attorneys' fees and expenses awarded to Plaintiffs' Counsel and/or other attorneys representing one or more Settlement Class Members shall be paid from, and not in addition to, the Settlement Amount.

### NOTICE AND SETTLEMENT ADMINISTRATION

20.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. The Claims Administrator will file the declaration required by the Standing Order for Civil Cases Before Judge Rite F. Lin. None of the Defendants, nor any other Released Defendants' Parties, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Plaintiffs' Counsel in connection with the foregoing.

21.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice or email the Email Notice to those members of the Settlement Class as may be identified through

reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

22.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation) compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Long Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

23.     The Plan of Allocation is separate from the Settlement, and will be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order of the Court modifying or rejecting the Plan of Allocation will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement, including the Releases. Defendants shall have no responsibility or liability for the Plan of Allocation or the allocation of the Net Settlement Fund.

24.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Final Approval Order and the Judgment to be entered in the Action and the Releases, and will be permanently barred from bringing any action, claim, or other proceeding of any kind against Defendants or the Released Defendants' Parties with respect to the Releasing Plaintiffs' Parties' Claims in the event that the Effective Date occurs with respect to the Settlement.

25.     Plaintiffs' Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, nor any of the Released Defendants' Parties, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or

technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

26.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a)    Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Long Notice, Postcard Notice, Summary Notice and Email Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Approval Order and the Judgment and the Releases, and will be permanently barred from bringing any action, claim or other proceeding of any kind against any Defendants or the Released Defendants' Parties with respect to any Releasing Plaintiffs' Parties' Claims.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d)    Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the

Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery whatsoever shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

28.    Plaintiffs' Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.    No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6)

months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Costs, Taxes, and attorneys' fees and expenses and other awards approved by the Court, if any, redistribute such balance among Authorized Claimants who have cashed their checks sent in the initial distribution and who would receive a minimum of $10.00 as part of an additional distribution, in an equitable and economic fashion. Such additional distributions shall be repeated every six months until the balance remaining in the Net Settlement Fund is reduced to a de minimis level such that, in the reasonable judgment of Lead Counsel, it no longer makes economic sense, considering costs of distribution, to attempt to make further distributions. Any balance that thereafter still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, and after payment of outstanding Notice and Administration Costs, Taxes, attorneys' fees and expenses and other awards approved by the Court, shall be donated to a 501(c)(3) non-profit organization serving the public interest designated by Lead Counsel that has no affiliation or financial relationship with Plaintiffs' Counsel, Plaintiffs, Defendants, their affiliates, or Defendants' Counsel, and is approved by the Court.

30.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Approval Order and the Judgment, to be entered in this Action and the Releases, and will be permanently barred from bringing any action against any and all Defendants or the Released Defendants' Parties with respect to any and all of the Releasing Plaintiffs' Parties' Claims.

31.     No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel, or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of

the Court.  Plaintiffs and Defendants, and their respective counsel, and all other Released Defendants' Parties and Released Plaintiffs' Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

32.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

### TERMS OF THE JUDGEMENT

33.    In connection with the motion for final approval of the Settlement, Plaintiffs' Counsel shall request that the Court enter the Final Approval Order and the Judgment, substantially in the forms attached hereto as Exhibits B and C.

### CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

34.    The Effective Date of the Settlement shall be conditioned on the occurrence of the following events:

(a)    Execution of the Stipulation of Settlement and such other documents as may be required to obtain final Court approval of the Stipulation of Settlement in a form satisfactory to the Parties;

(b)    The Court's entry of the Preliminary Approval Order, substantially in the form set forth in Exhibit A, as required by ¶ 2 above;

(c)    The deposit of the Settlement Amount into the Escrow Account;

(d)    None of the Parties have terminated the Settlement; and

25

(e)    The Court's entry of the Final Approval Order and the Judgment approving the Stipulation of Settlement following notice to the Settlement Class and the Settlement Hearing, and the Final Approval Order and the Judgment have become Final.

36.    Upon the occurrence of all of the events referenced in ¶ 34 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases shall be effective.

36.    Reserved.

37.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation and the Term Sheet shall be canceled and terminated, and none of those terms shall be effective or enforceable.

(b)    Plaintiffs and Defendants shall revert to their respective positions in the Action as of November 16, 2025 prior to the execution of the Term Sheet and they shall proceed in all respects as if the Term Sheet and this Stipulation had not been executed, and without prejudice in any way from the negotiation, fact, or terms of this Settlement.

(c)    The terms and provisions of this Stipulation, with the exception of ¶¶ 37(b), 37(d), 40, 46, 54, 62, 63, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within fifteen (15) business days after a Termination Notice is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Plaintiffs' Counsel consistent with ¶ 18 above), less any Notice and Administration Costs actually incurred, paid or payable, and less any Taxes paid, due or owing shall be returned to the persons or entities paying the same in accordance with instructions provided by Defendants' Counsel.

38.    Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing a Termination Notice.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any Plan of Allocation shall not be considered material to the Settlement, shall not affect the finality of the Final Approval Order or the Judgment, and shall not be grounds for termination of the Settlement.

39.    Plaintiffs shall have the right to terminate the Settlement in the event that any material terms of the Settlement are breached.  In addition to the grounds set forth above, Defendants shall have the right to terminate the Settlement in the event that any material terms of the Settlement are breached or Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential Supplemental Agreement with Plaintiffs, in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Long Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

40.    None of the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any act or proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants or the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendants' Parties with respect to the truth

of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Released Defendants' Parties or in any way referred to for any other reason as against any of the Defendants or the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Defendants or the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Released Defendants' Parties or Released Plaintiffs' Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however,* that if this Stipulation is approved by the Court, the Parties, the Released Defendants' Parties, the Released Plaintiffs' Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **NOTICE AS REQUIRED BY CAFA**

41.    Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").  Defendants shall provide a copy of such notices as well as proof of service of such notices to Plaintiffs'

Counsel. The costs of any CAFA notice and the administration thereof shall be paid by Defendants separately from the payment of the Settlement Amount set forth in paragraph 7 above.

**MISCELLANEOUS PROVISIONS**

42.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation, the Term Sheet and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

43.     Defendants and Released Defendants' Parties may file the Stipulation the Final Approval Order, and/or the Judgment in any action that has been or may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by any Released Plaintiffs' Party against any of the Released Defendants' Parties with respect to any Releasing Plaintiffs' Parties' Claims, or brought by any Released Defendants' Party against any of the Released Plaintiffs' Parties with respect to any Released Defendants' Claims.

44.     Reserved.

45.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants or the Released Defendants' Parties with respect to the Releasing Plaintiffs' Parties' Claims, including Unknown Claims.  Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action, and the Final Approval Order shall contain a finding that all Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and

29
STIPULATION OF SETTLEMENT - 3:23-cv-05544-RFL

settlement of the Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

46. The Term Sheet and this Stipulation of Settlement are not admissions or concessions by any of the Parties as to any matter in dispute in the Action, and all Defendants have denied, and continue to deny, that they have committed or are liable for any of the claims asserted in the Action. Defendants make no admission of liability or wrongdoing, and each Defendant denies all claims or liability and/or wrongdoing.

47. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest). The Parties may agree to immaterial modifications of the Claim Form, the Postcard Notice, the Email Notice, the Long Notice, and the Summary Notice without approval from the Court.

48. The headings herein are used for the purpose of convenience only and are not meant to have legal effect. Such headings shall not be considered a part of this Stipulation of Settlement, and neither shall they limit, modify, or affect in any way the meaning or interpretation of it.

49. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

50. Any waiver of any of the terms of this Stipulation must be in writing. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

51.    This Stipulation and its exhibits and the Supplemental Agreement and the Term Sheet constitute the entire agreement among Plaintiffs and the Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement or the Term Sheet other than those contained and memorialized in such documents and the parties disclaim reliance upon any such other agreements or representations.

52.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

53.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Released Defendants' Parties and Released Plaintiffs' Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

54.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55.    Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

56.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

57.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full

authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

58.     Plaintiffs' Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

59.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission.  Notice shall be provided as follows:

60.     If to Plaintiffs or Plaintiffs' Counsel:

POMERANTZ LLP
Attn:   Jeremy A. Lieberman, Esq.
600 Third Avenue, 20th Floor
New York, New York 10016-1917
Telephone: (212) 661-1100
Email:  jalieberman@pomlaw.com

If to Defendants:

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Attn:   Katherine L. Henderson
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Email: khenderson@wsgr.com

John I. Karin
31 W 52nd Street
Fifth Floor
New York, NY 10019
Telephone: (212) 999-5800
Email: jkarin@wsgr.com

61.     Except as otherwise provided herein, each Party shall bear its own costs.

62.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties, Defendants' insurers, and their respective counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

63.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

64.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

65.    The Parties agree that, other than disclosures required by law, there will be no public announcements regarding the Settlement. Once the Stipulation is filed with the Court, any comments from the Parties regarding this resolution will not substantially deviate from words to the effect that the Parties have reached a mutually agreeable resolution by way of a mediated settlement, and each Party may characterize the Settlement as favorable. This provision does not affect Plaintiffs' notice requirements under the PSLRA, Federal Rule of Civil Procedure 23(e), or any other applicable legal requirements.

66.    All proceedings in the Action other than settlement approval proceedings will remain stayed until a Termination Notice is provided.

67.    Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

## SIGNATURES

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 9, 2026, and as of February 10, 2026, pursuant to the Order Requesting Supplemental Submissions.

**SIGNED:**


**POMERANTZ LLP**

/s/ Austin P. Van
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
Austin P. Van
(*pro hac vice*)
Samantha Daniels
(*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
avan@pomlaw.com
sdaniels@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiffs*


/s/ Lesley F. Portnoy
PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Daniel Suarez*


/s/ Laurence D.  Paskowitz


**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

/s/ John I. Karin
Katherine L. Henderson (SBN 242676)
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: khenderson@wsgr.com

John I. Karin (*pro hac vice*)
31 W 52nd Street
Fifth Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jkarin@wsgr.com

*Attorneys for Defendants Peter Faricy, Elizabeth Eby, and Thomas Werner*

David N. Lake
LAW OFFICES OF DAVID N.  LAKE, APC
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Tel: (818) 788-5100
Fax: (818) 479-9990
Email: david@lakelawpc.com

PASKOWITZ LAW FIRM PC
Laurence D. Paskowitz
(*pro hac vice*)
97-45 Queens Blvd., Ste. 1202
Rego Park, New York 11374
Telephone: (212) 685-0969
Facsimile: (718) 275-1338
lpaskowitz@pasklaw.com

LAW OFFICES OF BETH A. KELLER, P.C.
Beth A. Keller
118 N. Bedford Road, Ste. 100
Mount Kisco, New York 10549
Telephone: (914) 752-3040
Facsimile: (914) 752-3041
bkeller@keller-lawfirm.com

*Additional Counsel for Charles Orr*

## ATTESTATION PURSUANT TO L.R.  5-1(h)(3)

I hereby attest that all signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

/s/ Austin Van
Austin Van

**Exhibit A-1**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to:<br>*ALL ACTIONS* | CASE NO.  3:23-cv-05544-RFL<br><br>Class Action<br><br>Judge: Hon. Rita F. Lin |

**LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*__A Federal Court authorized this Long Notice.__*
*__This is not a solicitation from a lawyer.__*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court") if, during the period between May 3, 2023 to July 19, 2024, both dates inclusive (the "Class Period"), you purchased or otherwise acquired SunPower Corporation ("SunPower") common stock, or purchased or traded other SunPower securities, and were allegedly damaged thereby (the "Settlement Class"), subject to the exclusions set forth in ¶ 30 below.[1]

**NOTICE OF SETTLEMENT:**   Please also be advised that the Court-Appointed Lead Plaintiff

---

[1] All capitalized terms used in this Long Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated January 9, 2026 and amended on February 10, 2026 (the "Stipulation"), which is available at www.SunPowerSecuritiesSettlement.com.

1

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Bezeyem Lemou ("Lemou" or "Lead Plaintiff"), and additional co-plaintiffs Daniel Suarez and Charles Orr (collectively "Plaintiffs"), on behalf of themselves and all members of the Settlement Class (as defined above), have reached a proposed settlement of the Action for $11,000,000 that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS LONG NOTICE CAREFULLY.   This Long Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Long Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court Clerk's office, SunPower, any Defendants in the Action, or their counsel.  Information you require may be found on the Settlement website maintained at www.SunPowerSecuritiesSettlement.com.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 99 below).**

1.      **Description of the Action and the Settlement Class:**  This Long Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants, three former officers of SunPower, Peter Faricy, Elizabeth Eby, and Thomas Werner (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by making materially false and misleading statements and omissions regarding SunPower's financial health that artificially inflated SunPower's common stock price during the Class Period.  As discussed below, Defendants deny the allegations of wrongdoing asserted in this Action, and deny any liability whatsoever to any Settlement Class Member.  A more detailed description of the Action is set forth in ¶¶ 11–29 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class.

2.      **Statement of the Settlement Class's Recovery:**   Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

exchange for a settlement payment of $11,000,000 in cash (the "Settlement Amount") to be deposited into an Escrow Account. The Net Settlement Fund is the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other fees or expenses approved by the Court. The Net Settlement Fund will be distributed in accordance with a Plan of Allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among the Settlement Class Members. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 20-23 below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages expert's estimates of the number of SunPower securities purchased or traded during the Class Period that may have been affected by the conduct alleged in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.20. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold securities of SunPower, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 20-23 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants deny that they violated the federal securities laws or committed any wrongdoing whatsoever, and deny that any Settlement Class Members suffered any damages or harm as a result of Defendants' conduct.

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

5. **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2023, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Plaintiffs' Lead Counsel, Pomerantz LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (33 1/3%) of the Settlement Fund plus interest.  In addition, Plaintiffs' Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants plus interest, in an amount not to exceed $500,000, which will include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimated average cost per affected SunPower security, if the Court approves Plaintiffs' Counsel's fee and expense application, is $0.07 per eligible security.

6. **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Jeremy A. Lieberman, Esq. Austin P. Van, Esq., and Samantha Daniels, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016-1917, Tel: 212-661-1100.  Defendants are represented by Wilson Sonsini Goodrich & Rosati, P.C, Katherine L. Henderson, Esq., One Market Plaza, Spear Tower, Suite 3300, San Franscisco, CA 94105, Tel. (415) 947-2000, and John I. Karin, Esq., 31 W 52nd Street, Fifth Floor, New York, NY 10019, Tel. (212) 999-5800.

7. **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery - or indeed no recovery at all - might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants,

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAIL POSTMARKED NO LATER THAN _____, 2026 OR SUBMITTED ELECTRONICALLY BY 11:59 P.M. EST ON _____, 2026.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Releasing Plaintiffs' Parties' Claims (defined in ¶ 39 below) that you have against Defendants and Released Defendants' Parties (defined in ¶ 40 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN ___, 2026.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN ___, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 2026 AT 1:30PM IN PERSON OR VIA ZOOM, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2026.** | Filing a written objection and notice of intention to appear by _____, **2026** allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. The requirement of written notice may be excused by a showing of good cause made to the Court. |

5

| DO NOTHING. | If you are a Settlement Class Member and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a Settlement Class Member, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## WHAT THIS LONG NOTICE CONTAINS

Why Did I Get This Long Notice?                                                           Page 7

What Is This Case About?                                                                  Page 8

How Do I Know If I Am Affected By The
    Settlement? Who Is Included In The Settlement Class?                                   Page 11

What Are Plaintiffs' Reasons For The Settlement?                                          Page 12

What Might Happen If There Were No Settlement?                                            Page 13

How Are Settlement Class Members Affected By The Action
    And The Settlement?                                                                   Page 13

How Do I Participate In The Settlement? What Do I Need To Do?                              Page 18

How Much Will My Payment Be?                                                              Page 18

What Payment Are The Attorneys For The
    Settlement Class Seeking? How Will The Lawyers Be Paid?                                Page 30

What If I Do Not Want To Be A Settlement Class Member?
How Do I Exclude Myself?                                                                  Page 30

When And Where Will The Court Decide Whether To
    Approve The Settlement?

Do I Have To Come To The Hearing? May I Speak At The Hearing?
    If I Don't Like The Settlement?                                                       Page 31

What If I Bought Shares On Someone Else's Behalf?                                         Page 34

6

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Can I See The Court File? Whom Should I

Contact If I Have Questions?                                         Page 35

## WHY DID I GET THIS LONG NOTICE?

8.    The Court directed that this Long Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, during the Class Period.  The Court has directed us to send you this Long Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any potential objections and appeals are resolved.

9.    The purpose of this Long Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  **See the section above entitled "Your Legal Rights and Options in the Settlement" and ¶ 89 below for details about the Settlement Hearing, including the date and location of the hearing.**

10.   The issuance of this Long Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any potential objections and appeals are

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II)
SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES

resolved and after the completion of all Claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|:---:|

11.    On October 27, 2023, Plaintiff Jacob Warren Craven commenced this Action in the U.S. District Court for the Northern District of California, styled, *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RFL (N.D. Cal.).  ECF No. 1.  The Honorable District Judge Rita F. Lin has presided over the case.  ECF No. 8.

12.    On October 30, 2023, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a notice of pendency of action was published which provided a deadline to seek lead plaintiff appointment by December 26, 2023.  After notice was published, the Court received three motions to appoint lead plaintiff and for approval of lead counsel.  ECF Nos. 15, 19, and 23.

13.    On January 29, 2024, the Court ordered a stipulation filed by Lemou and Ozlem Yetim appointing them as Co-Lead Plaintiffs and appointing Pomerantz LLP and Hagens Berman Sobol Shapiro LLP as Co-Lead Counsel.  ECF No. 38.

14.    On March 29, 2024, Lemou filed the First Amended Complaint.  ECF No. 51.

15.    On April 8, 2024, the Court granted Yetim's and Hagens Berman's motion to withdraw.  ECF No. 53.

16.     The First Amended Complaint alleged that Mr. Faricy, Ms. Eby, and SunPower violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements regarding SunPower's financial health.  The First Amended Complaint alleged these claims on behalf of investors who purchased or otherwise acquired SunPower securities between May 3, 2023, and February 14, 2024, dates inclusive, and were damaged as a result.

17.    On May 24, 2024, the then-defendants moved to dismiss the First Amended Complaint.  ECF No. 58.  On June 16, 2024, Plaintiffs opposed the motion to dismiss (ECF No.

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

59), and the then-defendants filed their reply in further support of their motion to dismiss on July 9, 2024. ECF No. 60. On July 24, 2024, the Court vacated the hearing on the motion to dismiss and indicated the Court would issue a written order on the motion. ECF No. 62.

18.    On August 7, 2024, SunPower filed a notice of bankruptcy. ECF No. 63. On August 12, 2024, Plaintiff voluntarily dismissed SunPower as a named defendant. ECF No. 65.

19.    On September 11, 2024, the Court granted Plaintiffs' motion to consolidate the case and a related, later-filed one (titled *Rodrigues v. SunPower et al.*, Case No. 3:24-cv-04896-RFL). The Court accordingly denied the motion to dismiss (ECF No. 58) as moot and ordered Plaintiff to file a consolidated second amended complaint by September 25, 2024. ECF No. 78.

20.    On September 25, 2024, Plaintiffs filed their Second Amended Complaint, which expanded the class period from May 3, 2023 to July 19, 2024, dates inclusive, and added Mr. Werner as a defendant. ECF No. 79. On October 25, 2024, Defendants moved to dismiss the Second Amended Complaint (ECF No. 88), which Plaintiffs opposed on November 25, 2024. ECF No. 90. On December 18, 2024, Defendants filed their reply in further support of their motion to dismiss. ECF No. 91.

21.    On February 4, 2025, the Court held a hearing on the motion to dismiss which was taken under submission. ECF No. 93. On March 6, 2025, the Honorable Rita F. Lin granted in part and denied in part the motion to dismiss with leave to amend. ECF No. 97.

22.    On April 17, 2025, Plaintiffs filed their Third Amended Complaint. ECF No. 103. On May 15, 2025, Plaintiffs filed a corrected Third Amended Complaint. ECF Nos. 108, 109. On May 27, 2025, Defendants moved to dismiss the corrected Third Amended Complaint (ECF No. 110), which Plaintiffs opposed on July 14, 2025. ECF No. 112. On August 4, 2025, Defendants filed their reply in further support of their motion to dismiss. ECF No. 116. After agreeing to attend mediation, the Parties agreed to defer the September 2, 2025 hearing on that motion to November 4, 2025. ECF No. 120.

23.    On September 15, 2025, the Parties participated in an all-day mediation session presided over by experienced mediator Jed Melnick of JAMS. In advance of the mediation, the

Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability and damages. The mediation was not successful in resolving this matter on that day, but the Parties continued to exchange views regarding potential damages.

24. On October 24, 2025, the Court vacated the upcoming hearing on the motion to dismiss, notifying the Parties the Court would decide the matter on the papers. ECF No. 123.

25. On November 6, 2025, the Parties' agreed to a mediator's proposal to settle the Action in principle and release all claims asserted against Defendants in the Action in exchange for an all-cash payment of $11,000,000.00 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers and Court approval. The agreement was memorialized in a term sheet (the "Term Sheet") which was fully executed on November 16, 2025. The Term Sheet sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment on behalf of Defendants of eleven million U.S. dollars ($11,000,000.00) for the benefit of the Settlement Class.

26. On November 6, 2025, the Parties filed a Joint Notice of Forthcoming Settlement and [Proposed] Order Staying Proceedings informing the Court that a settlement had been reached. ECF No. 125. On November 7, 2025, the Court granted the request to stay the proceedings, ordering that by December 19, 2025, the Parties shall file either: (1) a status update; or (2) a stipulation of settlement and motion for preliminary approval. The deadline was thereafter extended to January 5, 2026 and then to January 9, 2026. ECF Nos. 128, 129.

27. Based upon their investigation and prosecution of the case, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Plaintiffs and the Settlement Class Members, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of the Stipulation, after considering, among

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

other things:  (a) the substantial financial benefit that Plaintiffs and the Settlement Class Members will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

28.    The Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing and further denies that the Settlement Class suffered any damages or harm as a result of the Defendants' conduct, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Released Defendants' Parties (defined in ¶ 40 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

29.    On _____, 2026, the Court preliminarily approved the Settlement, authorized the forms of notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

<div style="text-align:center; border:1px solid black; background:#d9d9d9; padding:4px;">

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

</div>

30.    If you are a Settlement Class Member, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities who purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, between May 3, 2023 and July 19, 2024, both dates inclusive, and were allegedly damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of SunPower, at all relevant times; (iii) members of the Immediate Family of each of the Defendants; (iv) all subsidiaries and affiliates of SunPower and the directors and officers of such subsidiaries or affiliates; (v) all firms, trusts, corporations, and any other entity in which any of the

11

Defendants has a controlling interest; (vi) the presiding Judge, their staff, and the immediate family members of the Judge and their staff; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion. *See* "What If I Do Not Want To Be A Settlement Class Member? How Do I Exclude Myself," on pages 30-13 below.

PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT A CLAIM FORM AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE NO LATER THAN 11:59 P.M. EST _____, 2026.  PLEASE NOTE THAT UNDER NEW UNITED STATES POSTAL SERVICE PRACTICES ADOPTED DECEMBER 24, 2025, IT MAY TAKE SEVERAL DAYS AFTER MAIL IS POSTED FOR IT TO BE POSTMARKED, SO PLEASE PROVIDE YOURSELF WITH EXTRA TIME IF SUBMITTING A CLAIM BY MAIL RATHER THAN ONLINE.

### WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

31.    Plaintiffs and Plaintiffs' Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Moreover, Plaintiffs' Counsel recognized that Defendants had numerous defenses that could preclude a recovery.  For example, they would assert that the statements were not materially false and misleading, and that even if they were, the statements were not made with the requisite state of mind to support the securities fraud claims alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to each of the allegedly false statements would be hotly contested.  Plaintiffs would have to prevail at several stages - motions

12

to dismiss and for summary judgment, trial, and if they prevailed on those, on the appeals that would likely follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

32.     In light of these risks, the amount of the Settlement and the quicker recovery to the Settlement Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Plaintiffs' Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $11,000,000 (less the various deductions described in this Long Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery after motion to dismiss, summary judgment, trial and appeals, possibly years in the future.

33.     Defendants deny the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants further deny that their conduct caused the Settlement Class any harm or damages. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

34.     If there were no Settlement and Plaintiffs failed to prove any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other Settlement Class Members would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, on the motion to dismiss, summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?**

35.     As a Settlement Class Member, you are represented by Plaintiffs and Plaintiffs' Counsel, unless you submit an objection or other communication to the Court *pro se* (which means representing yourself without counsel) or through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel

must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

36.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section titled, "What If I Do Not Want To Be A Settlement Class Member? How Do I Exclude Myself?," below.

37.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, Plaintiffs' Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, or the awards to Plaintiffs, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?" below.

38.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a final approval order (the "Final Approval Order") and a judgment (the "Judgment").  The Judgment will provide that this Action is dismissed with prejudice.  The Final Approval Order will provide that upon the Effective Date, the Released Plaintiffs' Parties (as defined below) shall be deemed to have fully and forever released the Releasing Plaintiffs' Parties' Claims (as defined below) as against the Released Defendants' Parties (as defined below) and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Releasing Plaintiffs' Parties' Claims against any and all of the Released Defendants' Parties.

39.    "Releasing Plaintiffs' Parties' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, controversies, disputes, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every

14

nature and description (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), whether known or unknown claims, in law or in equity, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal, state, common or foreign law, that: (i) are or have been asserted in any complaint in this Action or (ii) could have been asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, conduct, failures to act, representations or omissions that were alleged, involved, set forth, or referred to, in any of the complaints filed in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of SunPower securities by any members of the Settlement Class, including Unknown Claims. Releasing Plaintiffs' Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a valid and timely request for exclusion from the Settlement Class.  This release will not impact Plaintiffs' Counsel's right to seek attorneys' fees and Litigation Expenses as provided in ¶ 17 of the Stipulation.

40.    "Released Defendants' Parties" means (i) each Defendant and SunPower; (ii) the family members of the Defendants; (iii) direct or indirect parent entities, including Sol Holding, LLC, TotalEnergies SE, Global Infrastructure Management, LLC, direct and indirect subsidiaries, related entities, and all affiliates of SunPower, and their affiliated entities, directors, officers, employees, or agents; (iv) any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

person thereof; and (vi) any entity in which Defendants have a controlling interest; all in their capacities as such.  For the avoidance of doubt, this release shall not include the release of any claims that already have been brought derivatively on behalf of SunPower related to the conduct outlined in the Action.  The Released Defendants' Parties are intended as third-party beneficiaries of the Settlement.

41.    "Unknown Claims" means any Releasing Plaintiffs' Parties' Claims which any Plaintiff or any other Released Plaintiffs' Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Released Defendants' Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Settlement Class Member's decision not to opt-out or object.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the Released Defendants' Parties and each of the Released Plaintiffs' Parties shall be deemed to have waived, and by operation of the Judgment and the Final Approval Order shall have expressly waived, any and all provisions, rights, and benefits conferred by any law, including of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Defendants, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties  may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs, Defendants, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties  shall be deemed to have waived, and by

16

operation of the Judgment and the Final Approval Order shall have expressly waived, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

42. The Final Approval Order will also provide that, upon the Effective Date, the Released Defendants' Parties shall be deemed to have fully and forever released the Released Defendants' Claims (as defined below) as against the Released Plaintiffs' Parties and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Released Defendants' Claims against any and all of the Released Plaintiffs' Parties.

43. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants and Unknown Claims that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and the Released Defendants' Parties, any claims between the Defendants and the Released Defendants' Parties and their respective insurers, or any claims against any person or entity who or which submits a valid and timely request for exclusion from the Settlement Class.

44. "Released Plaintiffs' Parties" means (i) Plaintiffs, all Settlement Class Members, any other plaintiffs in the Action and their counsel, Plaintiffs' Counsel, liaison counsel or referring counsel, and (ii) each of their respective Immediate Family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers,

17

directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

**HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?**

45.     To be eligible for a payment from the proceeds of the Settlement, you must be a Settlement Class Member, and you must timely complete and return the Claim Form with adequate supporting documentation to the Claims Administrator at the address in ¶ 99 below, **postmarked or submitted online no later than 11:59 P.M. EST _____**.     A Claim Form, which is contained within the Proof of Claim, is available on the Settlement Website at www.SunPowerSecuritiesSettlement.com, or you may request that a Claim Form be mailed or emailed to you by calling the Claims Administrator toll free at (888) 771-4249.  Please retain all records of your ownership of and transactions in SunPower common stock and other securities (including options), as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

**HOW MUCH WILL MY PAYMENT BE?**

46.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

47.     Pursuant to the Settlement, Defendants have agreed to cause to be paid eleven million dollars and zero cents ($11,000,000.00) in cash.  The Settlement Amount will be deposited into the Escrow Account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund (as described in ¶ 2) will be distributed to Settlement Class Members who submit valid Claim Forms that are approved by the Court, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve ("Authorized Claimants").

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

48.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

49.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's Judgment and Final Approval Order approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

50.    Approval of the Settlement is independent from approval of a plan of allocation. Any Court modification or rejection of the Plan of Allocation will not affect the binding nature of the Settlement, if approved.

51.    Unless the Court otherwise orders or Plaintiffs' Counsel exercise their discretion to excuse late submission, any Settlement Class Member who fails to submit a Claim Form postmarked or submitted online by 11:59 p.m. EST on _____, 2026, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment and Final Approval Order entered and the Releases given.  This means that each Settlement Class Member shall be deemed to have fully and forever released the Releasing Plaintiffs' Parties' Claims (as defined in ¶ 39 above) as against the Released Defendants' Parties (as defined in ¶ 40 above) and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Releasing Plaintiffs' Parties' Claims against any and all of the Released Defendants' Parties, whether or not such Settlement Class Member submits a Claim Form.

52.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.  Plaintiffs' Counsel intend to apply to the Court for approval of reimbursement to Plaintiffs for the expenditure of time and any expenses

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

they incurred of $2,500 each. Such sums, if awarded, will reduce Plaintiffs' Counsel's attorneys' fees.

53.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

54.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, during the Class Period and were allegedly damaged thereby, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities which are excluded from the Settlement Class by definition, including those who properly exclude themselves from the Settlement Class pursuant to a request, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

**PROPOSED PLAN OF ALLOCATION**

55.     The objective of the Plan of Allocation, formulated in consultation with Plaintiffs' experts, is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas (the "Recognized Loss"), formulated with the assistance of damages experts, described below.

56.     A Recognized Loss will be calculated for each share of SunPower common stock and each SunPower call option purchased or otherwise acquired during the Settlement Class Period, and for each SunPower put option sold/written during the Settlement Class Period.[2, 3] The calculation of Recognized Loss will depend upon several factors, including when the SunPower

---

[2] During the Settlement Class Period, SunPower common stock was listed on the Nasdaq Global Market under the ticker symbol "SPWR." After the Settlement Class Period, in August 2024, SunPower common stock was delisted from the Nasdaq and began trading on the OTC Markets under the ticker symbol "SPWRQ."

[3] Exchange-traded options are traded in units called "contracts." Each call (put) option contract entitles the holder of the call (put) option contract to purchase (sell) 100 shares of the underlying stock upon exercise, in this case SunPower common stock.

securities were purchased during the Settlement Class Period, the price paid, and whether such securities were sold, and, if sold, when they were sold and for what amounts.

57.     The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have recovered after a trial, nor is it intended to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. Rather, the Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

58.     The Plan of Allocation was developed with the assistance of a consulting damages expert and is based on the assumption that the price of SunPower common stock was artificially inflated throughout the Settlement Class Period. Plaintiffs' estimated amount of alleged artificial inflation during the Settlement Class Period is set forth in Table 1 below. The calculation of the alleged artificial inflation in the price of SunPower common stock is based on certain misrepresentations alleged by Plaintiffs and on stock price declines, net of market- and industry-wide factors, that occurred in reaction to the public announcements that allegedly corrected those misrepresentations.

59.     Federal securities laws allow investors to recover for losses only to the extent that such losses were caused by disclosures correcting the defendants' prior false or misleading statements or omissions. Accordingly, in order to be eligible for a recovery under the Plan of Allocation, SunPower common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which the price declined due to the disclosure of information correcting an allegedly misleading statement or omission. Plaintiffs and Lead Counsel have determined that such price declines occurred on the following dates: July 26–27, 2023; November 16, 2023; December 12, 2023; December 18, 2023; February 15–23, 2024; April 23, 2024; July 5, 2024; and July 18–19, 2024 (the "Corrective Disclosure Dates").

60.     Accordingly, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, SunPower common stock and call options must have been purchased or acquired during the Settlement Class Period and held at the opening of trading on at least one of the Corrective Disclosure Dates. With respect to SunPower put options, those options must have

21

been sold (written) during the Settlement Class Period and still outstanding at the opening of trading on at least one of the Corrective Disclosure Dates.

| Table 1 Artificial Inflation in SunPower Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation*** |
| May 3, 2023 | July 25, 2023 | $7.06 |
| July 26, 2023 | July 26, 2023 | $5.28 |
| July 27, 2023 | November 15, 2023 | $5.32 |
| November 16, 2023 | December 11, 2023 | $5.15 |
| December 12, 2023 | December 17, 2023 | $4.95 |
| December 18, 2023 | February 14, 2024 | $3.13 |
| February 15, 2024 | February 15, 2024 | $3.04 |
| February 16, 2024 | February 19, 2024 | $2.46 |
| February 20, 2024 | February 20, 2024 | $2.43 |
| February 21, 2024 | February 21, 2024 | $2.46 |
| February 22, 2024 | February 22, 2024 | $2.40 |
| February 23, 2024 | April 22, 2024 | $2.54 |
| April 23, 2024 | July 4, 2024 | $2.31 |
| July 5, 2024 | July 17, 2024 | $1.73 |
| July 18, 2024 | July 18, 2024 | $0.78 |
| July 19, 2024 | Thereafter | $0.00 |

* For each day listed in Table 1, the per-share price inflation in SunPower common stock shall be limited to that day's closing price for the stock.

61.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for SunPower common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on SunPower common stock purchased during the Settlement Class Period and held as of the close of the 90-day period following the public dissemination of information correcting the alleged misstatement or omission (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average closing price during the 90-Day Lookback Period.[4] The Recognized Loss on SunPower common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average closing price during the portion of the 90-Day Lookback Period that had elapsed as of the date of sale.

[4] Here, the 90-Day Lookback Period starts on July 19, 2024, the latest Corrective Disclosure Date, and ends on October 16, 2024.

22

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

62.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00). Any transactions in SunPower securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS PER SECURITY

**Calculation of Recognized Loss Per Share of SunPower Common Stock**

63.    For each share of SunPower common stock purchased or otherwise acquired during the Settlement Class Period (i.e., May 3, 2023 through July 19, 2024, inclusive), the Recognized Loss shall be calculated as follows:

i.    For each share that was sold prior to July 26, 2023, the Recognized Loss is $0.00.

ii.    For each share that was sold during the period July 26, 2023 through July 18, 2024, inclusive, the Recognized Loss is the amount of price inflation on the date of purchase as provided in Table 1 above minus the amount of price inflation on the date of sale as provided in Table 1.

iii.    For each share that was sold during the period July 19, 2024 through October 16, 2024, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss is the lesser of:

a.    the amount of price inflation on the date of purchase as provided in Table 1 above; or

b.    the purchase price minus the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

iv.    For each share still held as of the close of trading on October 16, 2024, the Recognized Loss is the lesser of:

a.    the amount of price inflation on the date of purchase as provided in Table 1 above; or

b.    the purchase price minus the average closing price for SunPower common stock during the 90-Day Lookback Period, which is $0.22.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |

23

| 7/19/2024 | $0.68 | 8/19/2024 | $0.56 | 9/18/2024 | $0.32 |
| 7/22/2024 | $0.70 | 8/20/2024 | $0.54 | 9/19/2024 | $0.31 |
| 7/23/2024 | $0.78 | 8/21/2024 | $0.53 | 9/20/2024 | $0.30 |
| 7/24/2024 | $0.84 | 8/22/2024 | $0.51 | 9/23/2024 | $0.30 |
| 7/25/2024 | $0.86 | 8/23/2024 | $0.49 | 9/24/2024 | $0.29 |
| 7/26/2024 | $0.86 | 8/26/2024 | $0.48 | 9/25/2024 | $0.29 |
| 7/29/2024 | $0.85 | 8/27/2024 | $0.47 | 9/26/2024 | $0.28 |
| 7/30/2024 | $0.84 | 8/28/2024 | $0.45 | 9/27/2024 | $0.27 |
| 7/31/2024 | $0.85 | 8/29/2024 | $0.44 | 9/30/2024 | $0.27 |
| 8/1/2024 | $0.85 | 8/30/2024 | $0.43 | 10/1/2024 | $0.26 |
| 8/2/2024 | $0.85 | 9/3/2024 | $0.42 | 10/2/2024 | $0.26 |
| 8/5/2024 | $0.85 | 9/4/2024 | $0.41 | 10/3/2024 | $0.25 |
| 8/6/2024 | $0.82 | 9/5/2024 | $0.40 | 10/4/2024 | $0.25 |
| 8/7/2024 | $0.78 | 9/6/2024 | $0.39 | 10/7/2024 | $0.24 |
| 8/8/2024 | $0.74 | 9/9/2024 | $0.38 | 10/8/2024 | $0.24 |
| 8/9/2024 | $0.71 | 9/10/2024 | $0.37 | 10/9/2024 | $0.24 |
| 8/12/2024 | $0.68 | 9/11/2024 | $0.36 | 10/10/2024 | $0.23 |
| 8/13/2024 | $0.65 | 9/12/2024 | $0.35 | 10/11/2024 | $0.23 |
| 8/14/2024 | $0.62 | 9/13/2024 | $0.34 | 10/14/2024 | $0.22 |
| 8/15/2024 | $0.60 | 9/16/2024 | $0.33 | 10/15/2024 | $0.22 |
| 8/16/2024 | $0.58 | 9/17/2024 | $0.32 | 10/16/2024 | $0.22 |

**Calculation of Recognized Loss Per SunPower Call Option**

64.    For each SunPower call option purchased or otherwise acquired during the Settlement Class Period (i.e., May 3, 2023 through July 19, 2024, inclusive), the Recognized Loss shall be calculated as follows:

i.    For each call option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

ii.    For each call option held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

a.    that was sold prior to the close of trading on July 19, 2024, the Recognized Loss is the purchase price paid minus the sale proceeds received.

b.    that was exercised prior to the close of trading on July 19, 2024, the Recognized Loss is the purchase price paid minus the intrinsic value of the call option on the date of exercise, where the intrinsic value shall be the greater of: (i) $0.00 or (ii) the closing price of SunPower common stock on the date of exercise minus the strike price of the option.

c.    that expired unexercised prior to the close of trading on July 19, 2024, the Recognized Loss is equal to the purchase price paid.

24

d.      that was still held as of the close of trading on July 19, 2024, the Recognized Loss is the purchase price paid minus the intrinsic value of the call option on July 19, 2024, where the intrinsic value shall be the greater of: (i) $0.00 or (ii) $0.68 minus the strike price of the option.[5]

65.     No Recognized Loss shall be calculated based upon the purchase or acquisition of any SunPower call option that the Claimant had previously sold or written.

**Calculation of Recognized Loss Per SunPower Put Option**

66.     For each SunPower put option sold (written) during the Settlement Class Period (i.e., May 3, 2023 through July 19, 2024, inclusive), the Recognized Loss shall be calculated as follows:

i.      For each put option that was not open (i.e., not outstanding) at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

ii.     For each put option still outstanding at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

a.      that was purchased prior to the close of trading on July 19, 2024, the Recognized Loss is the purchase price paid minus the initial sale proceeds received.

b.      that was exercised (i.e., assigned) prior to the close of trading on July 19, 2024, the Recognized Loss is the intrinsic value of the put option on the date of exercise minus the initial sale proceeds received, where the intrinsic value shall be the greater of: (i) $0.00 or (ii) the strike price of the option minus the closing price of SunPower common stock on the date of exercise.

c.      that expired unexercised prior to the close of trading on July 19, 2024, the Recognized Loss is $0.00.

d.      that was still outstanding as of the close of trading on July 19, 2024, the Recognized Loss is the intrinsic value of the put option on July 19, 2024 minus the initial sale proceeds received, where the intrinsic value shall be the greater of: (i) $0.00 or (ii) the strike price of the option minus $0.68.

---

[5] $0.68 is the closing price of SunPower common stock on July 19, 2024.

67.    No Recognized Loss shall be calculated based upon the sale or writing of any SunPower put option that the Claimant had previously purchased or acquired.

68.    **Maximum Recovery for Options**: The total Settlement proceeds available for both SunPower call options purchased during the Settlement Class Period and SunPower put options sold (written) during the Settlement Class Period shall be limited to no more than 3.0% of the Net Settlement Fund.[6]

\*\*\*

If you have any questions about the calculation for Recognized Loss or would like to know how it applies to you, please contact the Claims Administrator by email at info@SunPowerSecuritiesSettlement.com or call (888)771-4249.

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

69.    The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of Claimants who send in claims varies widely from case to case.

70.    A purchase or sale of SunPower securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

71.    **Acquisition by Gift, Inheritance, or Operation of Law**: If a Settlement Class Member acquired SunPower securities during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that SunPower securities were originally purchased prior to the commencement of the Settlement Class Period, the Recognized Loss for such securities shall be deemed to be zero ($0.00).

---

[6] SunPower call and put option trading accounted for approximately 3.0% of total dollar trading volume for SunPower common stock, call and put options during the Settlement Class Period. As such, claims for SunPower call and put option transactions are allotted 3.0% of the Settlement pursuant to the Plan of Allocation.

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

72.    The first-in, first-out ("FIFO") method will be applied to match purchases and sales of SunPower securities. With respect to SunPower common stock and SunPower call options, each Claimant's sales during the Settlement Class Period shall be matched first against the Claimant's holdings at the beginning of the Settlement Class Period, and thereafter against the Claimant's purchases or acquisitions made during the Settlement Class Period in chronological order, beginning with the earliest such purchase or acquisition. With respect to SunPower put options, transactions during the Settlement Class Period shall be matched on a FIFO basis such that any purchases of put options are first matched to close positions that were open at the beginning of the Settlement Class Period, and thereafter to close put options sold (written) during the Settlement Class Period in chronological order, beginning with the earliest such sale or writing.

73.    The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero ($0.00). In the event that a claimant has a short position in SunPower common stock, the earliest subsequent purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

74.    With respect to SunPower common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of SunPower common stock acquired during the Settlement Class Period through the exercise of a publicly traded option shall be computed as provided for other purchases of SunPower common stock in the Plan of Allocation.[7]

75.    Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less

---

[7] The "exercise of a publicly traded option" as used in this sentence includes: (1) purchases of SunPower common stock as the result of the exercise of a publicly traded call option, and (2) purchases of SunPower common stock by the seller of a publicly traded put option as a result of the buyer of such put option exercising that put option.

than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

76.    Settlement Class Members who do not submit an acceptable Proof of Claim will not share in the Settlement proceeds. The Settlement and the Final Approval Order and the Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

77.    Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the ultimate resolution of your Claim after a final determination of Lead Counsel or the Claims Administrator, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

78.    Defendants, their counsel, and all other Released Defendants' Parties will have no responsibility or liability whatsoever for the processing of Proofs of Claim, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any Claim. Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

79.    No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Costs, Taxes, and attorneys' fees and expenses and other awards approved by the Court, if any, redistribute such balance among Authorized Claimants who have cashed their checks sent in the initial distribution and who would receive a minimum of $10.00 as part of an additional distribution, in an equitable and economic

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II)
SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES

fashion. Such additional distributions shall be repeated every six months until the balance remaining in the Net Settlement Fund is reduced to a de minimis level such that, in the reasonable judgment of Lead Counsel, it no longer makes economic sense, considering costs of distribution, to attempt to make further distributions.  Any balance that thereafter still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, and after payment of outstanding Notice and Administration Costs, Taxes,  attorneys' fees and expenses and other awards approved by the Court, shall be donated to a 501(c)(3) non-profit organization serving the public interest designated by Lead Counsel that has no affiliation or financial relationship with Plaintiffs' Counsel,  Plaintiffs, Defendants, their affiliates, or Defendants' Counsel, and is approved by the Court.

## ADDITIONAL PROVISIONS

80.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be final and conclusive against all Settlement Class Members.  No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel, or Defendants or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and all other Released Defendants' Parties and Released Plaintiffs' Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

81.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Settlement Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.SunPowerSecuritiesSettlement.com.

<table>
<tr><td><strong>WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?<br>HOW WILL THE LAWYERS BE PAID?</strong></td></tr>
</table>

82.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (33 1/3%) of the Settlement Fund plus interest.  At the same time, Plaintiffs' Counsel also intends to apply for reimbursement of Litigation Expenses plus interest in an amount not to exceed $500,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

<table>
<tr><td><strong>WHAT IF I DO NOT WANT TO BE A SETTLEMENT CLASS MEMBER?  HOW DO I EXCLUDE MYSELF?</strong></td></tr>
</table>

83.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity (1) electronically submits a request for exclusion on the Settlement website maintained by the Claims Administrator at www.SunPowerSecuritiesSettlement; or (2) mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Settlement Class to the Claims Administrator at the address set forth below:

**Claims Administrator**
SunPower Securities
Litigation
Attn: Exclusions
PO Box 58220
Philadelphia, PA 19103

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

84.    The exclusion request must be *received* no later than _____.  You will not be able to exclude yourself from the Settlement Class after that date. Each request for exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RLF (N.D. Cal.)"; (c) the number and type of SunPower securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  You may also use the electronic form to request exclusion which is posted on the Settlement Website, www.SunPowerSecuritiesSettlement.com. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court.

85.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Releasing Plaintiffs' Parties' Claims against any of the Released Defendants' Parties.

86.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

87.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be Settlement Class Members in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

88.    **Settlement Class Members may but do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions**

**below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

89.    The Settlement Hearing will be held in person and via Zoom, on _____ at 1:30pm, before the Honorable Rita F. Lin in Courtroom 15, 18th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, and at the Zoom link https://cand.uscourts.gov/judges/rfl/lin-rita-f. Any order changing the time, date, place, or manner of the Settlement Hearing will be posted on the Settlement website, www.SunPowerSecuritiesSettlement.com. The Court reserves the right to approve the Settlement, the Plan of Allocation, Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the Settlement Class Members.

90.    Any Settlement Class Member that does not request exclusion may ask the Court to deny approval by filing an objection to the Settlement, the proposed Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

91.    Objections must be in writing, unless the Court orders otherwise. The Court may excuse the written objection requirement upon a showing of good cause. You must file any written objection, together with copies of all other papers and briefs supporting the objection, either electronically, in person at any location of the United States District Court for the Northern District of California or by mail  with the Clerk's Office at the United States District Court for the Northern District of California at the address set forth below on or before _____.

**Clerk's Office**
United States District
Court for the Northern
District of California
Clerk of the Court

32

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Phillip Burton Federal
Building
450 Golden Gate Avenue
16th floor
San Francisco, CA 94102

92.     Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number and type of SunPower securities that the objecting Settlement Class Member purchased/acquired and/or sold during the period from May 3, 2023 through and including July 19, 2024, as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.  The requirement to submit a written objection as a prerequisite to appearing in Court to object to the Settlement may be excused upon a showing of good cause.  The Court will require only substantial compliance with the requirements for submitting an objection.

93.     You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise for good cause.

94.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, you must (unless excused by the Court for good cause) also file a notice of appearance with the Clerk's Office and serve it on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

95.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in ¶ 6 above so that the notice is *received* **on or before** _____.

96.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class other than that any order changing the time, date, place, or manner of the Settlement Hearing will be posted on the Settlement website, www.SunPowerSecuritiesSettlement.com.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Plaintiffs' Counsel.

97.    Unless the Court orders otherwise for good cause, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

**WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?**

98.    If you purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities between May 3, 2023 to July 19, 2024, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the Nominee Letter, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of the Nominee Letter,

34

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

request the link to the Long Notice and Claim Form from the Claims Administrator, and within seven (7) calendar days of receipt, email the link to all beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the Nominee Letter, provide a list of the names, addresses, and email addresses of all such beneficial owners/purchasers to info@SunPowerSecuritiesSettlement.com.  If you choose the third option, the Claims Administrator will promptly send a copy of the Postcard Notice or email the link to the Long Notice and Claim Form to the beneficial owners/purchasers. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in an amount not to exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice; or $0.03 per link to the Long Notice and Claim Form transmitted by email; or $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

99.    This Long Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected on PACER or during regular office hours at the Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement Website, www.SunPowerSecuritiesSettlement.com.

All inquiries concerning this Long Notice and the Claim Form should be directed to:

SunPower Securities Settlement
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Toll-free: (888)771-4249
Email: info@SunPowerSecuritiesSettlement.com
www.SunPowerSecuritiesSettlement.com

35

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

and/or

Jeremy Lieberman, Esq.
Pomerantz LLP
600 Third Avenue, 20th Fl.
New York, New York 10016-1917
Tel: 212-661-1100
jalieberman@pomlaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS LONG NOTICE.**

Dated: _____ , 2026                    By Order of the Court
                                           United States District Court
                                           NDCA

36

**Exhibit A-1**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to:<br>*ALL ACTIONS* | CASE NO.  3:23-cv-05544-RFL<br><br>Class Action<br><br>Judge: Hon. Rita F. Lin |

**LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Long Notice.*
*This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court") if, during the period between May 3, 2023 to July 19, 2024, both dates inclusive (the "Class Period"), you purchased or otherwise acquired SunPower Corporation ("SunPower") common stock, or purchased or traded other SunPower securities, and were allegedly damaged thereby (the "Settlement Class"), subject to the exclusions set forth in ¶ 30 below.[1]

**NOTICE OF SETTLEMENT:**    Please also be advised that the Court-Appointed Lead Plaintiff

---

[1] All capitalized terms used in this Long Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated January 9, 2026 and amended on February 10, 2026 (the "Stipulation"), which is available at www.SunPowerSecuritiesSettlement.com.

1

Bezeyem Lemou ("Lemou" or "Lead Plaintiff"), and additional co-plaintiffs Daniel Suarez and Charles Orr (collectively "Plaintiffs"), on behalf of themselves and all members of the Settlement Class (as defined above), have reached a proposed settlement of the Action for $11,000,000 that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS LONG NOTICE CAREFULLY. This Long Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Long Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court Clerk's office, SunPower, any Defendants in the Action, or their counsel. Information you require may be found on the Settlement website maintained at www.SunPowerSecuritiesSettlement.com. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 99 below).**

1.    **Description of the Action and the Settlement Class:** This Long Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants, three former officers of SunPower, Peter Faricy, Elizabeth Eby, and Thomas Werner (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by making materially false and misleading statements and omissions regarding SunPower's financial health that artificially inflated SunPower's common stock price during the Class Period. As discussed below, Defendants deny the allegations of wrongdoing asserted in this Action, and deny any liability whatsoever to any Settlement Class Member. A more detailed description of the Action is set forth in ¶¶ 11–29 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class.

2.    **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in

2

exchange for a settlement payment of $11,000,000 in cash (the "Settlement Amount") to be deposited into an Escrow Account. The Net Settlement Fund is the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other fees or expenses approved by the Court. The Net Settlement Fund will be distributed in accordance with a Plan of Allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among the Settlement Class Members. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 20-23 below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages expert's estimates of the number of SunPower securities purchased or traded during the Class Period that may have been affected by the conduct alleged in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.20. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold securities of SunPower, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 20-23 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants deny that they violated the federal securities laws or committed any wrongdoing whatsoever, and deny that any Settlement Class Members suffered any damages or harm as a result of Defendants' conduct.

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

5.     **Attorneys' Fees and Expenses Sought:**   Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2023, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.   Court-appointed Plaintiffs' Lead Counsel, Pomerantz LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (33 1/3%) of the Settlement Fund plus interest.  In addition, Plaintiffs' Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants plus interest, in an amount not to exceed $500,000, which will include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimated average cost per affected SunPower security, if the Court approves Plaintiffs' Counsel's fee and expense application, is $0.07 per eligible security.

6.     **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Jeremy A. Lieberman, Esq. Austin P. Van, Esq., and Samantha Daniels, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016-1917, Tel: 212-661-1100.  Defendants are represented by Wilson Sonsini Goodrich & Rosati, P.C, Katherine L. Henderson, Esq., One Market Plaza, Spear Tower, Suite 3300, San Franscisco, CA 94105, Tel. (415) 947-2000, and John I. Karin, Esq., 31 W 52nd Street, Fifth Floor, New York, NY 10019, Tel. (212) 999-5800.

7.     **Reasons for the Settlement:**   Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery - or indeed no recovery at all - might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants,

4

who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAIL POSTMARKED NO LATER THAN _____, 2026 OR SUBMITTED ELECTRONICALLY BY 11:59 P.M. EST ON _____, 2026.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Releasing Plaintiffs' Parties' Claims (defined in ¶ 39 below) that you have against Defendants and Released Defendants' Parties (defined in ¶ 40 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN ___, 2026.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN ___, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 2026 AT _____ _.M.,1:30PM IN PERSON OR VIA ZOOM, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2026.** | Filing a written objection and notice of intention to appear by _____, 2026 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. The requirement of written notice may be excused by a showing of good cause made to the Court. |

5

| DO NOTHING. | If you are a Settlement Class Member and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a Settlement Class Member, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## WHAT THIS LONG NOTICE CONTAINS

Why Did I Get This Long Notice? ..... Page 7

What Is This Case About? ..... Page 8

How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? ..... Page 11

What Are Plaintiffs' Reasons For The Settlement? ..... Page 12

What Might Happen If There Were No Settlement? ..... Page 13

How Are Settlement Class Members Affected By The Action And The Settlement? ..... Page 13

How Do I Participate In The Settlement? What Do I Need To Do? ..... Page 18

How Much Will My Payment Be? ..... Page 18

What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? ..... Page 30

What If I Do Not Want To Be A Settlement Class Member? How Do I Exclude Myself? ..... Page 30

When And Where Will The Court Decide Whether To Approve The Settlement?

Do I Have To Come To The Hearing? May I Speak At The Hearing? If I Don't Like The Settlement? ..... Page 31

What If I Bought Shares On Someone Else's Behalf? ..... Page 34

6

Can I See The Court File? Whom Should I

Contact If I Have Questions?                                          Page 35

| WHY DID I GET THIS LONG NOTICE? |
|---|

8.      The Court directed that this Long Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, during the Class Period.  The Court has directed us to send you this Long Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any potential objections and appeals are resolved.

9.      The purpose of this Long Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  **See the section above entitled "Your Legal Rights and Options in the Settlement" and ¶ 89 below for details about the Settlement Hearing, including the date and location of the hearing.**

10.      The issuance of this Long Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any potential objections and appeals are

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

resolved and after the completion of all Claims processing.  Please be patient, as this process can take some time to complete.

<table>
<tr><td style="text-align:center"><b>WHAT IS THIS CASE ABOUT?</b></td></tr>
</table>

11. On October 27, 2023, Plaintiff Jacob Warren Craven commenced this Action in the U.S. District Court for the Northern District of California, styled, *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RFL (N.D. Cal.).  ECF No. 1.  The Honorable District Judge Rita F. Lin has presided over the case.  ECF No. 8.

12. On October 30, 2023, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a notice of pendency of action was published which provided a deadline to seek lead plaintiff appointment by December 26, 2023.  After notice was published, the Court received three motions to appoint lead plaintiff and for approval of lead counsel.  ECF Nos. 15, 19, and 23.

13. On January 29, 2024, the Court ordered a stipulation filed by Lemou and Ozlem Yetim appointing them as Co-Lead Plaintiffs and appointing Pomerantz LLP and Hagens Berman Sobol Shapiro LLP as Co-Lead Counsel.  ECF No. 38.

14. On March 29, 2024, Lemou filed the First Amended Complaint.  ECF No. 51.

15. On April 8, 2024, the Court granted Yetim's and Hagens Berman's motion to withdraw.  ECF No. 53.

16. The First Amended Complaint alleged that Mr. Faricy, Ms. Eby, and SunPower violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements regarding SunPower's financial health.  The First Amended Complaint alleged these claims on behalf of investors who purchased or otherwise acquired SunPower securities between May 3, 2023, and February 14, 2024, dates inclusive, and were damaged as a result.

17. On May 24, 2024, the then-defendants moved to dismiss the First Amended Complaint.  ECF No. 58.  On June 16, 2024, Plaintiffs opposed the motion to dismiss (ECF No.

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

59), and the then-defendants filed their reply in further support of their motion to dismiss on July 9, 2024.  ECF No. 60.  On July 24, 2024, the Court vacated the hearing on the motion to dismiss and indicated the Court would issue a written order on the motion.  ECF No. 62.

18. On August 7, 2024, SunPower filed a notice of bankruptcy.  ECF No. 63.  On August 12, 2024, Plaintiff voluntarily dismissed SunPower as a named defendant.  ECF No. 65.

19. On September 11, 2024, the Court granted Plaintiffs' motion to consolidate the case and a related, later-filed one (titled *Rodrigues v. SunPower et al.*, Case No. 3:24-cv-04896-RFL).  The Court accordingly denied the motion to dismiss (ECF No. 58) as moot and ordered Plaintiff to file a consolidated second amended complaint by September 25, 2024.  ECF No. 78.

20. On September 25, 2024, Plaintiffs filed their Second Amended Complaint, which expanded the class period from May 3, 2023 to July 19, 2024, dates inclusive, and added Mr. Werner as a defendant.  ECF No. 79.  On October 25, 2024, Defendants moved to dismiss the Second Amended Complaint (ECF No. 88), which Plaintiffs opposed on November 25, 2024.  ECF No. 90.  On December 18, 2024, Defendants filed their reply in further support of their motion to dismiss.  ECF No. 91.

21. On February 4, 2025, the Court held a hearing on the motion to dismiss which was taken under submission.  ECF No. 93.  On March 6, 2025, the Honorable Rita F. Lin granted in part and denied in part the motion to dismiss with leave to amend.  ECF No. 97.

22. On April 17, 2025, Plaintiffs filed their Third Amended Complaint.  ECF No. 103.  On May 15, 2025, Plaintiffs filed a corrected Third Amended Complaint.  ECF Nos. 108, 109.  On May 27, 2025, Defendants moved to dismiss the corrected Third Amended Complaint (ECF No. 110), which Plaintiffs opposed on July 14, 2025.  ECF No. 112.  On August 4, 2025, Defendants filed their reply in further support of their motion to dismiss.  ECF No. 116.  After agreeing to attend mediation, the Parties agreed to defer the September 2, 2025 hearing on that motion to November 4, 2025.  ECF No. 120.

23. On September 15, 2025, the Parties participated in an all-day mediation session presided over by experienced mediator Jed Melnick of JAMS.  In advance of the mediation, the

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability and damages. The mediation was not successful in resolving this matter on that day, but the Parties continued to exchange views regarding potential damages.

24.    On October 24, 2025, the Court vacated the upcoming hearing on the motion to dismiss, notifying the Parties the Court would decide the matter on the papers. ECF No. 123.

25.    On November 6, 2025, the Parties' agreed to a mediator's proposal to settle the Action in principle and release all claims asserted against Defendants in the Action in exchange for an all-cash payment of $11,000,000.00 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers and Court approval. The agreement was memorialized in a term sheet (the "Term Sheet") which was fully executed on November 16, 2025. The Term Sheet sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment on behalf of Defendants of eleven million U.S. dollars ($11,000,000.00) for the benefit of the Settlement Class.

26.    On November 6, 2025, the Parties filed a Joint Notice of Forthcoming Settlement and [Proposed] Order Staying Proceedings informing the Court that a settlement had been reached. ECF No. 125. On November 7, 2025, the Court granted the request to stay the proceedings, ordering that by December 19, 2025, the Parties shall file either: (1) a status update; or (2) a stipulation of settlement and motion for preliminary approval. The deadline was thereafter extended to January 5, 2026 and then to January 9, 2026. ECF Nos. 128, 129.

27.    Based upon their investigation and prosecution of the case, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Plaintiffs and the Settlement Class Members, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of the Stipulation, after considering, among

other things: (a) the substantial financial benefit that Plaintiffs and the Settlement Class Members will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

28. The Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing and further denies that the Settlement Class suffered any damages or harm as a result of the Defendants' conduct, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Released Defendants' Parties (defined in ¶ 40 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

29. On _____, 2026, the Court preliminarily approved the Settlement, authorized the forms of notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

<div style="text-align:center; border:1px solid black; background:#e0e0e0;">

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

</div>

30. If you are a Settlement Class Member, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, between May 3, 2023 and July 19, 2024, both dates inclusive, and were allegedly damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of SunPower, at all relevant times; (iii) members of the Immediate Family of each of the Defendants; (iv) all subsidiaries and affiliates of SunPower and the directors and officers of such subsidiaries or affiliates; (v) all firms, trusts, corporations, and any other entity in which any of the

11

Defendants has a controlling interest; (vi) the presiding Judge, their staff, and (vithe immediate family members of the Judge and their staff; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.  *See* "What If I Do Not Want To Be A Settlement Class Member? How Do I Exclude Myself," on pages 30-13 below.

PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT A CLAIM FORM AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE NO LATER THAN 11:59 P.M. EST _____, 2026.  PLEASE NOTE THAT UNDER NEW UNITED STATES POSTAL SERVICE PRACTICES ADOPTED DECEMBER 24, 2025, IT MAY TAKE SEVERAL DAYS AFTER MAIL IS POSTED FOR IT TO BE POSTMARKED, SO PLEASE PROVIDE YOURSELF WITH EXTRA TIME IF SUBMITTING A CLAIM BY MAIL RATHER THAN ONLINE.

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

31.    Plaintiffs and Plaintiffs' Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Moreover, Plaintiffs' Counsel recognized that Defendants had numerous defenses that could preclude a recovery.  For example, they would assert that the statements were not materially false and misleading, and that even if they were, the statements were not made with the requisite state of mind to support the securities fraud claims alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to each of the allegedly false statements would be hotly contested.  Plaintiffs would have to prevail at several stages - motions

to dismiss and for summary judgment, trial, and if they prevailed on those, on the appeals that would likely follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

32.    In light of these risks, the amount of the Settlement and the quicker recovery to the Settlement Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Plaintiffs' Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $11,000,000 (less the various deductions described in this Long Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery after motion to dismiss, summary judgment, trial and appeals, possibly years in the future.

33.    Defendants deny the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants further deny that their conduct caused the Settlement Class any harm or damages. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

34.    If there were no Settlement and Plaintiffs failed to prove any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other Settlement Class Members would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, on the motion to dismiss, summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?**

35.    As a Settlement Class Member, you are represented by Plaintiffs and Plaintiffs' Counsel, unless you submit an objection or other communication to the Court *pro se* (which means representing yourself without counsel) or through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel

13

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

36.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section titled, "What If I Do Not Want To Be A Settlement Class Member? How Do I Exclude Myself?," below.

37.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, Plaintiffs' Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, or the awards to Plaintiffs, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?" below.

38.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a final approval order (the "Final Approval Order") and a judgment (the "Judgment").  The Judgment will provide that this Action is dismissed with prejudice.  The Final Approval Order will provide that upon the Effective Date, the Released Plaintiffs' Parties (as defined below) shall be deemed to have fully and forever released the Releasing Plaintiffs' Parties' Claims (as defined below) as against the Released Defendants' Parties (as defined below) and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Releasing Plaintiffs' Parties' Claims against any and all of the Released Defendants' Parties.

39.     "Releasing Plaintiffs' Parties' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, controversies, disputes, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every

14

nature and description (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), whether known or unknown claims, in law or in equity, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal, state, common or foreign law, that: (i) are or have been asserted in any complaint in this Action or (ii) could have been asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, conduct, failures to act, representations or omissions that were alleged, involved, set forth, or referred to, in any of the complaints filed in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of SunPower securities by any members of the Settlement Class, including Unknown Claims. Releasing Plaintiffs' Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a valid and timely request for exclusion from the Settlement Class.  This release will not impact Plaintiffs' Counsel's right to seek attorneys' fees and Litigation Expenses as provided in ¶ 17 of the Stipulation.

40.    "Released Defendants' Parties" means (i) each Defendant and SunPower; (ii) the family members of the Defendants; (iii) direct or indirect parent entities, including Sol Holding, LLC, TotalEnergies SE, Global Infrastructure Management, LLC, direct and indirect subsidiaries, related entities, and all affiliates of SunPower, and their affiliated entities, directors, officers, employees, or agents; (iv) any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling

person thereof; and (vi) any entity in which Defendants have a controlling interest; all in their capacities as such. For the avoidance of doubt, this release shall not include the release of any claims that already have been brought derivatively on behalf of SunPower related to the conduct outlined in the Action. The Released Defendants' Parties are intended as third-party beneficiaries of the Settlement.

41. "Unknown Claims" means any Releasing Plaintiffs' Parties' Claims which any Plaintiff or any other Released Plaintiffs' Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Released Defendants' Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Settlement Class Member's decision not to opt-out or object. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the Released Defendants' Parties and each of the Released Plaintiffs' Parties shall be deemed to have waived, and by operation of the Judgment and the Final Approval Order shall have expressly waived, any and all provisions, rights, and benefits conferred by any law, including of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Defendants, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs, Defendants, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties shall be deemed to have waived, and by

16

operation of the Judgment and the Final Approval Order shall have expressly waived, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge, and each of the other Settlement Class Members, the Released Defendants' Parties and the Released Plaintiffs' Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

42.    The Final Approval Order will also provide that, upon the Effective Date, the Released Defendants' Parties shall be deemed to have fully and forever released the Released Defendants' Claims (as defined below) as against the Released Plaintiffs' Parties and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Released Defendants' Claims against any and all of the Released Plaintiffs' Parties.

43.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants and Unknown Claims that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and the Released Defendants' Parties, any claims between the Defendants and the Released Defendants' Parties and their respective insurers, or any claims against any person or entity who or which submits a valid and timely request for exclusion from the Settlement Class.

44.    "Released Plaintiffs' Parties" means (i) Plaintiffs, all Settlement Class Members, any other plaintiffs in the Action and their counsel, Plaintiffs' Counsel, liaison counsel or referring counsel, and (ii) each of their respective Immediate Family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers,

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

**HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?**

45.     To be eligible for a payment from the proceeds of the Settlement, you must be a Settlement Class Member, and you must timely complete and return the Claim Form with adequate supporting documentation to the Claims Administrator at the address in ¶ 99 below, **postmarked or submitted online no later than 11:59 P.M. EST _____**.  A Claim Form, which is contained within the Proof of Claim, is available on the Settlement Website at www.SunPowerSecuritiesSettlement.com, or you may request that a Claim Form be mailed or emailed to you by calling the Claims Administrator toll free at (888) 771-4249.  Please retain all records of your ownership of and transactions in SunPower common stock and other securities (including options), as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

**HOW MUCH WILL MY PAYMENT BE?**

46.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

47.     Pursuant to the Settlement, Defendants have agreed to cause to be paid eleven million dollars and zero cents ($11,000,000.00) in cash.  The Settlement Amount will be deposited into the Escrow Account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund (as described in ¶ 2) will be distributed to Settlement Class Members who submit valid Claim Forms that are approved by the Court, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve ("Authorized Claimants").

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

48.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

49.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's Judgment and Final Approval Order approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

50.    Approval of the Settlement is independent from approval of a plan of allocation. Any Court modification or rejection of the Plan of Allocation will not affect the binding nature of the Settlement, if approved.

51.    Unless the Court otherwise orders or Plaintiffs' Counsel exercise their discretion to excuse late submission, any Settlement Class Member who fails to submit a Claim Form postmarked or submitted online by 11:59 p.m. EST on _____, 2026, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment and Final Approval Order entered and the Releases given.  This means that each Settlement Class Member shall be deemed to have fully and forever released the Releasing Plaintiffs' Parties' Claims (as defined in ¶ 39 above) as against the Released Defendants' Parties (as defined in ¶ 40 above) and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Releasing Plaintiffs' Parties' Claims against any and all of the Released Defendants' Parties, whether or not such Settlement Class Member submits a Claim Form.

52.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.  Plaintiffs' Counsel intend to apply to the Court for approval of reimbursement to Plaintiffs for the expenditure of time and any expenses

they incurred of $2,500 each. Such sums, if awarded, will reduce Plaintiffs' Counsel's attorneys' fees.

53. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

54. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, during the Class Period and were allegedly damaged thereby, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities which are excluded from the Settlement Class by definition, including those who properly exclude themselves from the Settlement Class pursuant to a request, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

**PROPOSED PLAN OF ALLOCATION**

55. The objective of the Plan of Allocation, formulated in consultation with Plaintiffs' experts, is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas (the "Recognized Loss"), formulated with the assistance of damages experts, described below.

56. A Recognized Loss will be calculated for each share of SunPower common stock and each SunPower call option purchased or otherwise acquired during the Settlement Class Period, and for each SunPower put option sold/written during the Settlement Class Period.[2,3] The calculation of Recognized Loss will depend upon several factors, including when the SunPower

---

[2] During the Settlement Class Period, SunPower common stock was listed on the Nasdaq Global Market under the ticker symbol "SPWR." After the Settlement Class Period, in August 2024, SunPower common stock was delisted from the Nasdaq and began trading on the OTC Markets under the ticker symbol "SPWRQ."

[3] Exchange-traded options are traded in units called "contracts." Each call (put) option contract entitles the holder of the call (put) option contract to purchase (sell) 100 shares of the underlying stock upon exercise, in this case SunPower common stock.

20

securities were purchased during the Settlement Class Period, the price paid, and whether such securities were sold, and, if sold, when they were sold and for what amounts.

57.    The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have recovered after a trial, nor is it intended to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. Rather, the Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

58.    The Plan of Allocation was developed with the assistance of a consulting damages expert and is based on the assumption that the price of SunPower common stock was artificially inflated throughout the Settlement Class Period. Plaintiffs' estimated amount of alleged artificial inflation during the Settlement Class Period is set forth in Table 1 below. The calculation of the alleged artificial inflation in the price of SunPower common stock is based on certain misrepresentations alleged by Plaintiffs and on stock price declines, net of market- and industry-wide factors, that occurred in reaction to the public announcements that allegedly corrected those misrepresentations.

59.    Federal securities laws allow investors to recover for losses only to the extent that such losses were caused by disclosures correcting the defendants' prior false or misleading statements or omissions. Accordingly, in order to be eligible for a recovery under the Plan of Allocation, SunPower common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which the price declined due to the disclosure of information correcting an allegedly misleading statement or omission. Plaintiffs and Lead Counsel have determined that such price declines occurred on the following dates: July 26–27, 2023; November 16, 2023; December 12, 2023; December 18, 2023; February 15–23, 2024; April 23, 2024; July 5, 2024; and July 18–19, 2024 (the "Corrective Disclosure Dates").

60.    Accordingly, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, SunPower common stock and call options must have been purchased or acquired during the Settlement Class Period and held at the opening of trading on at least one of the Corrective Disclosure Dates. With respect to SunPower put options, those options must have

21

been sold (written) during the Settlement Class Period and still outstanding at the opening of trading on at least one of the Corrective Disclosure Dates.

| Table 1 Artificial Inflation in SunPower Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation*** |
| May 3, 2023 | July 25, 2023 | $7.06 |
| July 26, 2023 | July 26, 2023 | $5.28 |
| July 27, 2023 | November 15, 2023 | $5.32 |
| November 16, 2023 | December 11, 2023 | $5.15 |
| December 12, 2023 | December 17, 2023 | $4.95 |
| December 18, 2023 | February 14, 2024 | $3.13 |
| February 15, 2024 | February 15, 2024 | $3.04 |
| February 16, 2024 | February 19, 2024 | $2.46 |
| February 20, 2024 | February 20, 2024 | $2.43 |
| February 21, 2024 | February 21, 2024 | $2.46 |
| February 22, 2024 | February 22, 2024 | $2.40 |
| February 23, 2024 | April 22, 2024 | $2.54 |
| April 23, 2024 | July 4, 2024 | $2.31 |
| July 5, 2024 | July 17, 2024 | $1.73 |
| July 18, 2024 | July 18, 2024 | $0.78 |
| July 19, 2024 | Thereafter | $0.00 |

* For each day listed in Table 1, the per-share price inflation in SunPower common stock shall be limited to that day's closing price for the stock.

61.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for SunPower common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on SunPower common stock purchased during the Settlement Class Period and held as of the close of the 90-day period following the public dissemination of information correcting the alleged misstatement or omission (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average closing price during the 90-Day Lookback Period.[4] The Recognized Loss on SunPower common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average closing price during the portion of the 90-Day Lookback Period that had elapsed as of the date of sale.

---

[4] Here, the 90-Day Lookback Period starts on July 19, 2024, the latest Corrective Disclosure Date, and ends on October 16, 2024.

22

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

62.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00). Any transactions in SunPower securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS PER SECURITY

### Calculation of Recognized Loss Per Share of SunPower Common Stock

63.     For each share of SunPower common stock purchased or otherwise acquired during the Settlement Class Period (i.e., May 3, 2023 through July 19, 2024, inclusive), the Recognized Loss shall be calculated as follows:

i.     For each share that was sold prior to July 26, 2023, the Recognized Loss is $0.00.

ii.     For each share that was sold during the period July 26, 2023 through July 18, 2024, inclusive, the Recognized Loss is the amount of price inflation on the date of purchase as provided in Table 1 above minus the amount of price inflation on the date of sale as provided in Table 1.

iii.     For each share that was sold during the period July 19, 2024 through October 16, 2024, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss is the lesser of:

a.     the amount of price inflation on the date of purchase as provided in Table 1 above; or

b.     the purchase price minus the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

iv.     For each share still held as of the close of trading on October 16, 2024, the Recognized Loss is the lesser of:

a.     the amount of price inflation on the date of purchase as provided in Table 1 above; or

b.     the purchase price minus the average closing price for SunPower common stock during the 90-Day Lookback Period, which is $0.22.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |

23

| | | | | | |
|---|---|---|---|---|---|
| 7/19/2024 | $0.68 | 8/19/2024 | $0.56 | 9/18/2024 | $0.32 |
| 7/22/2024 | $0.70 | 8/20/2024 | $0.54 | 9/19/2024 | $0.31 |
| 7/23/2024 | $0.78 | 8/21/2024 | $0.53 | 9/20/2024 | $0.30 |
| 7/24/2024 | $0.84 | 8/22/2024 | $0.51 | 9/23/2024 | $0.30 |
| 7/25/2024 | $0.86 | 8/23/2024 | $0.49 | 9/24/2024 | $0.29 |
| 7/26/2024 | $0.86 | 8/26/2024 | $0.48 | 9/25/2024 | $0.29 |
| 7/29/2024 | $0.85 | 8/27/2024 | $0.47 | 9/26/2024 | $0.28 |
| 7/30/2024 | $0.84 | 8/28/2024 | $0.45 | 9/27/2024 | $0.27 |
| 7/31/2024 | $0.85 | 8/29/2024 | $0.44 | 9/30/2024 | $0.27 |
| 8/1/2024 | $0.85 | 8/30/2024 | $0.43 | 10/1/2024 | $0.26 |
| 8/2/2024 | $0.85 | 9/3/2024 | $0.42 | 10/2/2024 | $0.26 |
| 8/5/2024 | $0.85 | 9/4/2024 | $0.41 | 10/3/2024 | $0.25 |
| 8/6/2024 | $0.82 | 9/5/2024 | $0.40 | 10/4/2024 | $0.25 |
| 8/7/2024 | $0.78 | 9/6/2024 | $0.39 | 10/7/2024 | $0.24 |
| 8/8/2024 | $0.74 | 9/9/2024 | $0.38 | 10/8/2024 | $0.24 |
| 8/9/2024 | $0.71 | 9/10/2024 | $0.37 | 10/9/2024 | $0.24 |
| 8/12/2024 | $0.68 | 9/11/2024 | $0.36 | 10/10/2024 | $0.23 |
| 8/13/2024 | $0.65 | 9/12/2024 | $0.35 | 10/11/2024 | $0.23 |
| 8/14/2024 | $0.62 | 9/13/2024 | $0.34 | 10/14/2024 | $0.22 |
| 8/15/2024 | $0.60 | 9/16/2024 | $0.33 | 10/15/2024 | $0.22 |
| 8/16/2024 | $0.58 | 9/17/2024 | $0.32 | 10/16/2024 | $0.22 |

**Calculation of Recognized Loss Per SunPower Call Option**

64.    For each SunPower call option purchased or otherwise acquired during the Settlement Class Period (i.e., May 3, 2023 through July 19, 2024, inclusive), the Recognized Loss shall be calculated as follows:

i.    For each call option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

ii.    For each call option held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

a.    that was sold prior to the close of trading on July 19, 2024, the Recognized Loss is the purchase price paid minus the sale proceeds received.

b.    that was exercised prior to the close of trading on July 19, 2024, the Recognized Loss is the purchase price paid minus the intrinsic value of the call option on the date of exercise, where the intrinsic value shall be the greater of: (i) $0.00 or (ii) the closing price of SunPower common stock on the date of exercise minus the strike price of the option.

c.    that expired unexercised prior to the close of trading on July 19, 2024, the Recognized Loss is equal to the purchase price paid.

24

d.      that was still held as of the close of trading on July 19, 2024, the Recognized Loss is the purchase price paid minus the intrinsic value of the call option on July 19, 2024, where the intrinsic value shall be the greater of: (i) $0.00 or (ii) $0.68 minus the strike price of the option.[5]

65.    No Recognized Loss shall be calculated based upon the purchase or acquisition of any SunPower call option that the Claimant had previously sold or written.

**Calculation of Recognized Loss Per SunPower Put Option**

66.    For each SunPower put option sold (written) during the Settlement Class Period (i.e., May 3, 2023 through July 19, 2024, inclusive), the Recognized Loss shall be calculated as follows:

i.      For each put option that was not open (i.e., not outstanding) at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

ii.     For each put option still outstanding at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

a.      that was purchased prior to the close of trading on July 19, 2024, the Recognized Loss is the purchase price paid minus the initial sale proceeds received.

b.      that was exercised (i.e., assigned) prior to the close of trading on July 19, 2024, the Recognized Loss is the intrinsic value of the put option on the date of exercise minus the initial sale proceeds received, where the intrinsic value shall be the greater of: (i) $0.00 or (ii) the strike price of the option minus the closing price of SunPower common stock on the date of exercise.

c.      that expired unexercised prior to the close of trading on July 19, 2024, the Recognized Loss is $0.00.

d.      that was still outstanding as of the close of trading on July 19, 2024, the Recognized Loss is the intrinsic value of the put option on July 19, 2024 minus the initial sale proceeds received, where the intrinsic value shall be the greater of: (i) $0.00 or (ii) the strike price of the option minus $0.68.

---

[5] $0.68 is the closing price of SunPower common stock on July 19, 2024.

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

67.     No Recognized Loss shall be calculated based upon the sale or writing of any SunPower put option that the Claimant had previously purchased or acquired.

68.     **Maximum Recovery for Options**: The total Settlement proceeds available for both SunPower call options purchased during the Settlement Class Period and SunPower put options sold (written) during the Settlement Class Period shall be limited to no more than 3.0% of the Net Settlement Fund.[6]

***

If you have any questions about the calculation for Recognized Loss or would like to know how it applies to you, please contact the Claims Administrator by email at info@SunPowerSecuritiesSettlement.com or call (888)771-4249.

**INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS**

69.     The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of Claimants who send in claims varies widely from case to case.

70.     A purchase or sale of SunPower securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

71.     **Acquisition by Gift, Inheritance, or Operation of Law**: If a Settlement Class Member acquired SunPower securities during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that SunPower securities were originally purchased prior to the commencement of the Settlement Class Period, the Recognized Loss for such securities shall be deemed to be zero ($0.00).

---

[6] SunPower call and put option trading accounted for approximately 3.0% of total dollar trading volume for SunPower common stock, call and put options during the Settlement Class Period. As such, claims for SunPower call and put option transactions are allotted 3.0% of the Settlement pursuant to the Plan of Allocation.

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

72.     The first-in, first-out ("FIFO") method will be applied to match purchases and sales of SunPower securities. With respect to SunPower common stock and SunPower call options, each Claimant's sales during the Settlement Class Period shall be matched first against the Claimant's holdings at the beginning of the Settlement Class Period, and thereafter against the Claimant's purchases or acquisitions made during the Settlement Class Period in chronological order, beginning with the earliest such purchase or acquisition. With respect to SunPower put options, transactions during the Settlement Class Period shall be matched on a FIFO basis such that any purchases of put options are first matched to close positions that were open at the beginning of the Settlement Class Period, and thereafter to close put options sold (written) during the Settlement Class Period in chronological order, beginning with the earliest such sale or writing.

73.     The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero ($0.00). In the event that a claimant has a short position in SunPower common stock, the earliest subsequent purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

74.     With respect to SunPower common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of SunPower common stock acquired during the Settlement Class Period through the exercise of a publicly traded option shall be computed as provided for other purchases of SunPower common stock in the Plan of Allocation.[7]

75.     Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less

---

[7] The "exercise of a publicly traded option" as used in this sentence includes: (1) purchases of SunPower common stock as the result of the exercise of a publicly traded call option, and (2) purchases of SunPower common stock by the seller of a publicly traded put option as a result of the buyer of such put option exercising that put option.

than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

76. Settlement Class Members who do not submit an acceptable Proof of Claim will not share in the Settlement proceeds. The Settlement and the Final Approval Order and the Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

77. Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the ultimate resolution of your Claim after a final determination of Lead Counsel or the Claims Administrator, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

78. Defendants, their counsel, and all other Released Defendants' Parties will have no responsibility or liability whatsoever for the processing of Proofs of Claim, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any Claim. Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

79. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Costs, Taxes, and attorneys' fees and expenses and other awards approved by the Court, if any, redistribute such balance among Authorized Claimants who have cashed their checks sent in the initial distribution and who would receive a minimum of $10.00 as part of an additional distribution, in an equitable and economic

fashion. Such additional distributions shall be repeated every six months until the balance remaining in the Net Settlement Fund is reduced to a de minimis level such that, in the reasonable judgment of Lead Counsel, it no longer makes economic sense, considering costs of distribution, to attempt to make further distributions.  Any balance that thereafter still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, and after payment of outstanding Notice and Administration Costs, Taxes,  attorneys' fees and expenses and other awards approved by the Court, shall be donated to a 501(c)(3) non-profit organization serving the public interest designated by Lead Counsel that has no affiliation or financial relationship with Plaintiffs' Counsel,  Plaintiffs, Defendants, their affiliates, or Defendants' Counsel, and is approved by the Court.

## ADDITIONAL PROVISIONS

80.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be final and conclusive against all Settlement Class Members.  No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel, or Defendants or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and all other Released Defendants' Parties and Released Plaintiffs' Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

81.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the

Settlement Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.SunPowerSecuritiesSettlement.com.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

82.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (33 1/3%) of the Settlement Fund plus interest.  At the same time, Plaintiffs' Counsel also intends to apply for reimbursement of Litigation Expenses plus interest in an amount not to exceed $500,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A SETTLEMENT CLASS MEMBER?  HOW DO I EXCLUDE MYSELF? |
|---|

83.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or(1) electronically submits a request for exclusion on the Settlement website maintained by the Claims Administrator at www.SunPowerSecuritiesSettlement; or (2) mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Settlement Class to the Claims Administrator at the address set forth below:

**Claims Administrator**
SunPower Securities
Litigation
Attn: Exclusions
PO Box 58220
Philadelphia, PA 19103

84.     The exclusion request must be *received* no later than _____.  You will not be able to exclude yourself from the Settlement Class after that date. Each request for exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RLF (N.D. Cal.)"; (c) the number and type of SunPower securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  You may also use the electronic form to request exclusion which is posted on the Settlement Website, www.SunPowerSecuritiesSettlement.com. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court.

85.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Releasing Plaintiffs' Parties' Claims against any of the Released Defendants' Parties.

86.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

87.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be Settlement Class Members in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

88.     **Settlement Class Members may but do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions**

31

**below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

89.   The Settlement Hearing will be held in person and via Zoom, on _____ at —:— —.m.,1:30pm, before the Honorable Rita F. Lin in Courtroom 15, 18th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102., and at the Zoom link https://cand.uscourts.gov/judges/rfl/lin-rita-f.  Any order changing the time, date, place, or manner of the Settlement Hearing will be posted on the Settlement website, www.SunPowerSecuritiesSettlement.com.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the Settlement Class Members.

90.   Any Settlement Class Member that does not request exclusion may ask the Court to deny approval by filing an objection to the Settlement, the proposed Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no Settlement payments will be sent out, and the lawsuit will continue.  If that is what you want to happen, you should object.

91.   Objections must be in writing, unless the Court orders otherwise. The Court may excuse the written objection requirement upon a showing of good cause. You must file any written objection, together with copies of all other papers and briefs supporting the objection, either electronically, in person at any location of the United States District Court for the Northern District of California or by mail  with the Clerk's Office at the United States District Court for the Northern District of California at the address set forth below on or before _____.

**Clerk's Office**
United States District
Court for the Northern
District of California
Clerk of the Court

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Phillip Burton Federal
Building
450 Golden Gate Avenue
16th floor
San Francisco, CA 94102

92.    Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number and type of SunPower securities that the objecting Settlement Class Member purchased/acquired and/or sold during the period from May 3, 2023 through and including July 19, 2024, as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.  The requirement to submit a written objection as a prerequisite to appearing in Court to object to the Settlement may be excused upon a showing of good cause.  The Court will require only substantial compliance with the requirements for submitting an objection.

93.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise for good cause.

94.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, you must (unless excused by the Court for good cause) also file a notice of appearance with the Clerk's Office and serve it on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received* on or before** _____ . Persons who intend to object and desire to present evidence at the Settlement Hearing must include

33

in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

95.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in ¶ 6 above so that the notice is *received* **on or before** _____.

96.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class other than that any order changing the time, date, place, or manner of the Settlement Hearing will be posted on the Settlement website, www.SunPowerSecuritiesSettlement.com. If you intend to attend the Settlement Hearing, you should confirm the date and time with Plaintiffs' Counsel.

97.    Unless the Court orders otherwise for good cause, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

**WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?**

98.    If you purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities between May 3, 2023 to July 19, 2024, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the Nominee Letter, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of the Nominee Letter,

34

request the link to the Long Notice and Claim Form from the Claims Administrator, and within seven (7) calendar days of receipt, email the link to all beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the Nominee Letter, provide a list of the names, addresses, and email addresses of all such beneficial owners/purchasers to info@SunPowerSecuritiesSettlement.com. If you choose the third option, the Claims Administrator will promptly send a copy of the Postcard Notice or email the link to the Long Notice and Claim Form to the beneficial owners/purchasers. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in an amount not to exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice; or $0.03 per link to the Long Notice and Claim Form transmitted by email; or $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

99.    This Long Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected on PACER or during regular office hours at the Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement Website, www.SunPowerSecuritiesSettlement.com.

All inquiries concerning this Long Notice and the Claim Form should be directed to:

SunPower Securities Settlement
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Toll-free: (888)771-4249
Email: info@SunPowerSecuritiesSettlement.com
www.SunPowerSecuritiesSettlement.com

35

LONG NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

and/or

Jeremy Lieberman, Esq.
Pomerantz LLP
600 Third Avenue, 20th Fl.
New York, New York 10016-1917
Tel: 212-661-1100
jalieberman@pomlaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS LONG NOTICE.**

Dated: _____ , 2026                    By Order of the Court
                                           United States District Court
                                           NDCA

36

**Exhibit A-2**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION<br><br><br>This Document Relates to:<br><br>*ALL ACTIONS* | CASE NO.  3:23-cv-05544-RFL<br><br>Class Action<br><br>Judge: Hon. Rita F. Lin |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons and entities who purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, between May 3, 2023 and July 19, 2024, both dates inclusive, and were allegedly damaged thereby (the "Settlement Class")**

**PLEASE READ THIS NOTICE CAREFULLY, AS YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Long Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Long Notice").  In the Action,

1

Plaintiffs allege that Defendants (three former officers of SunPower Corporation ("SunPower")) made materially false and misleading statements and omissions regarding SunPower's financial health that artificially inflated SunPower's common stock price between May 3, 2023 and July 19, 2024 in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  Defendants deny these allegations and any wrongdoing.

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $11,000,000 (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held in person and via Zoom, on _____ at 1:30pm, before the Honorable Rita F. Lin in Courtroom 15, 18th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, and at the Zoom link https://cand.uscourts.gov/judges/rfl/lin-rita-f, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation of Settlement dated January 9, 2026 and amended on February 10, 2026 (and in the Long Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses (as defined in the Stipulation of Settlement) should be approved.  The Court reserves the right to hold the hearing telephonically or by other virtual means.  The date and time of the hearing may change without further notice to the Settlement Class.  Any order changing the date or time of the hearing will be posted on the Settlement website, www.SunPowerSecuritiesSettlement.com.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.  If you have not yet received the Long Notice and Proof of Claim Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at info@SunPowerSecuritiesSettlement.com.  Copies of the Long Notice and Claim Form will be

2

available for download from the website maintained by the Claims Administrator, www.SunPowerSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* no later than _____ or submitted electronically by 11:59 p.m. EST on _____, 2026. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____ by the Claims Administrator, in accordance with the instructions set forth in the Long Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.  If you do not properly exclude yourself from the Settlement Class, you will be bound by such judgments or orders.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (as defined in the Stipulation of Settlement), must be in writing and filed either electronically, in person at any location of the United States District Court for the Northern District of California, or by mail with the Clerk of the Court such that they are *received* no later than _____:

**Clerk's Office**
United States District Court for the Northern District of California
Clerk of the Court
Phillip Burton Federal Building
450 Golden Gate Avenue
16th floor
San Francisco, CA 94102

A Settlement Class Member who submits a written objection may enter an appearance

3

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

through an attorney if the Settlement Class Member so desires. The requirement to submit a written objection as a prerequisite to appearing in Court to object to the Settlement may be excused upon a showing of good cause. The Court will require only substantial compliance with the requirements for submitting an objection. The Court can only approve or deny the Settlement and cannot change the terms of the Settlement.

**Please do not contact the Court, the Clerk's office, SunPower, or Defendants or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Plaintiffs' Counsel or the Claims Administrator. The case docket may be accessed via PACER or in person at the Clerk's office. Additional information will be available on the Settlement website,** www.SunPowerSecuritiesSettlement.com.

Inquiries, other than requests for the Long Notice and Claim Form, should be made to Plaintiffs' Counsel:

POMERANTZ LLP
Jeremy Lieberman, Esq.
600 Third Ave., 20th Floor
New York, NY 10016-1917
Telephone: 212-661-1100
jalieberman@pomlaw.com

Requests for the Long Notice and Claim Form should be made to:

In re SunPower Securities Litigation
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19103
(888) 771-4249
www.SunPowerSecuritiesSettlement.com

By Order of the Court

4

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**Exhibit A-~~3~~2**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | CASE NO.  3:23-cv-05544-RFL |
| | Class Action |
| | Judge: Hon. Rita F. Lin |
| This Document Relates to: | |
| *ALL ACTIONS* | |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:    All persons and entities who purchased or otherwise acquired SunPower common
stock, or purchased or traded other SunPower securities, between May 3, 2023 and
July 19, 2024, both dates inclusive, and were allegedly damaged thereby (the
"Settlement Class")**

**PLEASE READ THIS NOTICE CAREFULLY, AS YOUR RIGHTS WILL BE
AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Long Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Long Notice").  In the Action,

1

Plaintiffs allege that Defendants (three former officers of SunPower Corporation ("SunPower")) made materially false and misleading statements and omissions regarding SunPower's financial health that artificially inflated SunPower's common stock price between May 3, 2023 and July 19, 2024 in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Defendants deny these allegations and any wrongdoing.

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $11,000,000 (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held in person and via Zoom, on _____ at ——— .m.,1:30pm, before the Honorable Rita F. Lin in Courtroom 15, 18th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine (i) and at the Zoom link https://cand.uscourts.gov/judges/rfl/lin-rita-f, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation of Settlement dated January 9, 2026 and amended on February 10, 2026 (and in the Long Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses (as defined in the Stipulation of Settlement) should be approved. The Court reserves the right to hold the hearing telephonically or by other virtual means. The date and time of the hearing may change without further notice to the Settlement Class. Any order changing the date or time of the hearing will be posted on the Settlement website, www.SunPowerSecuritiesSettlement.com.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. If you have not yet received the Long Notice and Proof of Claim Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at

2

info@SunPowerSecuritiesSettlement.com.  Copies of the Long Notice and Claim Form will be available for download from the website maintained by the Claims Administrator, www.SunPowerSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* no later than _____ or submitted electronically by 11:59 p.m. EST on _____, 2026. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____ by the Claims Administrator, in accordance with the instructions set forth in the Long Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.  If you do not properly exclude yourself from the Settlement Class, you will be bound by such judgments or orders.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (as defined in the Stipulation of Settlement), must be in writing and filed either electronically, in person at any location of the United States District Court for the Northern District of California, or by mail with the Clerk of the Court such that they are *received* no later than _____:

**Clerk's Office**
United States District Court for the Northern District of California
Clerk of the Court
Phillip Burton Federal Building
450 Golden Gate Avenue
16th floor
San Francisco, CA 94102

3

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

A Settlement Class Member who submits a written objection may enter an appearance through an attorney if the Settlement Class Member so desires.  The requirement to submit a written objection as a prerequisite to appearing in Court to object to the Settlement may be excused upon a showing of good cause.  The Court will require only substantial compliance with the requirements for submitting an objection.  The Court can only approve or deny the Settlement and cannot change the terms of the Settlement.

**Please do not contact the Court, the Clerk's office, SunPower, or Defendants or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Plaintiffs' Counsel or the Claims Administrator.  The case docket may be accessed via PACER or in person at the Clerk's office.    Additional information will be available on the Settlement website,** www.SunPowerSecuritiesSettlement.com.

Inquiries, other than requests for the Long Notice and Claim Form, should be made to Plaintiffs' Counsel:

POMERANTZ LLP
Jeremy Lieberman, Esq.
600 Third Ave., 20th Floor
New York, NY 10016-1917
Telephone: 212-661-1100
jalieberman@pomlaw.com

Requests for the Long Notice and Claim Form should be made to:

In re SunPower Securities Litigation
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19103
(888) 771-4249
www.SunPowerSecuritiesSettlement.com

By Order of the Court

4

Case No. 3:23-cv-05544-RFL

Case Pending in the United States District Court for the Northern District of California

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment. This Postcard Notice may affect your legal rights.*

*Please read it carefully.*

**This card provides only limited information about the Settlement.**

*Please visit* www.SunPowerSecuritiesSettlement.com *for more information including Claims Forms.*

*In re SunPower Corporation Securities Litigation*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
«Name 1»
«Name 2»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT – VISIT www.SunPowerSecuritiesSettlement.com FOR MORE INFORMATION

There has been a proposed Settlement of claims that three former officers ("Defendants") of SunPower Corporation ("SunPower") violated the federal securities laws by making alleged false and misleading statements regarding SunPower's financial health. Defendants deny any wrongdoing.

You have received this Postcard Notice because you or someone in your family may be in the Settlement Class. The Settlement Class consists of all persons and entities who **purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, between May 3, 2023, and July 19, 2024, both dates inclusive,** subject to certain exclusions described in the Long Notice.

Defendants have agreed to cause payment of a Settlement Amount of $11,000,000. The Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, Notice and Administration Costs, any Court-approved award of Litigation Expenses to named Plaintiffs, any other fees or expenses approved by the Court, and Taxes, is to be divided among all Settlement Class Members who timely submit a valid Claim Form, in exchange for the Settlement of this case and the Releases of claims specified in the Stipulation of Settlement and the Long Notice. **For all details of the Settlement, read the Stipulation of Settlement and the Long Notice, available at** www.SunPowerSecuritiesSettlement.com**.**

You can file a Claim, object to the Settlement, exclude yourself from the Settlement Class, or do nothing. **To qualify for payment, you must submit a Claim Form postmarked or submitted online by [Month, Day], 2026.** The Claim Form can be found on the website www.SunPowerSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator. If you do not want to be legally bound by the Settlement, you must exclude yourself by **[Month, Day], 2026**, or you will not be able bring a separate claim against the Released Defendants' Parties relating to this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by **[Month, Day], 2026**. You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. The Long Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in person and via Zoom on **[Month, Day], 2026**, at 1:30pm, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for one-third (33 1/3%) of the Settlement Fund in attorneys' fees, plus reimbursement of Litigation Expenses of up to $500,000. If you submit a written objection, you may attend the hearing and ask to be heard by the Court or enter an appearance through an attorney, but you do not have to. Upon a showing of good cause, the Court may excuse the requirement to submit a written objection as a prerequisite to appearing. The Court will require only substantial compliance with the requirements for submitting an objection. The Zoom link to the hearing is https://cand.uscourts.gov/judges/rfl/lin-rita-f. The date, time, place, or manner of the Settlement Hearing may change without further notice. Any order changing the date, time, place, or manner of the Settlement Hearing will be posted on the Settlement website**.** For more information, call toll-free (888-771-4249), or visit the website www.SunPowerSecuritiesSettlement.com and read the Long Notice.

**Get More Information:** The Claims Administrator is available to answer questions concerning the Settlement or the Long Notice. You may contact the Claims Administrator by emailing info@SunPowerSecuritiesSettlement.com, calling 888-771-4249, or writing to: SunPower Securities Settlement, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. You may also contact counsel for the Settlement Class Jeremy Lieberman, Pomerantz LLP, 600 Third Avenue, 20th Fl., New York, NY 10016, jalieberman@pomlaw.com. The case docket may be accessed via PACER or in person at 450 Golden Gate Ave., San Francisco, CA 94102, 16th

**Do not contact the Court, Defendants, or their counsel in this Action with questions.**

*In re SunPower Corporation Securities Litigation*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

Case No. 3:23-cv-05544-RFL

Case Pending in the United States District
Court for the Northern District of California

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class
Action Settlement*

*You may be entitled to a payment. This
Postcard Notice may affect your legal
rights.*

*Please read it carefully.*

**This card provides only limited
information about the Settlement.**

*Please visit* www.SunPowerSecuritiesSettlement.com
*for more information including Claims Forms.*

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
«Name 1»
«Name 2»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

THIS CARD ONLY PROVIDES A LIMITED SUMMARY — FOR INFORMATION ABOUT THE SETTLEMENT, VISIT www.SunPowerSecuritiesSettlement.com FOR MORE INFORMATION

There has been a proposed Settlement of claims that three former officers ("Defendants") of SunPower Corporation ("SunPower") violated the federal securities laws by making alleged false and misleading statements regarding SunPower's financial health. Defendants deny any wrongdoing.

You have received this Postcard Notice because you or someone in your family may be in the Settlement Class. The Settlement Class consists of all persons and entities who **purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, between May 3, 2023, and July 19, 2024, both dates inclusive**, subject to certain exclusions described in the Long Notice.

Defendants have agreed to cause payment of a Settlement Amount of $11,000,000. The Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, Notice and Administration Costs, any Court-approved award of Litigation Expenses to named Plaintiffs, any other fees or expenses approved by the Court, and Taxes, is to be divided among all Settlement Class Members who timely submit a valid Claim Form, in exchange for the Settlement of this case and the Releases of claims specified in the Stipulation of Settlement and the Long Notice. **For all details of the Settlement, read the Stipulation of Settlement and the Long Notice, available at** www.SunPowerSecuritiesSettlement.com**.**

You can file a Claim, object to the Settlement, exclude yourself from the Settlement Class, or do nothing. **To qualify for payment, you must submit a Claim Form postmarked or submitted online by [Month, Day], 2026.** The Claim Form can be found on the website www.SunPowerSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator. If you do not want to be legally bound by the Settlement, you must exclude yourself by **[Month, Day], 2026**, or you will not be able bring a separate claim against the Released Defendants' Parties relating to this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by **[Month, Day], 2026**. You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. The Long Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in person and via Zoom on **[Month, Day], 2026**, at 1:30pm, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for one-third (33 1/3%) of the Settlement Fund in attorneys' fees, plus reimbursement of Litigation Expenses of up to $500,000. If you submit a written objection, you may attend the hearing and ask to be heard by the Court or enter an appearance through an attorney, but you do not have to. Upon a showing of good cause, the Court may excuse the requirement to submit a written objection as a prerequisite to appearing. The Court will require only substantial compliance with the requirements for submitting an objection. The Zoom link to the hearing is https://cand.uscourts.gov/judges/rfl/lin-rita-f. The date, time, place, or manner of the Settlement Hearing may change without further notice. Any order changing the date, time, place, or manner of the Settlement Hearing will be posted on the Settlement website. For more information, call toll-free (888-771-4249), or visit the website www.SunPowerSecuritiesSettlement.com and read the Long Notice.

**Get More Information:** The Claims Administrator is available to answer questions concerning the Settlement or the Long Notice. You may contact the Claims Administrator by emailing info@SunPowerSecuritiesSettlement.com, calling 888-771-4249, or writing to: SunPower Securities Settlement, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. You may also contact counsel for the Settlement Class Jeremy Lieberman, Pomerantz LLP, 600 Third Avenue, 20th Fl., New York, NY 10016, jalieberman@pomlaw.com. The case docket may be accessed via PACER or in person at 450 Golden Gate Ave., San Francisco, CA 94102, 16th

**Do not contact the Court, Defendants, or their counsel in this Action with questions.**

floor.

**EMAIL NOTICE**
**(hyperlinks to website will be available in email)**

**Visit www.SunPowerSecuritiesSettlement.com for copies of the Long Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Long Notice"). The Long Notice includes important information about the proposed settlement described herein.**
*A federal court authorized this Email Notice. It is not a solicitation from a lawyer.*

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SUNPOWER COMMON STOCK, OR PURCHASED OR TRADED OTHER SUNPOWER SECURITIES, BETWEEN MAY 3, 2023 AND JULY 19, 2024, BOTH DATES INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY (THE "SETTLEMENT CLASS").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RFL (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Long Notice. In the Action, Plaintiffs allege that three former officers ("Defendants") of SunPower Corporation ("SunPower") violated the federal securities laws by making alleged false and misleading statements regarding SunPower's financial health. Defendants deny any wrongdoing.

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $11,000,000 (the "Settlement"), that, if approved, will resolve all claims in the Action. The Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, Notice and Administration Costs, any Court-approved award of Litigation Expenses to named Plaintiffs, any other fees or expenses approved by the Court, and Taxes, is to be divided among all Settlement Class Members who timely submit a valid Proof of Claim Form ("Claim Form"), in exchange for the Settlement of this case and the Releases of claims specified in the Stipulation of Settlement dated [MONTH DATE], 2026 (the "Stipulation") and the Long Notice. Capitalized terms used but not defined herein have the meanings given in the Stipulation.

A hearing will be held in person and via Zoom on [Month Day], 2026 at 1:30pm, before the Honorable Rita F. Lin in Courtroom 15, 18th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, and at the Zoom link https://cand.uscourts.gov/judges/rfl/lin-rita-f, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Long Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Plaintiffs' Counsel's application for an award of attorneys' fees of one-third (33 1/3%) of the Settlement Fund and reimbursement of expenses and Plaintiffs' reimbursement for their time and expenses up to $500,000 should be approved. If you submit a written objection, you may attend the hearing and ask to be heard by the Court or enter an appearance through an attorney, but you do not have to.

Upon a showing of good cause, the Court may excuse the requirement to submit a written objection as a prerequisite to appearing. The Court will require only substantial compliance with the requirements for submitting an objection. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. The date, time, place, or manner of the Settlement Hearing may change without further notice. Any order changing the date, time, place, or manner of the Settlement Hearing will be posted on the Settlement website.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. You can file a Claim, object to the Settlement, exclude yourself from the Settlement Class, or do nothing. If you have not yet received the Long Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at info@SunPowerSecuritiesSettlement.com. Copies of the Long Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.SunPowerSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* **no later than [Month Day], 2026 or submitted online by 11:59 p.m. EST on [Month Day], 2026.** If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion to the Claims Administrator so that it is *received* **no later than [Month Day], 2026** in the manner and form explained in the Long Notice. If you exclude yourself, you cannot get money from this Settlement. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action including the Releases of claims specified in the Stipulation and the Long Notice.

Any objection to the proposed Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of expenses and reimbursement to Plaintiffs, must be in the manner and form explained in the Long Notice and *received* **no later than [Month Day], 2026** by the:

> **Clerk of Court**
> United States District
> Court for the Northern
> District of California
> Phillip Burton Federal Bldg.
> 450 Golden Gate Avenue
> 16th floor
> San Francisco, CA 94102

You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement.

If you have any questions about the Settlement, please contact the Claims Administrator:

Phone: (888) 771-4249

Email: info@SunPowerSecuritiesSettlement.com

You may also contact counsel for the Settlement Class Jeremy Lieberman, Pomerantz LLP, 600 Third Avenue, 20th Fl., New York, NY 10016, jalieberman@pomlaw.com.  The case docket may be accessed via PACER or in person at 450 Golden Gate Avenue, San Francisco, CA 94102, 16th floor.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OF THE COURT, SUNPOWER OR DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS EMAIL NOTICE, THE SETTLEMENT, OR THE CLAIMS PROCESS.**

Dated: [Month Day, 2026]

BY ORDER OF THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**EMAIL NOTICE**
**(hyperlinks to website will be available in email)**

**Visit www.SunPowerSecuritiesSettlement.com for copies of the Long Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Long Notice"). The Long Notice includes important information about the proposed settlement described herein.**
*A federal court authorized this Email Notice. It is not a solicitation from a lawyer.*

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SUNPOWER COMMON STOCK, OR PURCHASED OR TRADED OTHER SUNPOWER SECURITIES, BETWEEN MAY 3, 2023 AND JULY 19, 2024, BOTH DATES INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY (THE "SETTLEMENT CLASS").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RFL (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Long Notice. In the Action, Plaintiffs allege that three former officers ("Defendants") of SunPower Corporation ("SunPower") violated the federal securities laws by making alleged false and misleading statements regarding SunPower's financial health. Defendants deny any wrongdoing.

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $11,000,000 (the "Settlement"), that, if approved, will resolve all claims in the Action. The Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, Notice and Administration Costs, any Court-approved award of Litigation Expenses to named Plaintiffs, any other fees or expenses approved by the Court, and Taxes, is to be divided among all Settlement Class Members who timely submit a valid Proof of Claim Form ("Claim Form"), in exchange for the Settlement of this case and the Releases of claims specified in the Stipulation of Settlement dated [MONTH DATE], 2026 (the "Stipulation") and the Long Notice. Capitalized terms used but not defined herein have the meanings given in the Stipulation.

A hearing will be held in person and via Zoom on [Month Day], 2026 at ~~[Time][a.m. or p.m.],~~1:30pm, before the Honorable Rita F. Lin in Courtroom 15, 18th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, and at the Zoom link https://cand.uscourts.gov/judges/rfl/lin-rita-f, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Long Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Plaintiffs' Counsel's application for an award of attorneys' fees of one-third (33 1/3%) of the Settlement Fund and reimbursement of expenses and Plaintiffs' reimbursement for their time and expenses up to $500,000 should be approved. If you submit a written objection, you may attend the hearing and ask to be heard by the Court or enter an appearance through an attorney, but

you do not have to. Upon a showing of good cause, the Court may excuse the requirement to submit a written objection as a prerequisite to appearing. The Court will require only substantial compliance with the requirements for submitting an objection. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. The date, time, place, or manner of the Settlement Hearing may change without further notice. Any order changing the date, time, place, or manner of the Settlement Hearing will be posted on the Settlement website.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. You can file a Claim, object to the Settlement, exclude yourself from the Settlement Class, or do nothing. If you have not yet received the Long Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at info@SunPowerSecuritiesSettlement.com. Copies of the Long Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.SunPowerSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* **no later than [Month Day], 2026 or submitted online by 11:59 p.m. EST on [Month Day], 2026.** If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion to the Claims Administrator so that it is *received* **no later than [Month Day], 2026** in the manner and form explained in the Long Notice. If you exclude yourself, you cannot get money from this Settlement. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action including the Releases of claims specified in the Stipulation and the Long Notice.

Any objection to the proposed Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of expenses and reimbursement to Plaintiffs, must be in the manner and form explained in the Long Notice and *received* **no later than [Month Day], 2026** by the:

> **Clerk of Court**
> United States District
> Court for the Northern
> District of California
> Phillip Burton Federal Bldg.
> 450 Golden Gate Avenue
> 16th floor
> San Francisco, CA 94102

You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement.

If you have any questions about the Settlement, please contact the Claims Administrator:

Phone: (888) 771-4249

Email: info@SunPowerSecuritiesSettlement.com

You may also contact counsel for the Settlement Class Jeremy Lieberman, Pomerantz LLP, 600 Third Avenue, 20th Fl., New York, NY 10016, jalieberman@pomlaw.com.  The case docket may be accessed via PACER or in person at 450 Golden Gate Avenue, San Francisco, CA 94102, 16th floor.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OF THE COURT, SUNPOWER OR DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS EMAIL NOTICE, THE SETTLEMENT, OR THE CLAIMS PROCESS.**

Dated: [Month Day, 2026]

BY ORDER OF THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**Exhibit A-5**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | CASE NO.  3:23-cv-05544-RFL |
| | Class Action |
| This Document Relates to: | Judge: Hon. Rita F. Lin |
| *ALL ACTIONS* | |

## [PROPOSED] ORDER

## APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a putative class action is pending in this Court entitled *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RFL (the "Action");

WHEREAS, (a) Lead Plaintiff Bezeyem Lemou, co-plaintiffs Daniel Suarez and Charles Orr (collectively "Plaintiffs") on behalf of themselves and all members of the proposed putative Settlement Class (collectively, "Settlement Class Members"); and (b) Defendants Peter Faricy, Elizabeth Eby, and Thomas Werner (collectively, "Defendants," and, together with Plaintiffs, the "Parties" and each a "Party"), have entered into a Stipulation of Settlement dated January 9, 2026 and amended  on February 10, 2026 (the "Stipulation"), and filed with the Court on that same date, that provides for a complete dismissal with prejudice of the claims asserted against all Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ 2026 (the "Preliminary Approval Order"), this Court:  (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to defined Settlement Class Members; (d) provided Settlement Class Members with the

1

opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2026 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** - This Order incorporates and makes a part hereof the Stipulation filed with the Court on January 9, 2026 and the exhibits to the Stipulation.

3.      **Notice** - The Court finds that the dissemination of the Postcard Notice and the Email Notice and the publication of the Summary Notice and the posting of the Long Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder and submission of Claims), (iii) Plaintiffs' Counsel's motion for an award of attorneys' fees with interest and reimbursement of Litigation Expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees with interest and reimbursement of Litigation Expenses, (v) their right to exclude themselves from the Settlement Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due,

2

adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The Court also finds, upon the sworn submission of counsel for Defendants herein, that such notices as are required to be provided to the appropriate Federal official and the appropriate State officials under the Class Action Fairness Act, 28 USC § 1715 (b) were provided and that, pursuant to 28 USC § 1715 (d),  this Order is being entered no earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State officials were served with the notice required under 28 USC § 1715 (b), such later date being _____.

4.    **Final Settlement Approval** - The Court finds, for purposes of the Settlement of the Action only, that (A) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class  is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Claims; (iii) the terms of any proposed award of attorney's fees and Litigation Expenses, including timing of payment; and (D) the Settlement treats Settlement Class Members equitably relative to each other.  Accordingly, pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class for the reasons described herein and at the Settlement Hearing. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5.    **Dismissal of the Claims** - The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby

dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** - The terms of the Stipulation and of this Order shall be forever binding on Defendants, Plaintiffs, the Released Defendants' Parties, and the Released Plaintiffs' Parties (regardless of whether or not any individual Settlement Class Member received a copy of the Postcard Notice or the Email Notice, submitted a Claim Form or seeks or obtains a distribution from the Net Settlement Fund). [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order.]

7. **Final Class Certification for Purposes of Settlement** - The Court finds, for purposes of the Settlement of the Action only, that the prerequisites for a class action under Rule 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.  Accordingly, the Court affirms its determination in the Preliminary Approval Order to certify for purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, between May 3, 2023 and July 19, 2024, both dates inclusive. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of SunPower, at all relevant times; (iii) members of the Immediate Family of each of the Defendants; (iv) all subsidiaries and affiliates of SunPower and the directors and officers of such subsidiaries or affiliates; (v) all firms, trusts, corporations, and any other entity in which any of the Defendants has a controlling interest; (vi) the presiding Judge, their staff, and the immediate

4

family members of the Judge and their staff; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

8. **Appointment of Settlement Class Representatives** - Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court affirms its determination in the Preliminary Approval Order appointing Lemou, Suarez and Orr as Class Representatives for the Settlement Class and the law firm of Pomerantz LLP as Class Counsel for the Settlement Class.

9. **Releases** - The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions therein, are expressly incorporated herein and approved in all respects. Accordingly, this Court orders that:

(a)    Upon the Effective Date, the Released Plaintiffs' Parties shall be deemed to have fully and forever released the Releasing Plaintiffs' Parties' Claims as against the Released Defendants' Parties and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Releasing Plaintiffs' Parties' Claims against any and all of the Released Defendants' Parties. This release shall apply regardless of whether any Released Plaintiffs' Party has executed a Proof of Claim Form, received notice, participated in the Settlement Fund, filed an objection or had his, her or its Claim approved or allowed.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b)    Upon the Effective Date, the Released Defendants' Parties shall be deemed to have fully and forever released the Released Defendants' Claims as against the Released Plaintiffs' Parties and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Released Defendants' Claims against any and all of the Released Plaintiffs' Parties.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.    Notwithstanding paragraphs 9(a) - (b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order.

11.   **Rule 11 Findings** - The Court finds and concludes that the Plaintiffs and Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.   **Plan of Allocation Approval** - The Court finds and concludes that the formula for the calculation of the Claims of Claimants as set forth in the Plan of Allocation submitted by Plaintiffs' Counsel, as described in the Long Notice and in accordance with paragraph 1(cc) of the Stipulation, is hereby approved as fair, reasonable and adequate.  Any further orders or proceedings solely regarding the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall be considered separate and apart from this Order and shall not operate to terminate the Settlement or in any way disturb or affect this Order, the finality of this Order, or the Releases.  Any orders regarding the Plan of Allocation shall not affect or delay the Effective Date of the Settlement.

13.   **No Admissions** - Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any act or proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)   shall be offered against any of the Defendants or the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Released Defendants' Parties or in any way referred to for any other reason as against any of the Defendants or the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate

the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Defendants or the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Released Defendants' Parties or Released Plaintiffs' Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however,* that the Parties, the Released Defendants' Parties, the Released Plaintiffs' Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction** - Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to modify the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. **Modification of the Agreement of Settlement** - Without further approval from the Court, the Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the

7

Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Plaintiffs' Counsel's Attorney Fees and Expenses** - The Court hereby awards Plaintiffs' Counsel attorneys' fees in the amount of _____% of the Settlement Fund and expenses in an amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair and reasonable for the reasons described at the Settlement Hearing and in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class.  Said fees shall be allocated among any other Plaintiffs' Counsel in a manner which, in Plaintiffs' Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Action.  Within 21 days after the Settlement checks become stale, Plaintiffs will file a Post-Distribution Accounting form and post it on the Settlement website.  Pursuant to the Court's Standing Order for Civil Cases, 10% of the attorneys' fees awarded will remain in the Escrow Account until after the Post-Distribution Accounting has been filed.

17.    **Plaintiffs' Expenses Related to Representation of the Class** - The Court hereby awards Plaintiffs their reasonable costs and expenses (including lost wages) directly related to their representation of the Class in the amount of $_____ each.

18.    The awarded attorneys' fees and expenses, and interest earned thereon, as well as any costs or expenses awarded pursuant to the previous paragraph, shall be paid to Plaintiffs' Counsel (or to the Plaintiffs described in the previous paragraph) from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation, except for the 10% held in the Escrow Account pursuant to Paragraph 16 of this Order which shall be paid upon approval by the Court.  Any awards of attorneys' fees and expenses, as well as any costs or expenses awarded pursuant to the previous paragraph, shall in no way affect or delay the finality of this Order and shall not affect or delay the Effective Date of the Settlement.

[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT
(CASE NO. 3:23-cv-05544-RFL)

19.    **Termination of Settlement** - If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the Released Plaintiffs' Parties, Defendants, and the Released Defendants' Parties, and the Parties shall revert to their respective positions in the Action as of November 16, 2025 prior to the execution of the Term Sheet, as provided in the Stipulation.

20.    **Bar Order** - Pursuant to 15 U.S.C. § 78u-4(f)(7), the Court hereby bars all future claims for contribution arising out of the Action, subject to the judgment credit set forth in the PSLRA, (a) by any person against any settling covered person (as defined in the PSLRA), and (b) by the settling covered persons (as defined in the PSLRA) against any person, other than a person whose liability to the Settlement Class has been extinguished by the settlement of the settling covered person (the "Bar Order").

21.    **Dates** - On or before _____ (six months after the deadline for Settlement Class Members to submit proofs of claim to the claims administrator pursuant to the Court's Preliminary Approval Order), Class Counsel shall file with the Court a motion for distribution of the Net Settlement Fund which shall be accompanied by a declaration of the court-appointed claims administrator concerning the acceptance and rejection of claims and the results of the claims administration process.

22.    Within thirty (30) days after the Court's entry of an order granting the motion for distribution, the claims administrator, under the supervision of Class Counsel, shall distribute the Net Settlement Fund.

23.    Class Counsel shall file Post-Distribution Accounting within twenty-one (21) days after settlement checks have become stale, using the Court's Post-Distribution Accounting Form (available at https://cand.uscourts.gov/forms/civil-forms/) and file it as ECF event "Post-Distribution Accounting" under Civil Events > Other Filings > Other Documents.  Ten percent of Class Counsel's awarded attorneys' fees shall remain in the Settlement Fund until after Class

Counsel files the necessary Post-Distribution Accounting, as described herein, and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund.

      24.    **Entry of Final Judgment** - There is no just reason to delay the entry of this Order and the Judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter the executed Judgment in this Action.

SO ORDERED this _____ day of _____ , 2026.

_____
The Honorable Rita F. Lin
United States District Judge

[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT
(CASE NO. 3:23-cv-05544-RFL)

**Exhibit ~~B~~A-5**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | CASE NO.  3:23-cv-05544-RFL |
| | Class Action |
| This Document Relates to: | Judge: Hon. Rita F. Lin |
| *ALL ACTIONS* | |

## [PROPOSED] ORDER
## APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a putative class action is pending in this Court entitled *In re SunPower Corporation Securities Litigation*, Case No. 3:23-cv-05544-RFL (the "Action");

WHEREAS, (a) Lead Plaintiff Bezeyem Lemou, co-plaintiffs Daniel Suarez and Charles Orr (collectively "Plaintiffs") on behalf of themselves and all members of the proposed putative Settlement Class (collectively, "Settlement Class Members"); and (b) Defendants Peter Faricy, Elizabeth Eby, and Thomas Werner (collectively, "Defendants," and, together with Plaintiffs, the "Parties" and each a "Party"), have entered into a Stipulation of Settlement dated January 9, 2026 and amended on February 10, 2026 (the "Stipulation"), and filed with the Court on that same date, that provides for a complete dismissal with prejudice of the claims asserted against all Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ 2026 (the "Preliminary Approval Order"), this Court:  (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to defined Settlement Class Members; (d) provided Settlement Class Members with the

opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2026 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** - This Order incorporates and makes a part hereof the Stipulation filed with the Court on January 9, 2026 and the exhibits to the Stipulation.

3.      **Notice** - The Court finds that the dissemination of the Postcard Notice and the Email Notice and the publication of the Summary Notice and the posting of the Long Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder and submission of Claims), (iii) Plaintiffs' Counsel's motion for an award of attorneys' fees with interest and reimbursement of Litigation Expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees with interest and reimbursement of Litigation Expenses, (v) their right to exclude themselves from the Settlement Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due,

adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The Court also finds, upon the sworn submission of counsel for Defendants herein, that such notices as are required to be provided to the appropriate Federal official and the appropriate State officials under the Class Action Fairness Act, 28 USC § 1715 (b) were provided and that, pursuant to 28 USC § 1715 (d),  this Order is being entered no earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State officials were served with the notice required under 28 USC § 1715 (b), such later date being _____.

4.    **Final Settlement Approval** - The Court finds, for purposes of the Settlement of the Action only, that (A) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class  is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Claims; (iii) the terms of any proposed award of attorney's fees and Litigation Expenses, including timing of payment; and (D) the Settlement treats Settlement Class Members equitably relative to each other.  Accordingly, pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class for the reasons described herein and at the Settlement Hearing. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5.    **Dismissal of the Claims** - The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby

[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT
(CASE NO. 3:23-cv-05544-RFL)

dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6.    **Binding Effect** - The terms of the Stipulation and of this Order shall be forever binding on Defendants, Plaintiffs, the Released Defendants' Parties, and the Released Plaintiffs' Parties (regardless of whether or not any individual Settlement Class Member received a copy of the Postcard Notice or the Email Notice, submitted a Claim Form or seeks or obtains a distribution from the Net Settlement Fund). [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order.]

7.    **Final Class Certification for Purposes of Settlement** - The Court finds, for purposes of the Settlement of the Action only, that the prerequisites for a class action under Rule 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.  Accordingly, the Court affirms its determination in the Preliminary Approval Order to certify for purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired SunPower common stock, or purchased or traded other SunPower securities, between May 3, 2023 and July 19, 2024, both dates inclusive. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of SunPower, at all relevant times; (iii) members of the Immediate Family of each of the Defendants; (iv) all subsidiaries and affiliates of SunPower and the directors and officers of such subsidiaries or affiliates; (v) all firms, trusts, corporations, and any other entity in which any of the Defendants has a controlling interest; and (vi)(vi) the presiding Judge, their staff, and the

4

immediate family members of the Judge and their staff; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

8.    **Appointment of Settlement Class Representatives** - Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court affirms its determination in the Preliminary Approval Order appointing Lemou, Suarez and Orr as Class Representatives for the Settlement Class and the law firm of Pomerantz LLP as Class Counsel for the Settlement Class.

9.    **Releases** - The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions therein, are expressly incorporated herein and approved in all respects. Accordingly, this Court orders that:

(a)    Upon the Effective Date, the Released Plaintiffs' Parties shall be deemed to have fully and forever released the Releasing Plaintiffs' Parties' Claims as against the Released Defendants' Parties and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Releasing Plaintiffs' Parties' Claims against any and all of the Released Defendants' Parties. This release shall apply regardless of whether any Released Plaintiffs' Party has executed a Proof of Claim Form, received notice, participated in the Settlement Fund, filed an objection or had his, her or its Claim approved or allowed.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b)    Upon the Effective Date, the Released Defendants' Parties shall be deemed to have fully and forever released the Released Defendants' Claims as against the Released Plaintiffs' Parties and shall be forever barred from asserting, commencing, instituting, prosecuting or maintaining in any court of law or equity, arbitration or other forum any and all of the Released Defendants' Claims against any and all of the Released Plaintiffs' Parties.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.    Notwithstanding paragraphs 9(a) - (b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order.

[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT
(CASE NO. 3:23-cv-05544-RFL)

11. **Rule 11 Findings** - The Court finds and concludes that the Plaintiffs and Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **Plan of Allocation Approval** - The Court finds and concludes that the formula for the calculation of the Claims of Claimants as set forth in the Plan of Allocation submitted by Plaintiffs' Counsel, as described in the Long Notice and in accordance with paragraph 1(cc) of the Stipulation, is hereby approved as fair, reasonable and adequate. Any further orders or proceedings solely regarding the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall be considered separate and apart from this Order and shall not operate to terminate the Settlement or in any way disturb or affect this Order, the finality of this Order, or the Releases. Any orders regarding the Plan of Allocation shall not affect or delay the Effective Date of the Settlement.

13. **No Admissions** - Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any act or proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants or the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Released Defendants' Parties or in any way referred to for any other reason as against any of the Defendants or the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate

6

the provisions of the Stipulation;

(b)    shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Defendants or the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Released Defendants' Parties or Released Plaintiffs' Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however,* that the Parties, the Released Defendants' Parties, the Released Plaintiffs' Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

14.    **Retention of Jurisdiction** - Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to modify the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.    **Modification of the Agreement of Settlement** - Without further approval from the Court, the Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the

7

Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Plaintiffs' Counsel's Attorney Fees and Expenses** - The Court hereby awards Plaintiffs' Counsel attorneys' fees in the amount of _____% of the Settlement Fund and expenses in an amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair and reasonable for the reasons described at the Settlement Hearing and in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class.  Said fees shall be allocated among any other Plaintiffs' Counsel in a manner which, in Plaintiffs' Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Action.  Within 21 days after the Settlement checks become stale, Plaintiffs will file a Post-Distribution Accounting form and post it on the Settlement website.  Pursuant to the Court's Standing Order for Civil Cases, 10% of the attorneys' fees awarded will remain in the Escrow Account until after the Post-Distribution Accounting has been filed.

17. **Plaintiffs' Expenses Related to Representation of the Class** - The Court hereby awards Plaintiffs their reasonable costs and expenses (including lost wages) directly related to their representation of the Class in the amount of $_____ each.

18. The awarded attorneys' fees and expenses, and interest earned thereon, as well as any costs or expenses awarded pursuant to the previous paragraph, shall be paid to Plaintiffs' Counsel (or to the Plaintiffs described in the previous paragraph) from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation, except for the 10% held in the Escrow Account pursuant to Paragraph 16 of this Order which shall be paid upon approval by the Court.  Any awards of attorneys' fees and expenses, as well as any costs or expenses awarded pursuant to the previous paragraph, shall in no way affect or delay the finality of this Order and shall not affect or delay the Effective Date of the Settlement.

[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT
(CASE NO. 3:23-cv-05544-RFL)

19.    **Termination of Settlement** - If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the Released Plaintiffs' Parties, Defendants, and the Released Defendants' Parties, and the Parties shall revert to their respective positions in the Action as of November 16, 2025 prior to the execution of the Term Sheet, as provided in the Stipulation.

20.    **Bar Order** - Pursuant to 15 U.S.C. § 78u-4(f)(7), the Court hereby bars all future claims for contribution arising out of the Action, subject to the judgment credit set forth in the PSLRA, (a) by any person against any settling covered person (as defined in the PSLRA), and (b) by the settling covered persons (as defined in the PSLRA) against any person, other than a person whose liability to the Settlement Class has been extinguished by the settlement of the settling covered person (the "Bar Order").

21.    **Dates** - On or before _____ (six months after the deadline for Settlement Class Members to submit proofs of claim to the claims administrator pursuant to the Court's Preliminary Approval Order), Class Counsel shall file with the Court a motion for distribution of the Net Settlement Fund which shall be accompanied by a declaration of the court-appointed claims administrator concerning the acceptance and rejection of claims and the results of the claims administration process.

22.    Within thirty (30) days after the Court's entry of an order granting the motion for distribution, the claims administrator, under the supervision of Class Counsel, shall distribute the Net Settlement Fund.

23.    Class Counsel shall file Post-Distribution Accounting within twenty-one (21) days after settlement checks have become stale, using the Court's Post-Distribution Accounting Form (available at https://cand.uscourts.gov/forms/civil-forms/) and file it as ECF event "Post-Distribution Accounting" under Civil Events > Other Filings > Other Documents.  Ten percent of Class Counsel's awarded attorneys' fees shall remain in the Settlement Fund until after Class

9

Counsel files the necessary Post-Distribution Accounting, as described herein, and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund.

24. **Entry of Final Judgment** - There is no just reason to delay the entry of this Order and the Judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter the executed Judgment in this Action.

SO ORDERED this _____ day of _____ , 2026.

_____

The Honorable Rita F. Lin
United States District Judge

10
[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT
(CASE NO. 3:23-cv-05544-RFL)

**Exhibit A-6**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | CASE NO.  3:23-cv-05544-RFL |
| | Class Action |
| | Judge: Hon. Rita F. Lin |

**DECLARATION OF BRETT WILMOT ON ANGEION GROUP, LLC QUALIFICATIONS & PROPOSED NOTICE PLAN**

I, Brett Wilmot, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am a Vice President of Class Action & Mass Tort Services at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

2.      I am over 21 years of age and am not a party to this Action.  I am familiar with the facts set forth herein based on personal knowledge, as well as information that has been provided to me by my colleagues in the ordinary course of business at Angeion.

3.      The purpose of this declaration is to describe Angeion's background and qualifications to act as the Claims Administrator in the above captioned case.

## BACKGROUND & QUALIFICATIONS

4.      Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than

1

2,000 class action settlements and distributed over $15 billion to class members. The executive profiles as well as the company overview are available at www.angeiongroup.com.

5.     As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

6.     Angeion has extensive experience administering landmark settlements involving some of the world's most prominent companies, including:

**In re: Facebook, Inc Consumer Privacy User Profile Litigation**
Case No. 3:18-md-02843-VC (N.D. Cal.)
Meta agreed to pay $725 million to settle allegations that the social media company allowed third parties, including Cambridge Analytica, to access personal information. Angeion undertook an integrated in-app notification and media campaign to a class in the hundreds of millions of individuals and processed 28.6 million claims, the most claims filed in the history of class action.  In fact, during the September 7, 2023 Final Approval Hearing, U.S. District Judge Chhabria acknowledged the record number of claims filed, stating, "I was kind of blown away by how many people made claims."

**In re Apple Inc. Device Performance Litigation**
Case No. 5:18-cv-02827-EJD (N.D. Cal.)
Apple agreed to pay $310 million to settle allegations of diminished performance in iPhone 6's and 7's. Angeion's direct notification efforts were recognized as reaching 99%+ of the current and former owners of 129 million class devices. Millions of claims were processed.

**City of Long Beach, et al. v. Monsanto, et al.**
Case No. 2:16-cv-03493-FMO-AS (C.D. Cal.)
Bayer agreed to pay $650 million to settle allegations of waterbodies impaired by PCBs. Angeion's notice administration was extraordinarily successful. The claims administration includes multiple complex claims filing workflows for different funding allocations, including separate fund for "special needs" claimants.

**Beckett v. Aetna Inc.**
Case No. 2:17-cv-03864-JS (E.D. Pa.)
A consolidated data breach class action that arose from the alleged improper disclosure of Protected Health Information by a health insurer and previous claims administrator, including confidential HIV-related information. Angeion provided specialized training to our support team concerning the sensitive nature of the case and underlying health information. Angeion implemented robust privacy protocols to communicate with and verify the claims of the affected class members, including anonymized notice packets and allowing claimants to lodge objections under pseudonyms.

DECLARATION OF BRETT WILMOT ON ANGEION GROUP, LLC
QUALIFICATIONS & PROPOSED NOTICE PLAN; CASE NO.  3:23-cv-05544-RFL

7. Angeion has extensive experience administering securities class action settlements. Notable recent securities settlements Angeion has administered or is administering include:

| Case Citation | Case No. | Court |
|---|---|---|
| Kormos v. Playtika Holding UK II Limited | 2023-0396 | Del. Ch. |
| In re: Applied Therapeutics Securities Litigation | 1:24-cv-09715 | S.D.N.Y. |
| In re: Inotiv Inc. Securities Litigation | 4:22-cv-00045 | N.D. Ind. |
| Continental General Insurance Company et al. v. Mallinckrodt plc, et al. | 3:23-cv-03662 | D. N.J. |
| Lokman v. Azure Power Global Ltd, et al | 1:22-cv-07432 | S.D.N.Y |
| D'Arcy v. Shmidman et al. | 1:21-cv-07296 | S.D.N.Y. |
| Altimeo Asset Management v. Qihoo 360 Technology Co Ltd. et al | 1:19-cv-10067 | S.D.N.Y. |
| LaFrano et al. v. loanDepot, Inc. et al. | 8:21-cv-01449 | C.D. Cal. |
| In re: Mammoth Energy Services, Inc. Securities Litigation | 5:19-cv-00522 | W.D. Okla. |
| Gruber v. Gilbertson et al. | 1:16-cv-09727 | S.D.N.Y. |
| Pelletier v. Endo International PLC, et al. | 2:17-cv-05114 | E.D. Pa. |
| Kuhne v. Gossamer Bio, Inc. | 3:20-cv-00649 | S.D. Cal. |
| Morris v Spectra Energy Partners | 2019-0097 | Del. Ch. |
| Tornetta v. Maffei, et al. | 2019-0649 | Del. Ch. |
| Blackrock Mortgage Ventures LLC et al. v. PennyMac Financial Services Inc. | 2018-0917 | Del. Ch. |
| In re: Tangoe, Inc. Stockholders Litigation | 2017-0650 | Del. Ch. |
| Vandevar v. American Renal Associates Holdings, Inc., et al. | 2:19-cv-09074 | D.N.J. |
| Wong v. Arlo Technologies Inc. et al. | 5:19-cv-00372 | N.D. Cal. |
| In re: Bristow Group Inc. Securities Litigation | 4:19-cv-00509 | S.D. Tex. |
| In re: Finisar Corporation Securities Litigation | 5:11-cv-01252 | N.D. Cal. |
| Tames v. Desarrolladora Homex et al. | 2:17-cv-01416 | E.D.N.Y. |
| Steamfitters Local 449 Pension Plan v. Molina Healthcare Inc. et al. | 2:18-cv-03579 | C.D. Cal. |

## NOTICE DESIGN QUALIFICATIONS

8. Angeion specializes in designing, developing, analyzing, and implementing large-scale legal notification plans. Angeion's President and Chief Executive Officer, Steven Weisbrot, who will oversee the Notice design and plan in this Action on behalf of Angeion, is an internationally recognized class action notice expert.

9. Mr. Weisbrot has been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. He has taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. He

DECLARATION OF BRETT WILMOT ON ANGEION GROUP, LLC
QUALIFICATIONS & PROPOSED NOTICE PLAN; CASE NO. 3:23-cv-05544-RFL

is also the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and is a frequent speaker on notice issues at conferences throughout the United States and internationally.

10.     Mr. Weisbrot was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and is co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.  He has given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and has met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

11.     Mr. Weisbrot's work on class-wide notice comprises a wide range of class actions that includes consumer matters, securities, antitrust, data breach, mass disasters, product defect, false advertising, employment discrimination, tobacco, banking, firearm, insurance, and bankruptcy cases.  He has also been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized his work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as Exhibit A.

### DATA SECURITY & INSURANCE

12.     Angeion recognizes the critical need to secure our physical and network environments and protect data in our custody. It is our commitment to these matters that has made us the go-to notice and settlement administrator for many of the most prominent class action matters. We are ever improving upon our robust policies, procedures, and infrastructure by periodically updating data security policies as well as our approach to managing data security in response to changes to physical environment, new threats and risks, business circumstances, legal and policy implications, and evolving technical environments.

13.     Angeion's privacy practices are compliant with the California Consumer Privacy Act, as

4

currently drafted. Shareholder data obtained for the delivery of each project is used only for the purposes intended and agreed in advance by all contracted parties, including compliance with orders issued by State or Federal courts as appropriate. Angeion imposes additional data security measures for the protection of Personally Identifiable Information (PII) and Personal Health Information (PHI), including redaction, restricted network and physical access on a need-to-know basis, and network access tracking. Angeion requires background checks of all employees, requires background checks and ongoing compliance audits of its contractors, and enforces standard protocols for the rapid removal of physical and network access in the event of an employee or contractor termination.

14.    Data is transmitted using Transport Layer Security (TLS) 1.3 protocols. Network data is encrypted at rest with the government and financial institution standard of AES 256-bit encryption. We maintain an offline, air-gapped backup copy of all data, ensuring that projects can be administered without interruption.

15.    Further, our team conscientiously monitors the latest compliance requirements, such as GDPR, HIPAA, PCI DSS, and others, to ensure that our organization is meeting all necessary regulatory obligations as well as aligning to industry best practices and standards set forth by frameworks like CIS and NIST. Angeion is cognizant of the ever-evolving digital landscape and continually improves its security infrastructure and processes, including partnering with best-in-class security service providers. Angeion's robust policies and processes cover all aspects of information security to form part of an industry leading security and compliance program, which is regularly assessed by independent third parties. Angeion is also committed to a culture of security mindfulness. All employees routinely undergo cybersecurity training to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

16.    Angeion currently maintains a comprehensive insurance program, including sufficient Errors & Omissions coverage.

## SUMMARY OF THE NOTICE PLAN

17.    As described further below, the proposed notice plan provides for mailing and emailing postcard notices to potential Settlement Class Members who are identified using Angeion's

5

DECLARATION OF BRETT WILMOT ON ANGEION GROUP, LLC
QUALIFICATIONS & PROPOSED NOTICE PLAN; CASE NO.  3:23-cv-05544-RFL

proprietary database of known securities brokers, dealers, banks, and other third-party nominees, combined with the issuance of a national press release. Angeion has successfully utilized this extensive database in its administration of prior securities class actions. The notice plan also provides for the implementation of a dedicated website and toll-free telephone line where Settlement Class Members can learn more about their rights and options in the Settlement and file a proof of claim.

### CLASS DEFINITION

18.    The Settlement Class is defined as:  All persons and entities who purchased or otherwise acquired SunPower Corporation ("SunPower") common stock, or purchased or traded other SunPower securities, between May 3, 2023 and July 19, 2024, both dates inclusive ("Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of SunPower, at all relevant times; (iii) members of the Immediate Family of each of the Defendants; (iv) all subsidiaries and affiliates of SunPower and the directors and officers of such subsidiaries or affiliates; (v) all firms, trusts, corporations, and any other entity in which any of the Defendants has a controlling interest; (vi) the presiding Judge, their staff, and the immediate family members of the Judge and their staff; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

### NOTICE PLAN IMPLEMENTATION

19.    It is understood that Angeion will mail or email the Postcard Notice or Email Notice to any potential Settlement Class Members on the transfer agent list.  Typically, the transfer agent list will only have contact information for a small number of investors that hold their securities in their own names.

20.    As in most cases of this nature, the majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees ("Nominees") in the name of the nominee, on behalf of the beneficial purchaser.  The names and addresses of these beneficial purchasers are known only to the Nominees.  Angeion maintains a proprietary database of approximately 4,200 known Nominees (the "Broker Database") to be used for notifying record

holders of securities. Angeion has a long-standing relationship with many of these Nominees, who routinely submit requests for securities class action notice to be sent to their clients.

21.     Pursuant to the Stipulation and the Proposed Preliminary Approval Order, Angeion will receive requests from Nominees to (i) send copies of the Postcard Notice to the Nominee for them to send directly to their clients who are potential Settlement Class Members; (ii) cause the Postcard Notice to be mailed via USPS first-class mail, or the Email Notice to be emailed, directly to the Nominee's clients whose contact information the Nominee provided to Angeion; or (iii) send a copy of the link to the Long Notice and Proof of Claim Form for them to email directly to their clients who are potential Settlement Class Members.

22.     In administering the notice plan, Angeion will employ the following best practices to increase the deliverability rate of the mailed Postcard Notices: (i) Angeion will cause the mailing address information for potential members of the Settlement Class to be updated utilizing the National Change of Address ("NCOA") database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS; (ii) Postcard Notices returned to Angeion by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS and the class member database will be updated accordingly; (iii) Postcard Notices returned to Angeion by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses. For any Settlement Class Members where a new address is identified through the skip trace process, the class member database will be updated with the new address information and a Postcard Notice will be re-mailed to that address.

23.     As part of the notice plan, Angeion will directly email the Email Notice to Settlement Class Members who have valid email addresses. Angeion follows best practices to both validate emails and increase deliverability. Specifically, prior to distributing the Email Notice, Angeion will subject the email addresses to a cleansing and validation process. The email addresses will then be subjected to an email validation process whereby each email address will be compared to known

bad email addresses.[1] Email addresses that are not designated as a known bad address will then be further verified by contacting the Internet Service Provider ("ISP") to determine if the email address exists.

24.     Further, Angeion designs email notice to avoid many common "red flags" that might otherwise cause an email recipient's spam filter to block or identify the Email Notice as spam. For example, Angeion does not include attachments like the Long Notice or Claim Form to the Email Notice, because attachments are often interpreted by various ISPs as spam.

25.     Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt. Therefore, once the initial noticing campaign is complete, Angeion will initiate a second round of email noticing to any email addresses that were previously identified as soft bounces and not delivered.  This will occur after an approximate 24- to 72-hour rest period, allowing any temporary block at the ISP level to expire. In our experience, this minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

26.     In addition, we also post the Long Notice on the Depository Trust Company's LENS system to notify member institutions of the settlement. LENS offers member banks and brokers access to a library of notices published by third party, public or private agents and agencies and security issuers, reporting information about eligible securities.

### PRESS RELEASE

27.     Angeion and/or Lead Counsel will cause the Summary Notice to be distributed via press release over the general national circuit on *PR Newswire* to further diffuse news of the Settlement. This distribution will help garner "earned media" separate and apart from the direct notice efforts outlined herein which will lead to increased awareness and participation amongst members of the Settlement Class.

---

[1]  Angeion maintains a database of email addresses that were returned as permanently undeliverable, commonly referred to as a hard bounce, from prior campaigns. Where an address has been returned as a hard bounce within the last year, that email is designated as a known bad email address.

DECLARATION OF BRETT WILMOT ON ANGEION GROUP, LLC
QUALIFICATIONS & PROPOSED NOTICE PLAN; CASE NO.  3:23-cv-05544-RFL

**PUBLICATION NOTICE**

28.     The notice plan includes a one-time publication of the Summary Notice in *Investor's Business Daily* and contemplates a 1/8-page advertisement size.

**DEDICATED WEBSITE AND TOLL-FREE TELEPHONE SUPPORT**

29.     The notice plan will also implement the creation of a case-specific website, www.SunPowerSecuritiesSettlement.com, where Settlement Class Members can easily submit a claim or exclude themselves electronically, view general information about this Settlement, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement ("Settlement Website").  The Settlement Website will be designed to be user-friendly and make it easy for Settlement Class Members to find information about the case, including instructions on how to submit a Claim Form.  The Settlement Website will also have a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address.

30.     The Settlement Website will be designed to be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. Additionally, the Settlement Website will be designed to maximize search engine optimization through Google and other search engines. Keywords and natural language search terms will be included in the website's metadata to maximize search engine rankings.

31.     A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class Members of the rights and options in the Settlement.  The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement.  This hotline will be accessible 24 hours a day, 7 days a week.  Settlement Class Members can also speak with a live operator during normal business hours or leave a message to request that a Long Notice and Proof of Claim Form be mailed to them.

**EXPECTED CLAIM RATE AND ADMINISTRATION COSTS**

32.     Based on the trading volume of SunPower common stock during the Class Period, Angeion estimates that it will mail and email a total of 40,000 copies of the Postcard Notice and Email Notice to potential Settlement Class Members and Nominees. Based on Angeion's experience, we

expect approximately 10,000 claims to be submitted (equating to approximately 25% of the expected notice mailings).

33.    Based on Angeion's experience administering prior securities class action settlements, we estimate professional services fees and expenses to administer this matter will be approximately $120,500 excluding fees charged by Nominees for providing names and addresses of potential Settlement Class Members or for forwarding notice to their clients.

34.    It is my understanding that under the Court's Standing Order for Civil Cases (dated Nov. 5, 2025) that the proposed settlement administrator in a class action case must submit a declaration that (a) states whether they will receive any payments in connection with their administration of the settlement other than the fee described in the preliminary approval papers, including any payments from third-party vendors, (b) if so, describes those payments, (c) regardless whether they are receiving such payments in this case, states whether they have received such payments in the past in connection with other class action settlements, and (d) if so, describes the nature of those payments in the past and whether their practice has changed in accepting those payments.

35.    Angeion confirms that it will not receive any payments in connection with its administration of the settlement in the above-captioned matter other than the fee described in the preliminary approval papers.

36.    With regard to items (c) and (d), in certain prior cases Angeion has provided the presiding judges with information about Angeion's contractual relationships with vendors that pertained directly to the specific settlements pending before those courts, including vendors involved with the use of digital payment cards as an option of disbursing payment to settlement class members. The broad scope of the request for information in subparts (c) and (d) of the Standing Order, concerning arrangements applicable to other class action settlements, implicates ongoing litigation challenging agreements between settlement administrators and other third parties involved in the administration of class action and mass tort settlements. The Judicial Panel on Multidistrict Litigation has recently coordinated the litigations before the Judge John D. Bates in the District Court for the District of Columbia. *See In re Class Action Settlement Admin. Litig.* – MDL No. 3162, No. 1:25-mc-00179-JDB (D.D.C.), Dkt. No. 1. Angeion believes it has acted properly, denies that it has committed any wrongdoing, and looks forward to defending itself in the context

of that litigation. In light of the overlap between the subject matter of the information request in subparts (c) and (d) of the Standing Order for Civil Cases and the litigation pending before Judge Bates, and the fact that Angeion will receive no payments in connection with its administration of the settlement in this case other than the fee described in the preliminary approval papers, Angeion respectfully requests to be relieved of the disclosure obligation reflected in subparts (c) and (d) of the Standing Order for Civil Cases.

## **CONCLUSION**

37.     The notice plan outlined above includes direct notice to all reasonably identifiable potential Settlement Class Members, coupled with a national press release and publication notice to further disseminate notice of the Settlement, and the implementation of a dedicated Settlement Website and toll-free hotline to further inform Settlement Class Members of their rights and options pursuant to the terms of the Settlement.

38.     After the notice plan has concluded, Angeion will provide a final report verifying its effective implementation.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 10, 2026

/s/ Brett Wilmot
BRETT WILMOT

11
DECLARATION OF BRETT WILMOT ON ANGEION GROUP, LLC
QUALIFICATIONS & PROPOSED NOTICE PLAN; CASE NO. 3:23-cv-05544-RFL

**Exhibit ~~III~~A-6**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE SUNPOWER CORPORATION SECURITIES LITIGATION | CASE NO.  3:23-cv-05544-RFL |
| | Class Action |
| | Judge: Hon. Rita F. Lin |

**DECLARATION OF BRETT WILMOT ON ANGEION GROUP, LLC QUALIFICATIONS & PROPOSED NOTICE PLAN**

I, Brett Wilmot, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am a Vice President of Class Action & Mass Tort Services at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

2.      I am over 21 years of age and am not a party to this Action.  I am familiar with the facts set forth herein based on personal knowledge, as well as information that has been provided to me by my colleagues in the ordinary course of business at Angeion.

3.      The purpose of this declaration is to describe Angeion's background and qualifications to act as the Claims Administrator in the above captioned case.

**BACKGROUND & QUALIFICATIONS**

4.      Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than

1
DECLARATION OF BRETT WILMOT ON ANGEION GROUP, LLC
QUALIFICATIONS & PROPOSED NOTICE PLAN; CASE NO.  3:23-cv-05544-RFL

2,000 class action settlements and distributed over $15 billion to class members. The executive profiles as well as the company overview are available at www.angeiongroup.com.

5.    As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

6.    Angeion has extensive experience administering landmark settlements involving some of the world's most prominent companies, including:

**In re: Facebook, Inc Consumer Privacy User Profile Litigation**
Case No. 3:18-md-02843-VC (N.D. Cal.)
Meta agreed to pay $725 million to settle allegations that the social media company allowed third parties, including Cambridge Analytica, to access personal information. Angeion undertook an integrated in-app notification and media campaign to a class in the hundreds of millions of individuals and processed 28.6 million claims, the most claims filed in the history of class action. In fact, during the September 7, 2023 Final Approval Hearing, U.S. District Judge Chhabria acknowledged the record number of claims filed, stating, "I was kind of blown away by how many people made claims."

**In re Apple Inc. Device Performance Litigation**
Case No. 5:18-cv-02827-EJD (N.D. Cal.)
Apple agreed to pay $310 million to settle allegations of diminished performance in iPhone 6's and 7's. Angeion's direct notification efforts were recognized as reaching 99%+ of the current and former owners of 129 million class devices. Millions of claims were processed.

**City of Long Beach, et al. v. Monsanto, et al.**
Case No. 2:16-cv-03493-FMO-AS (C.D. Cal.)
Bayer agreed to pay $650 million to settle allegations of waterbodies impaired by PCBs. Angeion's notice administration was extraordinarily successful. The claims administration includes multiple complex claims filing workflows for different funding allocations, including separate fund for "special needs" claimants.

**Beckett v. Aetna Inc.**
Case No. 2:17-cv-03864-JS (E.D. Pa.)
A consolidated data breach class action that arose from the alleged improper disclosure of Protected Health Information by a health insurer and previous claims administrator, including confidential HIV-related information. Angeion provided specialized training to our support team concerning the sensitive nature of the case and underlying health information. Angeion implemented robust privacy protocols to communicate with and verify the claims of the affected class members, including anonymized notice packets and allowing claimants to lodge objections under pseudonyms.

7.     Angeion has extensive experience administering securities class action settlements. Notable recent securities settlements Angeion has administered or is administering include:

| Case Citation | Case No. | Court |
|---|---|---|
| Kormos v. Playtika Holding UK II Limited | 2023-0396 | Del. Ch. |
| In re: Applied Therapeutics Securities Litigation | 1:24-cv-09715 | S.D.N.Y. |
| In re: Inotiv Inc. Securities Litigation | 4:22-cv-00045 | N.D. Ind. |
| Continental General Insurance Company et al. v. Mallinckrodt plc, et al. | 3:23-cv-03662 | D. N.J. |
| Lokman v. Azure Power Global Ltd, et al | 1:22-cv-07432 | S.D.N.Y |
| D'Arcy v. Shmidman et al. | 1:21-cv-07296 | S.D.N.Y. |
| Altimeo Asset Management v. Qihoo 360 Technology Co Ltd. et al | 1:19-cv-10067 | S.D.N.Y. |
| LaFrano et al. v. loanDepot, Inc. et al. | 8:21-cv-01449 | C.D. Cal. |
| In re: Mammoth Energy Services, Inc. Securities Litigation | 5:19-cv-00522 | W.D. Okla. |
| Gruber v. Gilbertson et al. | 1:16-cv-09727 | S.D.N.Y. |
| Pelletier v. Endo International PLC, et al. | 2:17-cv-05114 | E.D. Pa. |
| Kuhne v. Gossamer Bio, Inc. | 3:20-cv-00649 | S.D. Cal. |
| Morris v Spectra Energy Partners | 2019-0097 | Del. Ch. |
| Tornetta v. Maffei, et al. | 2019-0649 | Del. Ch. |
| Blackrock Mortgage Ventures LLC et al. v. PennyMac Financial Services Inc. | 2018-0917 | Del. Ch. |
| In re: Tangoe, Inc. Stockholders Litigation | 2017-0650 | Del. Ch. |
| Vandevar v. American Renal Associates Holdings, Inc., et al. | 2:19-cv-09074 | D.N.J. |
| Wong v. Arlo Technologies Inc. et al. | 5:19-cv-00372 | N.D. Cal. |
| In re: Bristow Group Inc. Securities Litigation | 4:19-cv-00509 | S.D. Tex. |
| In re: Finisar Corporation Securities Litigation | 5:11-cv-01252 | N.D. Cal. |
| Tames v. Desarrolladora Homex et al. | 2:17-cv-01416 | E.D.N.Y. |
| Steamfitters Local 449 Pension Plan v. Molina Healthcare Inc. et al. | 2:18-cv-03579 | C.D. Cal. |

## NOTICE DESIGN QUALIFICATIONS

8.     Angeion specializes in designing, developing, analyzing, and implementing large-scale legal notification plans. Angeion's President and Chief Executive Officer, Steven Weisbrot, who will oversee the Notice design and plan in this Action on behalf of Angeion, is an internationally recognized class action notice expert.

9.     Mr. Weisbrot has been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. He has taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. He

is also the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and is a frequent speaker on notice issues at conferences throughout the United States and internationally.

10.    Mr. Weisbrot was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and is co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.  He has given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and has met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

11.    Mr. Weisbrot's work on class-wide notice comprises a wide range of class actions that includes consumer matters, securities, antitrust, data breach, mass disasters, product defect, false advertising, employment discrimination, tobacco, banking, firearm, insurance, and bankruptcy cases.  He has also been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized his work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as Exhibit A.

### DATA SECURITY & INSURANCE

12.    Angeion recognizes the critical need to secure our physical and network environments and protect data in our custody. It is our commitment to these matters that has made us the go-to notice and settlement administrator for many of the most prominent class action matters. We are ever improving upon our robust policies, procedures, and infrastructure by periodically updating data security policies as well as our approach to managing data security in response to changes to physical environment, new threats and risks, business circumstances, legal and policy implications, and evolving technical environments.

13.    Angeion's privacy practices are compliant with the California Consumer Privacy Act, as

currently drafted. Shareholder data obtained for the delivery of each project is used only for the purposes intended and agreed in advance by all contracted parties, including compliance with orders issued by State or Federal courts as appropriate. Angeion imposes additional data security measures for the protection of Personally Identifiable Information (PII) and Personal Health Information (PHI), including redaction, restricted network and physical access on a need-to-know basis, and network access tracking. Angeion requires background checks of all employees, requires background checks and ongoing compliance audits of its contractors, and enforces standard protocols for the rapid removal of physical and network access in the event of an employee or contractor termination.

14.     Data is transmitted using Transport Layer Security (TLS) 1.3 protocols. Network data is encrypted at rest with the government and financial institution standard of AES 256-bit encryption. We maintain an offline, air-gapped backup copy of all data, ensuring that projects can be administered without interruption.

15.     Further, our team conscientiously monitors the latest compliance requirements, such as GDPR, HIPAA, PCI DSS, and others, to ensure that our organization is meeting all necessary regulatory obligations as well as aligning to industry best practices and standards set forth by frameworks like CIS and NIST. Angeion is cognizant of the ever-evolving digital landscape and continually improves its security infrastructure and processes, including partnering with best-in-class security service providers. Angeion's robust policies and processes cover all aspects of information security to form part of an industry leading security and compliance program, which is regularly assessed by independent third parties. Angeion is also committed to a culture of security mindfulness. All employees routinely undergo cybersecurity training to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

16.     Angeion currently maintains a comprehensive insurance program, including sufficient Errors & Omissions coverage.

<div align="center">**SUMMARY OF THE NOTICE PLAN**</div>

17.     As described further below, the proposed notice plan provides for mailing and emailing postcard notices to potential Settlement Class Members who are identified using Angeion's

<div align="center">5</div>

proprietary database of known securities brokers, dealers, banks, and other third-party nominees, combined with the issuance of a national press release. Angeion has successfully utilized this extensive database in its administration of prior securities class actions. The notice plan also provides for the implementation of a dedicated website and toll-free telephone line where Settlement Class Members can learn more about their rights and options in the Settlement and file a proof of claim.

## CLASS DEFINITION

18.    The Settlement Class is defined as:  All persons and entities who purchased or otherwise acquired SunPower Corporation ("SunPower") common stock, or purchased or traded other SunPower securities, between May 3, 2023 and July 19, 2024, both dates inclusive ("Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of SunPower, at all relevant times; (iii) members of the Immediate Family of each of the Defendants; (iv) all subsidiaries and affiliates of SunPower and the directors and officers of such subsidiaries or affiliates; (v) all firms, trusts, corporations, and any other entity in which any of the Defendants has a controlling interest; and (vi(vi) the presiding Judge, their staff, and the immediate family members of the Judge and their staff; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

## NOTICE PLAN IMPLEMENTATION

19.    It is understood that Angeion will mail or email the Postcard Notice or Email Notice to any potential Settlement Class Members on the transfer agent list.  Typically, the transfer agent list will only have contact information for a small number of investors that hold their securities in their own names.

20.    As in most cases of this nature, the majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees ("Nominees") in the name of the nominee, on behalf of the beneficial purchaser. The names and addresses of these beneficial purchasers are known only to the Nominees.  Angeion maintains a proprietary database of approximately 4,200 known Nominees (the "Broker Database") to be used for notifying record

holders of securities. Angeion has a long-standing relationship with many of these Nominees, who routinely submit requests for securities class action notice to be sent to their clients.

21.    Pursuant to the Stipulation and the Proposed Preliminary Approval Order, Angeion will receive requests from Nominees to (i) send copies of the Postcard Notice to the Nominee for them to send directly to their clients who are potential Settlement Class Members; (ii) cause the Postcard Notice to be mailed via USPS first-class mail, or the Email Notice to be emailed, directly to the Nominee's clients whose contact information the Nominee provided to Angeion; or (iii) send a copy of the link to the Long Notice and Proof of Claim Form for them to email directly to their clients who are potential Settlement Class Members.

22.    In administering the notice plan, Angeion will employ the following best practices to increase the deliverability rate of the mailed Postcard Notices: (i) Angeion will cause the mailing address information for potential members of the Settlement Class to be updated utilizing the National Change of Address ("NCOA") database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS; (ii) Postcard Notices returned to Angeion by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS and the class member database will be updated accordingly; (iii) Postcard Notices returned to Angeion by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses. For any Settlement Class Members where a new address is identified through the skip trace process, the class member database will be updated with the new address information and a Postcard Notice will be re-mailed to that address.

23.    As part of the notice plan, Angeion will directly email the Email Notice to Settlement Class Members who have valid email addresses. Angeion follows best practices to both validate emails and increase deliverability. Specifically, prior to distributing the Email Notice, Angeion will subject the email addresses to a cleansing and validation process. The email addresses will then be subjected to an email validation process whereby each email address will be compared to known

bad email addresses.[1] Email addresses that are not designated as a known bad address will then be further verified by contacting the Internet Service Provider ("ISP") to determine if the email address exists.

24.     Further, Angeion designs email notice to avoid many common "red flags" that might otherwise cause an email recipient's spam filter to block or identify the Email Notice as spam. For example, Angeion does not include attachments like the Long Notice or Claim Form to the Email Notice, because attachments are often interpreted by various ISPs as spam.

25.     Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt. Therefore, once the initial noticing campaign is complete, Angeion will initiate a second round of email noticing to any email addresses that were previously identified as soft bounces and not delivered.  This will occur after an approximate 24- to 72-hour rest period, allowing any temporary block at the ISP level to expire. In our experience, this minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

26.     In addition, we also post the Long Notice on the Depository Trust Company's LENS system to notify member institutions of the settlement. LENS offers member banks and brokers access to a library of notices published by third party, public or private agents and agencies and security issuers, reporting information about eligible securities.

**PRESS RELEASE**

27.     Angeion and/or Lead Counsel will cause the Summary Notice to be distributed via press release over the general national circuit on *PR Newswire* to further diffuse news of the Settlement. This distribution will help garner "earned media" separate and apart from the direct notice efforts outlined herein which will lead to increased awareness and participation amongst members of the Settlement Class.

---

[1] Angeion maintains a database of email addresses that were returned as permanently undeliverable, commonly referred to as a hard bounce, from prior campaigns. Where an address has been returned as a hard bounce within the last year, that email is designated as a known bad email address.

8

**PUBLICATION NOTICE**

28.    The notice plan includes a one-time publication of the Summary Notice in *Investor's Business Daily* and contemplates a 1/8-page advertisement size.

**DEDICATED WEBSITE AND TOLL-FREE TELEPHONE SUPPORT**

29.    The notice plan will also implement the creation of a case-specific website, www.SunPowerSecuritiesSettlement.com, where Settlement Class Members can easily submit a claim or exclude themselves electronically, view general information about this Settlement, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement ("Settlement Website").  The Settlement Website will be designed to be user-friendly and make it easy for Settlement Class Members to find information about the case, including instructions on how to submit a Claim Form.  The Settlement Website will also have a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address.

30.    The Settlement Website will be designed to be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. Additionally, the Settlement Website will be designed to maximize search engine optimization through Google and other search engines. Keywords and natural language search terms will be included in the website's metadata to maximize search engine rankings.

31.    A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class Members of the rights and options in the Settlement.  The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement.  This hotline will be accessible 24 hours a day, 7 days a week.  Settlement Class Members can also speak with a live operator during normal business hours or leave a message to request that a Long Notice and Proof of Claim Form be mailed to them.

**EXPECTED CLAIM RATE AND ADMINISTRATION COSTS**

32.    Based on the trading volume of SunPower common stock during the Class Period, Angeion estimates that it will mail and email a total of 40,000 copies of the Postcard Notice and Email Notice to potential Settlement Class Members and Nominees. Based on Angeion's experience, we

expect approximately 10,000 claims to be submitted (equating to approximately 25% of the expected notice mailings).

33.     Based on Angeion's experience administering prior securities class action settlements, we estimate professional services fees and expenses to administer this matter will be approximately $120,500 excluding fees charged by Nominees for providing names and addresses of potential Settlement Class Members or for forwarding notice to their clients.

34.     It is my understanding that under the Court's Standing Order for Civil Cases (dated Nov. 5, 2025) that the proposed settlement administrator in a class action case must submit a declaration that (a) states whether they will receive any payments in connection with their administration of the settlement other than the fee described in the preliminary approval papers, including any payments from third-party vendors, (b) if so, describes those payments, (c) regardless whether they are receiving such payments in this case, states whether they have received such payments in the past in connection with other class action settlements, and (d) if so, describes the nature of those payments in the past and whether their practice has changed in accepting those payments.

35.     Angeion confirms that it will not receive any payments in connection with its administration of the settlement in the above-captioned matter other than the fee described in the preliminary approval papers.

36.     With regard to items (c) and (d), in certain prior cases Angeion has provided the presiding judges with information about Angeion's contractual relationships with vendors that pertained directly to the specific settlements pending before those courts, including vendors involved with the use of digital payment cards as an option of disbursing payment to settlement class members. The broad scope of the request for information in subparts (c) and (d) of the Standing Order, concerning arrangements applicable to other class action settlements, implicates ongoing litigation challenging agreements between settlement administrators and other third parties involved in the administration of class action and mass tort settlements. The Judicial Panel on Multidistrict Litigation has recently coordinated the litigations before the Judge John D. Bates in the District Court for the District of Columbia. *See In re Class Action Settlement Admin. Litig.* – MDL No. 3162, No. 1:25-mc-00179-JDB (D.D.C.), Dkt. No. 1. Angeion believes it has acted properly, denies that it has committed any wrongdoing, and looks forward to defending itself in the context

of that litigation. In light of the overlap between the subject matter of the information request in subparts (c) and (d) of the Standing Order for Civil Cases and the litigation pending before Judge Bates, and the fact that Angeion will receive no payments in connection with its administration of the settlement in this case other than the fee described in the preliminary approval papers, Angeion respectfully requests to be relieved of the disclosure obligation reflected in subparts (c) and (d) of the Standing Order for Civil Cases.

## **CONCLUSION**

37. The notice plan outlined above includes direct notice to all reasonably identifiable potential Settlement Class Members, coupled with a national press release and publication notice to further disseminate notice of the Settlement, and the implementation of a dedicated Settlement Website and toll-free hotline to further inform Settlement Class Members of their rights and options pursuant to the terms of the Settlement.

38. After the notice plan has concluded, Angeion will provide a final report verifying its effective implementation.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated: ~~January 9~~February 10, 2026

/s/ Brett Wilmot
BRETT WILMOT

> **Formatted:** Font: Italic

DECLARATION OF BRETT WILMOT ON ANGEION GROUP, LLC
QUALIFICATIONS & PROPOSED NOTICE PLAN; CASE NO.  3:23-cv-05544-RFL