**Pages 1 - 6**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Rita F. Lin, Judge


IN RE SUNPOWER CORPORATION          )
SECURITIES LITIGATION,              )NO. C 23-05544 RFL
_____ )


                         San Francisco, California
                         Tuesday, February 24, 2026

                    **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
                    POMERANTZ LLP
                    600 Third Avenue - 20th Floor
                    New York, New York  10016
                BY:  **SAMANTHA DANIELS, ATTORNEY AT LAW**


For Defendants:
                    WILSON SONSINI GOODRICH & ROSATI
                    31 West 52nd Street
                    New York, New York  10019
                BY:  **JOHN I. KARIN, ATTORNEY AT LAW**




Remotely Reported:  Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
                    U.S. District Court - Official Reporter

**Tuesday - February 24, 2026**                                    **2:33 p.m.**

**P R O C E E D I N G S**

**---000---**

THE CLERK:  This court is now in session.  The Honorable Rita F. Lin is presiding.

Calling civil action 23-5544, In Re: SunPower Corporation Securities Litigation.

Counsel, please state your appearances for the record beginning with Counsel for Plaintiffs.

MS. DANIELS:  Samantha Daniels of Pomerantz LLP for Plaintiffs.

MR. KARIN:  John Karin of Wilson Sonsini for the Defendants.

THE COURT:  Good afternoon to both of you.  Thanks for the preliminary approval papers, which were very thorough, and I appreciate the updated supplemental materials that were provided as well.

My tentative is to approve the settlement as fair, reasonable and adequate.  Obviously Plaintiffs make troubling allegations about the alleged issuance of false and misleading statements regarding SunPower's financial health, its compliance with financial confidence, and its ability to meet its financial obligations; but there are questions about whether and to what extent claims would be viable at a later stage of the case.

I already granted in part and denied in part a motion to dismiss.  So, there's only one alleged misstatement that was held actionable prior to Plaintiffs' attempt to amend.

And as Plaintiffs acknowledge in their motion for preliminary approval, the Defendants have plenty of counterarguments against the additional statements that would be added; and there are significant risks through motion to dismiss, class certification, summary judgment and trial, all of which pose issues of uncertainty and delay.

Class Counsel is experienced.  I think the settlement does appear to me to be reached with the assistance of an experienced mediator.  It does not appear to be collusive.

Plaintiffs and Class Counsel adequately represent as a settlement class.  It is an $11 million non-reversionary fund. Settlement class members are entitled to distribution based on their loss as calculated under a formula that seems reasonable to me and is grounded in the facts.

The total potential damages according to the supplemental submission would be somewhere between 50 and 80 million depending on the method of calculation.  So, I think an $11 million settlement is entirely appropriate and actually a great result for the class.

The scope of the release is reasonable.  It is narrower than the maximum scope provided.  It leaves out the derivative claims.

The proposed notice looks to me like the best practicable notice.  It is reasonably calculated to apprise class members of the settlement and their rights.

We have got e-mail notice, physical mail notice, business notice, press release and a dedicated website.  I like that plan to make sure that you have valid e-mail addresses and to also validate the claims by making sure documentation is being submitted.  I think it is a reasonable requirement while at the same time making sure that we have the right folks that we are paying out to.

Class meets the Rule 23 requirements.  Numerosity, obviously this is millions of shares during the class period. Commonality, there are lots of common issues including whether the alleged misstatements were, in fact, material misrepresentations and whether they impacted the price of the stock and options.

The named Plaintiffs have claims that appear typical, all arising from the alleged misstatements and their impact.

There is no indication of conflict of interest between the named Plaintiffs and settlement class members, and the named Plaintiffs have acted vigorously as to their claims.  And for the same reason, the new Plaintiffs appear adequate to me.

Rule 23 requirements for predominance and superiority are met too.  The alleged misrepresentations and their impact is obviously an issue that is going to be key in the case and

predominates across the class.

With respect to superiority, if this is -- obviously the presumption of a reliance on a sufficient market combined with the common core of facts makes this a superior way to litigate the case as in most securities fraud cases.

Class Counsel satisfied the Rule 23 requirements.  They are experienced securities litigators and experienced class action litigators.

Angeion is an experienced administrator for this type of settlement.  Expenses and fees estimated appear reasonable to me.

I want to give the Plaintiffs' Counsel a heads-up that I typically do have a holdback of fees until after the distribution accounting.  It is 10 percent.  And just in light of the stage of the case, I am thinking about 25 percent being even the -- that we are still really at the pleading stage. But if you think there is something unusual you think I should know, I'm open to hearing that in the attorneys' fees application.  I wanted to give you a heads-up about it.

So, that's my tentative.  I'm open to hearing the parties. I imagine neither party has an objection to it, but I'm open to hearing from the parties if there's anything else you think I should know or be considering in this.  I will start with Plaintiffs.

MS. DANIELS:  Nothing from our side.  Thank you,

Your Honor.

THE COURT: And for Defendant?

MR. KARIN: Nothing from our side either, Your Honor. Thank you.

THE COURT: Great. Thank you. I am going to approve the settlement for the reasons I said, and we will issue a written order shortly. Is there anything else we should address?

MR. KARIN: Not from Defendants.

MS. DANIELS: Nothing.

THE COURT: Great. We will put that out shortly, and it will schedule the final approval hearing as well. Thank you. Be well.

MS. DANIELS: Thank you.

MR. KARIN: Thank you.

(Proceedings adjourned at 2:40 p.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    March 8, 2026

_Marla Knox_
_____

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter